Christopher S. Morris, Esq., SBN 163188
cmorris@morrislawfirmapc.com
Jacob A. Gillick, Esq. 312336
jgillick@morrislawfirmapc.com
MORRIS LAW FIRM, APC
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065

Attorneys for Defendants Zeetogroup, LLC, Samples.com, LLC, and Cross-Defendant/Cross-Complainant Tibrio, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V.,<br><br>Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>Defendants,<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>Cross-Complainants,<br><br>v.<br><br>GLOBAL VENTU HOLDING B.V., ALEX ANDEBEEK, an individual, and ROES 1 through 50, inclusive<br><br>Cross-Defendant. | Case No. 19cv1018 DMS LL<br><br>**ANSWER OF DEFENDANTS ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC TO COMPLAINT FOR:**<br><br>**(1) Breach of Revenue Share Agreement**<br>**(2) Breach of Publisher Services Agreement**<br>**(3) Violation of the California Uniform Trade Secrets Act (Cal. Civ. Code § 3426 *et seq.*)**<br>**(4) Violation of Defend Trade Secrets Act (18 U.S.C. § 1836 *et seq.*)**<br>**(5) Unfair Competition (Cal. Bus. & Pref. Code § 17200 *et seq.*)**<br><br>Dept: 13A<br>Judge: Hon. Dana M. Sabraw |

1. In responding to paragraph 1 of the Complaint herein, Defendants lack sufficient knowledge to admit or deny the allegations.

2. In responding to paragraph 2 of the Complaint herein, Defendants deny that Samples is a Delaware limited liability company with its principal place of business in San Diego, California. Defendants deny that information is not publicly available. Defendants deny that Samples is a citizen of a State within the United States. Defendants deny that Samples operates www.samples.com and www.getitfree.us.

3. In responding to paragraph 3 of the Complaint herein, Defendants admit that Tibrio is a Delaware limited liability company. Defendants deny that its principal place of business is in New York City, New York. Defendants deny that membership information is not publicly available. Defendants admit that Tibrio is a citizen of a State within the United States. Defendants admit that Samples had been rebranded to Tibrio and that Tibrio has succeeded to Samples' contractual and other legal obligations.

4. In responding to paragraph 4 of the Complaint herein, Defendants admit that ZeetoGroup, LLC is a Delaware limited liability company with its principal place of business in San Diego, California. Defendants deny that information is not publicly available. Defendants admit that Zeeto is a citizen of a State within the United States. Defendants deny that ZeetoGroup owns and controls Samples and is functionally the parent company of Samples.

5. In responding to paragraph 5 of the Complaint herein, Defendants admit that venue and jurisdiction are proper.

6. In responding to paragraph 6 of the Complaint herein, Defendants admit that venue and jurisdiction are proper.

7. In responding to paragraph 7 of the Complaint herein, Defendants admit that venue and jurisdiction are proper.

///

2
ANSWER TO COMPLAINT                              19cv1018 DMS LL

8. In responding to paragraph 8 of the Complaint herein, Defendants admit that Global Ventu was hired for its expertise in exchange for consideration of a fixed commission.

9. In responding to paragraph 9 of the Complaint herein, Defendants admit all facts surrounding the wording and execution of the PSA.

10. In responding to paragraph 10 of the Complaint herein, Defendants admit all facts surrounding the wording and execution of the RSA.

11. In responding to paragraph 11 of the Complaint herein, Defendants admit the wording of the RSA.

12. In responding to paragraph 12 of the Complaint herein, Defendants admit the wording and terms of the RSA.

13. In responding to paragraph 13 of the Complaint herein, Defendants deny that only a material breach is grounds for termination. Defendants admit the remainder of allegations regarding the quoted wording of the RSA.

14. In responding to paragraph 14 of the Complaint herein, Defendants admit that Global Ventu performed its obligations and provided value to Samples. Defendants deny that Global Ventu created all of its own advertising content, including text, images, and videos, which were posted on the Facebook Account. Defendants lack sufficient knowledge to either admit or deny that the use of tracking pixels helped Global Ventu build a profile of the audience of users that responded well to Facebook campaigns, and then used that data to optimize the targeting of its ads. Defendants lack sufficient knowledge to either admit or deny that Global Ventu's methods helped generate more than $10 million in revenue over two years.

