Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
David G. Greco (SBN 299635)
grecod@rmolawyers.com

**RMO LLP**
2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff and Cross-Defendant
GLOBAL VENTU HOLDING B.V.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V., <br><br> Plaintiff, <br><br> v. <br><br> ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC, <br><br> Defendants. | CASE NO.: 3:19-cv-01018-DMS-LL <br><br> **NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-DEFENDANT GLOBAL VENTU B.V.'S MOTION TO DISMISS CROSS-COMPLAINANTS' THIRD, FOURTH, AND SIXTH CAUSES OF ACTION** |
| ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC, <br><br> Cross-complainants, <br><br> v. <br><br> GLOBAL VENTU HOLDING B.V.; ALEX ANDEBEEK, an individual; and DOES 1 through 50, inclusive <br><br> Cross-defendants. | Date: February 21, 2020 <br> Time: 1:30 p.m. <br> Courtroom: 13A <br><br> Trial: N/A <br> Case Filed: May 31, 2019 <br><br> **Hon. Dana M. Sabraw** |

| | |
|---|---|
| 1 | TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD: |
| 2 | PLEASE TAKE NOTICE that on February 21, 2020, at 1:30 p.m., or as soon |

 1   TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

 2   PLEASE TAKE NOTICE that on February 21, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 13A of the above-entitled Court, located at 333 West Broadway, San Diego, CA 92101, Cross-defendant Global Ventu Holding B.V. will move the Court for an order pursuant to FED. R. CIV. P. 12(b)(6) to dismiss the following claims for relief in the Cross-complaint: (1) the third cause of action for intentional interference with prospective economic advantage, the (2) fourth cause of action for unfair business practices under Cal. Bus. & Prof. Code § 17200 *et seq.*, and (3) the sixth cause of action for "injunctive relief."

This motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, the records and pleadings on file herein, and on such other evidence as may be presented.

This motion is made following the conference of counsel on January 14, 2020.

Dated: January 21, 2020          **RMO LLP**

*/s/ David Greco*
David Greco

Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
David G. Greco (SBN 299635)
grecod@rmolawyers.com

2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff and Cross-defendant GLOBAL VENTU HOLDING B.V.

1
NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-DEFENDANT GLOBAL VENTU B.V.'S MOTION TO DISMISS CROSS-COMPLAINANTS' THIRD, FOURTH,
19-CV-1018 DMS LL

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that on February 21, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 13A of the above-entitled Court, located at 333 West Broadway, San Diego, CA 92101, Cross-defendant Global Ventu Holding B.V. will move the Court for an order pursuant to FED. R. CIV. P. 12(b)(6) to dismiss the following claims for relief in the Cross-complaint: (1) the third cause of action for intentional interference with prospective economic advantage, the (2) fourth cause of action for unfair business practices under Cal. Bus. & Prof. Code § 17200 *et seq.*, and (3) the sixth cause of action for "injunctive relief."

This motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, the records and pleadings on file herein, and on such other evidence as may be presented.

This motion is made following the conference of counsel on January 14, 2020.

Dated: January 21, 2020          **RMO LLP**

*/s/ David Greco*
David Greco

Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
David G. Greco (SBN 299635)
grecod@rmolawyers.com

2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff and Cross-defendant GLOBAL VENTU HOLDING B.V.

# I. INTRODUCTION

Cross-complainants allege that Cross-defendants Global Ventu Holding B.V. and Alex Andebeek misappropriated Cross-complainants' trade secrets and breached a contract governing the parties' relationship. Cross-defendant Global Ventu now moves to dismiss the third, fourth, and sixth causes of action from the cross-complaint.[1]

The third, fourth, and sixth causes of action are all preempted by California's trade secret law. That law prohibits tort claims based on the same facts as a trade secret misappropriation claim, with certain exceptions not applicable to this motion.

Further, the third cause of action—for intentional interference with prospective economic advantage—is facially defective because it does not allege the third party with whom Cross-complainants allegedly had an economic relationship. The third cause of action is also implausible because it claims that Cross-defendants knew of and interfered with Cross-complainants' potential relationships with the 2.4 billion people who currently use Facebook.

Last, the sixth cause of action—for "injunctive relief"—should be dismissed because no separate cause of action for injunctive relief exists. The Court should dismiss the third, fourth, and sixth causes of action from the cross-claim.

# II. ALLEGATIONS

The parties entered into two contracts for Cross-defendants to perform advertising services for Cross-complainants. (Doc. 24, Cross-complaint, at ¶¶ 33, 36-37.) The contracts contained clauses that prevented each party from misusing the other party's confidential information. (*Id.* at ¶¶ 38-39.) The relationship broke down after a few years, and the parties stopped working together. (*Id.* ¶¶ 41-43.)

Cross-defendants then allegedly used "past campaigns, images, content, bidding strategies, and advertising methodologies" developed by Cross-

---

[1] Cross-Defendant Alex Andebeek was not a party to this case before the Cross-complaint was filed. He has not been served, and this motion does not refer to him. (*Cf.* Doc. No. 26, Summons.)

complainants, without authorization. (*Id.* at ¶¶ 50; *see id.* at 44-48.) In part, Cross-defendants allegedly used this information to interfere "with the economic relationships between Tibrio and different vendors and customers of Tibrio . . . ." (Doc. 24 at ¶ 67.)