15. In responding to paragraph 15 of the Complaint herein, Defendants deny the allegations.

16. In responding to paragraph 16 of the Complaint herein, Defendants deny that Josh Ogle left the company. Defendants admit that Josh Ogle was

3

replaced by Stephan Goss, who was also CEO of ZeetoGroup. Defendants lack sufficient knowledge to either admit or deny that on November 12, 2018, Samples informed Global Ventu that it was switching its backend technology to Zan, which had been developed by ZeetoGroup. Defendants deny that testing showed that ZeetoGroup's software performed far worse than the software the parties had been using, and this transition would have resulted in a significant drop in revenue for Global Ventu. Defendants also lack sufficient knowledge to admit or deny that a Samples representative acknowledged to Global Ventu that the performance of ZAN was "shitty."

17. In responding to paragraph 17 of the Complaint herein, Defendants deny that Global Ventu sought to negotiate an increased revenue share until such time as problems with the software were worked out. Defendants admit that they told Global Ventu that if they did not accept a new offer, the Facebook management would be taken "in house." Defendants admit that Global Ventu reminded them of the voluum links.

18. In responding to paragraph 18 of the Complaint herein, Defendants lack sufficient knowledge to admit or deny that Global Ventu was immediately locked out of the Facebook Account. Defendants admit that Global Ventu declined what Samples said was its best and final offer. Defendants deny that the RSA had not yet been terminated and that Samples was required to give two-days' notice. Defendants deny that the lockout was improper and in violation of the RSA. Defendants also deny that Global Ventu could have removed any ad content and proprietary tracking information from Facebook.

19. In responding to paragraph 19 of the Complaint herein, Defendants admit the wording of the November 21, 2018, letter. Defendants deny that they violated the RSA. Defendants lack sufficient knowledge to either admit or deny that Global Ventu's access to the Facebook account had been terminated days earlier.

20. In responding to paragraph 20 of the Complaint herein, Defendants deny the allegations.

21. In responding to paragraph 21 of the Complaint herein, Defendants deny the allegations.

22. In responding to paragraph 22 of the Complaint herein, Defendants deny the allegations.

23. In responding to paragraph 23 of the Complaint herein, Defendants deny the allegations.

24. In responding to paragraph 24 of the Complaint herein, Defendants deny the allegations.

25. In responding to paragraph 25 of the Complaint herein, Defendants lack sufficient information to either admit or deny the allegations.

26. In responding to paragraph 26 of the Complaint herein, Defendants admit the allegations.

27. In responding to paragraph 27 of the Complaint herein, Defendants admit the allegations.

28. In responding to paragraph 28 of the Complaint herein, Defendants admit the wording of the RSA.

29. In responding to paragraph 29 of the Complaint herein, Defendants deny the allegations.

30. In responding to paragraph 30 of the Complaint herein, Defendants lack sufficient knowledge to either admit or deny the allegations.

31. In responding to paragraph 31 of the Complaint herein, Defendants lack sufficient knowledge to either admit or deny the allegations.

32. In responding to paragraph 32 of the Complaint herein, Defendants admit the date of the PSA.

33. In responding to paragraph 33 of the Complaint herein, Defendants admit the allegations.

34. In responding to paragraph 34 of the Complaint herein, Defendants admit the quoted wording of the PSA. Defendants deny all remaining allegations.

35. In responding to paragraph 35 of the Complaint herein, Defendants lack sufficient knowledge to either admit or deny the allegations.

36. In responding to paragraph 36 of the Complaint herein, Defendants lack sufficient knowledge to either admit or deny the allegations.

37. In responding to paragraph 37 of the Complaint herein, Defendants lack sufficient knowledge to either admit or deny the allegations.

38. In responding to paragraph 38 of the Complaint herein, Defendants lack sufficient knowledge to either admit or deny the allegations.

39. In responding to paragraph 39 of the Complaint herein, Defendants lack sufficient knowledge to either admit or deny what efforts Global Ventu undertook to maintain the secrecy of information. Defendants deny the remaining allegations.

40. In responding to paragraph 40 of the Complaint herein, Defendants deny the allegations.

41. In responding to paragraph 41 of the Complaint herein, Defendants lack sufficient knowledge of Global Ventu's loss. Defendants deny the remaining allegations.

42. In responding to paragraph 42 of the Complaint herein, Defendants lack sufficient knowledge to admit or deny the allegations.

43. In responding to paragraph 43 of the Complaint herein, Defendants lack sufficient knowledge to admit or deny the allegations.

44. In responding to paragraph 44 of the Complaint herein, Defendants lack sufficient knowledge to admit or deny the allegations.

45. In responding to paragraph 45 of the Complaint herein, Defendants lack sufficient knowledge to admit or deny the allegations.