Plaintiff / Cross-defendant Global Ventu filed a complaint against Defendants / Cross-complainants. Global Ventu's complaint alleges the breach of two contracts and trade secret misappropriation. (Doc. 14 at 1.) Defendants / Cross-complainants unsuccessfully moved to dismiss Global Ventu's complaint. (Doc. No. 21.)

Defendants / Cross-complainants then filed a cross-complaint for: (1) misappropriation of trade secrets under California law; (2) misappropriation of trade secrets under Federal law; (3) intentional interference with prospective economic relations; (4) unfair, unlawful, and fraudulent business practices; (5) breach of contract; and (6) a cause of action for injunctive relief. The cross-complaint adds to the lawsuit Alex Andebeek, an officer of Global Ventu B.V.

## III. STANDARD

Any claims for relief must be "facially plausible" to withstand a motion to dismiss. *Shroyer v. New Cingular Wireless Solutions, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Under FED. R. CIV. PROC. 12(b)(6), dismissal is appropriate when the complaint fails to state a cognizable legal theory or fails to allege facts sufficient to support the causes of action pled. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2019); *Seismic Reservoir 2020 Inc. v. Paulson*, 785 F.3d 330, 335 (9th Cir. 2015).

## IV. ARGUMENT

**A. The Court should dismiss the third, fourth, and sixth causes of action because they are preempted by California's trade secret law.**

California's trade secret law preempts claims that rest on the "same factual basis" as a claim brought under that law. *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.*, 171 Cal. App. 4th 939, 961 (2009). The only

exceptions are "contractual remedies, whether or not based on misappropriation of a trade secret," "other civil remedies *that are not* based on misappropriation of a trade secret," and "criminal remedies." CAL. CIV. CODE § 3426.7(a), (b) (emphasis added). This rule originates from the Legislature's "intent to occupy the field" of trade secret disputes. *K.C. Multimedia*, 171 Cal. App. 4th at 957.

In *K.C. Multimedia*, the California Court of Appeal dismissed claims for "breach of confidence," "interference with contract," and "unfair competition" under CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200. *Id.* at 960-62. It did so because those claims rested on the same facts as the pleading party's claim under California's trade secret law. *Id.*

The court should do the same here, and dismiss Cross-complainant's: third cause of action for intentional interference with economic relations (Doc. 24 at ¶¶ 66-70); fourth cause of action for unfair business practices (*id.* at ¶¶ 71-77); and sixth cause of action for injunctive relief (*id.* at ¶¶ 82-90). Each of those claims originate solely from the allegation that Cross-defendants allegedly misappropriated Cross-complainant's online advertising materials and strategies. (*Id.* ¶¶ 35-40, 44-48). These claims should be dismissed.

**B.     The third cause of action should be dismissed because it is facially defective and implausible.**

To state a claim for intentional interference with prospective economic relations, the pleading party must show that the defendant and a third party were in an economic relationship that probably would have resulted in an economic benefit to the pleading party. *See Morley v. Smith*, 309 Fed. Appx. 103, 105 (9th Cir. 2009) (affirming summary judgment in defendant's favor because evidence did not prove that defendant knew of plaintiff's relationship with third party); CACI 2022.

Here, Cross-complainants allege that Cross-defendants "intentionally interfered with the economic relationships between Tibrio and different vendors and customers of Tibrio . . . ." (Doc. 24 at ¶ 67.) Cross-complainants tellingly do not

identify who these "different vendors and customers" are. This is fatal to Cross-complainants' claim because they have not sufficiently alleged that a relationship existed, let alone that Cross-defendants knew the identities of these customers and vendors.

Further, the third cause of action is implausible because it relies on the Cross-complainants' potential economic relationship with 2.4 billion different people. As Cross-complainants admit, Facebook has approximately 2.4 billion users. (Doc. 24 at ¶ 1.) They also admit that this dispute centers on running "Facebook ads and pages" that target those users. *Id.* ¶ 1-2, *id.* ¶ 30 (discussing that parties "locate the proper demographic," that Facebook posts the advertisement, and that Facebook tracks "the consumers who click the advertisement."). It is implausible to allege that Cross-defendants knew of the potential economic relationship that Cross-complainants had with over 2.4 billion people—if any entity did, it would be Facebook. (Doc. 24 at 30.) Additionally, Cross-complainants cannot plausibly allege that they were guaranteed to enter an economic relationship with any one of the 2.4 billion persons who were exposed to its advertisements—just because a person is exposed to an ad does not mean they will engage or purchase. The third cause of action should be dismissed.

**C. The sixth cause of action should be dismissed, because "injunctive relief" is not its own cause of action.**

There "is no cause of action for injunctive relief because an injunction is not a separate cause of action, but an equitable remedy." *Chan v. Chancelor*, 2011 WL 5914623, at *6 (S.D. Cal. Nov. 28, 2011); *see Cox Commc'ns PCS, L.P. v. City of San Marcos,* 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002). Cross-complainants' sixth cause of action should thus be dismissed. (*See* Doc. 24 at ¶¶ 82-90.)

/ / /

# V. CONCLUSION

For the reasons stated above, the Court should dismiss the third, fourth, and sixth causes of action.

Dated: January 21, 2020  **RMO LLP**

*/s/ David Greco*
David Greco

Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
David G. Greco (SBN 299635)
grecod@rmolawyers.com

2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff and Cross-defendant GLOBAL VENTU HOLDING B.V.