///

46. In responding to paragraph 46 of the Complaint herein, Defendants lack sufficient knowledge to either admit or deny what efforts Global Ventu undertook to maintain the secrecy of information. Defendants deny the remaining allegations.

47. In responding to paragraph 47 of the Complaint herein, Defendants deny the allegations.

48. In responding to paragraph 48 of the Complaint herein, Defendants lack sufficient knowledge of Global Ventu's loss. Defendants deny the remaining allegations.

49. In responding to paragraph 49 of the Complaint herein, Defendants lack sufficient knowledge to admit or deny the allegations.

50. In responding to paragraph 50 of the Complaint herein, Defendants deny the allegations.

51. In responding to paragraph 51 of the Complaint herein, Defendants lack sufficient knowledge to either admit or deny the allegations regarding losses. Defendants deny the remaining allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. <u>Failure to State a Cause of Action</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendants are informed and believe, and thereon allege, that the Complaint and each and every purported cause of action therein, fails to state facts or other allegations sufficient to constitute any cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

2. <u>Lack of Good Faith.</u> As a separate and distinct affirmative defense to the Complaint on file herein, Defendants are informed and believe, and thereon allege, that the Complaint filed by Plaintiff was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the

7

ANSWER TO COMPLAINT                                                    19cv1018 DMS LL

facts and the law which warranted the filing of the Complaint against Defendant, and that Plaintiff should, therefore be responsible for all of Plaintiff's necessary and reasonable defense costs, including attorney's fees, as more particularly set forth in California Code of Civil Procedure section 1038 and/or section 128.7.

### THIRD AFFIRMATIVE DEFENSE

3. <u>Comparative Negligence/Fault</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendants are informed and believe, and thereon allege, that at all times mentioned herein Plaintiff was negligent, careless, reckless, and unlawfully conducted itself as to directly and proximately contribute to the happening of the incident and the occurrence of claimed damages, all of which said negligence bars either completely or partially the damages sought herein.

### FOURTH AFFIRMATIVE DEFENSE

4. <u>Unjust Enrichment</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendants are informed and believe, and thereon allege, that if Plaintiff is allowed recovery on the basis of the Complaint, Defendants will be unjustly enriched at Defendants' expense.

### FIFTH AFFIRMATIVE DEFENSE

5. <u>Estoppel</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendants are informed and believe, and thereon allege, that Plaintiff has engaged in conduct and activities with respect to the promissory notes and occurrences which are the subject of the Complaint and, by reason of these activities, has prejudiced Defendants such that Defendants are estopped from asserting any claim for damages or seeking any other relief against Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

6. <u>Unclean Hands</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendants allege that Plaintiff's claims are barred in whole or part by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

7. <u>Excuse</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendants allege, without admitting the truth of any of the allegations in the Complaint, and specifically denying the same. Defendants are informed and believe, and thereupon allege, that to the extent that Plaintiff alleges any breach, default, or failure to perform on the part of the Defendants under any agreement between the parties, or otherwise, the fact of which is expressly denied, then such breach, default, or failure to perform was legally excused and discharged for reasons including but not limited to the material breach, default, or failure to perform on the party of the Plaintiff under such agreement, or otherwise.

**EIGHTH AFFIRMATIVE DEFENSE**

8. <u>Laches</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendants allege that Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

9. <u>Punitive Damages are Barred</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendants allege Plaintiff's claim for punitive damages are barred because the facts as stated do not support a finding of malicious, oppressive, or fraudulent conduct.

**TENTH AFFIRMATIVE DEFENSE**

10. <u>Punitive Damages are Barred on Procedural Grounds</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendants allege Plaintiff's claim for punitive damages are barred because the applicable law provides insufficient procedural safeguards for an award of such damages and therefore violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and Section 7 and 16 of Article 1 of the Constitution of the State of California.

/ / /

**ELEVENTH AFFIRMATIVE DEFENSE**

11. <u>Willful Misconduct</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendants allege that the damages complained by Plaintiff, if any, were solely caused by the willful acts of the Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

12. <u>Abuse of Process</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff's claims against Defendants are barred due to the abuse of process.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. <u>Malicious Prosecution</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendants allege Plaintiff's claims against Defendants are barred because Plaintiff has no facts to support the claims made against Defendants. Plaintiff's prosecution of Defendants is malicious.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. <u>Statute of Limitations</u>. As a separate and distinct affirmative defense to the Complaint on file herein. Defendants are informed and believe, and thereon allege, that the causes of action set forth in the Complaint are barred by the statute of limitations, including but not limited to, sections 337, 337.1, 337.15, 338, 339 340, 343, and 359 of the California Code of Civil Procedure.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. <u>Waiver</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendants are informed and believe, and thereon allege, that the Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, negligence, or any other conduct, if any, set forth in the Complaint.

///
///
///

### SIXTEENTH AFFIRMATIVE DEFENSE

16. <u>Truth</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendants are informed and believe, and thereon allege, that the statements alleged in the Complaint are not false.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. <u>Failure of Condition Precedent</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff is barred from recovery because they failed to perform the condition precedent upon which the promise was made.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. <u>Prior Breach</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff breached its promise at issue in a material way prior to the alleged conduct by Defendants. A party to an existing valid and enforceable contract/promise cannot enforce that contract/promise if that party itself breached in a material way.

### NINETEENTH AFFIRMATIVE DEFENSE

19. <u>Fraud</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff fraudulently, by misrepresentation of material facts, convinced Defendants to enter into a contract/promise. Due to this fraudulent misrepresentation of material fact, Plaintiff cannot enforce or benefit from the gains of the contact/promise.

### TWENTIETH AFFIRMATIVE DEFENSE

20. <u>No Causation</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that if Plaintiff has suffered any loss, damage, or injury, which is expressly denied, such loss, damage, or injury was not caused, either legally or proximately, by any act or omission of these answering Defendants.

///

///

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. <u>Failure to Mitigate</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff has failed to exercise reasonable care and diligence to avoid and minimize damages, and may not recover for losses that could have been prevented by reasonable efforts on Plaintiff's part.  Therefore, Plaintiff's recovery, if any, should be reduced by the amount of damages that could or should have been mitigated or avoided.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. <u>Uncertainty</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendants allege that the causes of action in said Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claims for damages against these answering Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. <u>Intervening, Supervising, and Superseding Cause</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, injuries and damages of Plaintiff were legally caused or contributed to by the acts of other persons and/or other entities.  Said act were intervening, supervising, and superseding causes of the injuries and damages, if any, of which Plaintiffs complain, thus barring Plaintiff from recovering against these answering Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. <u>Contribution</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendants allege that the damages suffered by Plaintiff, if any, were the direct and proximate result of the negligence of the parties, persons, corporations, and/or entities other than these answering Defendants, and the liability of these answering Defendants, if any, is limited in direct proportion to the percentage of fault actually attributable to these answering Defendants in accordance with Civil Code section 1431.2(a).

///

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. <u>Code of Civil Procedure Section 128.7</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendants allege that the Complaint is unsupported by law or fact and was filed in bad faith and solely for the purpose of harassing and annoying these answering Defendants. Therefore, these answering Defendants are entitled to recover their reasonable expenses, including attorney fees, incurred by them in defending this action, pursuant to Code of Civil Procedure 128.7, and/or any other similar laws.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. <u>Mistake of Fact</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendants allege that the causes of action in said Complaint, and each of them, are due to a genuine mistake of fact. Plaintiff should accordingly be barred from recover against these answering Defendants by mistake of fact defense.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. <u>Assumption of Risk</u>. As a separate and distinct affirmative defense to the Complaint on file herein, these answering Defendants are informed and believe and thereon allege that at all times alleged in the Complaint, Plaintiff knew of the alleged behavior and Plaintiff voluntarily assumed the risk and this assumption of said risk was the proximate cause of the alleged injuries and damages to Plaintiff. Plaintiff had actual knowledge of the particular danger; knew and understood the degree of risk involved, and thereafter, voluntarily assumed such risk. Plaintiff, therefore, are barred from asserting any right to relief under their Complaint or any right to relief under any purported cause or causes of action based on this voluntary assumption of risk.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. <u>Additional Defenses.</u> As a separate and distinct affirmative defense to the Complaint on file herein, Defendants presently have insufficient knowledge or

information upon which to form a belief as to whether they may have additional, yet unasserted, affirmative defenses. Defendants, therefore, reserve their right to assert additional affirmative defenses in the event additional investigation and/or discovery indicates it would be appropriate.

## JURY DEMAND

29. Defendants hereby demand a jury trial.

**MORRIS LAW FIRM, APC**

Dated: December 30, 2019

*s/ Christopher S. Morris*
Christopher S. Morris, Esq.
cmorris@morrislawfirmapc.com
Jacob A. Gillick, Esq.
jgillick@morrislawfirmapc.com
Attorneys for Defendants Zeetogroup, LLC, Samples.com, LLC, and Cross-Defendant/Cross-Complainant Tibrio, LLC