Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
David G. Greco (SBN 299635)
grecod@rmolawyers.com
Jessica C. Covington (SBN 301816)
covingtonj@rmolawyers.com
service@rmolawyers.com
**RMO LLP**
2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff and Cross-defendant
GLOBAL VENTU HOLDING B.V.
and Cross-defendant
ALEX ANDEBEEK

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V., | CASE NO.: 3:19-cv-01018-DMS-LL |
| Plaintiff, | **CROSS-DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CROSS-COMPLAINANTS' FIRST AMENDED CROSS-CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC, | Date: March 27, 2020 |
| Defendants. | Time: 1:30 p.m. |
| | Courtroom: 13A |
| ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC, | Trial: N/A |
| Cross-complainants, | Case Filed: May 31, 2019 |
| v. | **Hon. Dana M. Sabraw** |
| GLOBAL VENTU HOLDING B.V.; ALEX ANDEBEEK, an individual; and ROES 1 through 50, inclusive | |
| Cross-defendants. | |

# NOTICE

This is notice that that on the below date and time, and the below date and location Cross-defendants Global Ventu Holding B.V. and Alex Andebeek will move the Court for an order under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) to dismiss all claims for relief in the amended Cross-complaint (Doc 31).

**Date:**         March 27, 2020

**Time:**         1:30 p.m., or as soon as the matter may be heard

**Location:**     United States District Court – Southern District of California

                  333 West Broadway, San Diego, CA 92101

                  Courtroom 13A

This motion is based on this Notice, the concurrently-filed Memorandum of Points and Authorities, Request for Judicial Notice, and Declaration of David Greco, as well as the records and pleadings in this matter, and on such other evidence as may be presented.

Dated: February 26, 2020                    **RMO LLP**


                                            _**/s/ David Greco**_
                                            David Greco (SBN 299635)
                                            grecod@rmolawyers.com

                                            Scott E. Rahn, Esq. (SBN 222528)
                                            rahns@rmolawyers.com
                                            Sean D. Muntz, Esq. (SBN 223549)
                                            muntzs@rmolawyers.com
                                            Jessica C. Covington (SBN 301816)
                                            covingtonj@rmolawyers.com
                                            service@rmolawyers.com

                                            2029 Century Park East, Suite 2910
                                            Los Angeles, CA 90067
                                            Phone: (424) 320-9444

                                            Attorneys for Plaintiff and Cross-
                                            defendant GLOBAL VENTU
                                            HOLDING B.V. and Cross-defendant
                                            ALEX ANDEBEEK

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................1

I.      INTRODUCTION ................................................................1

II.     BACKGROUND ...................................................................2

        A.     Allegations..............................................................2

        B.     Procedural History ...................................................3

III.    STANDARD ........................................................................3

IV.     ARGUMENT .......................................................................4

        A.     All causes of action against Andebeek should be
               dismissed because the FACC parrots legal language rather
               than alleging facts...................................................4

               1.      The alter ego theory is devoid of supporting factual
                       allegations. ..................................................5

                       a.      The FACC contains only conclusory
                               allegations of the "unity of interest" element.................5

                       b.      The FACC does not even attempt to allege
                               the second element of the alter ego doctrine. ..................6

               2.      The conspiracy theory devoid of supporting factual
                       allegations. ..................................................6

        B.     The Court should dismiss the first and second causes of
               action for trade secret misappropriation because the
               allegedly misappropriated material is not a trade secret......................7

        C.     The Court should dismiss the third cause of action for
               intentional interference with prospective economic
               advantage...................................................8

               1.      The third cause of action is devoid of supporting
                       facts. ..................................................9

2.     The third cause of action contradicts the original
cross-claim. ..................................................................9

D.     The Court should dismiss the fourth cause of action for
unfair business practices....................................................10

    1.     The fourth cause of action is preempted by
California's trade secret law. ....................................10

    2.     The FACC does not allege the requisite statutory,
regulatory, or constitutional provision required by
the Unfair Practices Act. ..........................................11

E.     The Court should dismiss the fifth cause of action for
breach of contract. ...............................................................11

    1.     Andebeek is not a party to the PSA or the RSA. .....................12

    2.     The breach of contract action fails against all Cross-
defendants because it is based on a claim of trade
secret misappropriation and—as discussed above—
the FACC fails to plead any trade secrets................................12

F.     Zeetogroup is barred from asserting its claims. ................................13

G.     Leave to amend should be denied because Cross-
complainants have already had a chance to correct the
deficiencies in their claims..................................................13

V.     CONCLUSION ..........................................................................14

## CASES

*Andrews v. Metro North Commuter R.R. Co.*,
   882 F.2d 705 (2nd Cir. 1989) ............................................................... 9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................... 3, 6

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
   824 F.3d 1156 (9th Cir. 2019) .............................................................. 3

*Deutsche Bank Nat. Trust Co. v. F.D.I.C.*,
   784 F. Supp. 2d 1142 (C.D. Cal. 2011) .................................................... 12

*Hoang v. Vihn Phat Supermarket, Inc.*,
   2013 WL 4095042 (E.D. Cal. Aug. 13 2013) ............................................. 5, 6

*J & J Sports Productions, Inc. v. Crawford*,
   2016 WL 5942231 (N.D. Cal. Oct. 13 2016) ................................................. 6

*K.C. Multimedia, Inc. v. Bank of America Technology & Operations,
   Inc.*,
   171 Cal. App. 4th 939 (2009) ............................................................. 10

*Krehnbrink v. Upcountry Prods., Ltd.*,
   2009 WL 3297306 (S.D. Ohio Oct. 9, 2009) ............................................... 12

*Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*,
   672 F.3d 396 (6th Cir. 2012) ............................................................. 11

*Morley v. Smith*,
   309 Fed. Appx. 103 (9th Cir. 2009) ........................................................ 9

*Morlife Inc. v. Perry*,
   56 Cal. App. 4th 1514 (1997) .............................................................. 7

*Music v. Bank of America N.A.*,
   717 Fed. Appx. 658 (9th Cir. 2017) ....................................................... 13

*Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*,

    795 F.3d 1124 (9th Cir. 2015) ............................................................6

*Neilson v. Union Bank of California N.A.*,

    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................................5

*Puentes v. Wells Fargo Home Mortgage, Inc.*,

    160 Cal. App. 4th 638 (2008) .........................................................11

*Ruckelshaus v. Monstanto Co.*,

    467 U.S. 986 (1984) ..........................................................................8

*Scripps Clinic v. Superior Court*,

    108 Cal. App. 4th 917 (2003) .........................................................11

*Seismic Reservoir 2020 Inc. v. Paulson*,

    785 F.3d 330 (9th Cir. 2015) ............................................................3

*Sonora Diamond Corp. v. Superior Court*,

    83 Cal. App. 4th 523 (2000) .............................................................5

*Sorrells v. U.S.*,

    27 U.S. 435 (1932) ............................................................................7

*Sun Distrib. Co. v. Corbett*,

    2018 WL 4951966 (S.D. Cal. Oct 12, 2018) ....................................7

*Textron Financial Corp. v. National Union Fire Ins. Co. of Pittsburgh*,

    118 Cal. App. 4th 1061 (2004) .......................................................11

*United States v. Corinthian Colleges*,

    655 F.3d 984 (9th Cir. 2011) ..........................................................11

*Winklevoss Consultants, Inc. v. Federal Ins. Co.*,

    991 F. Supp. 1024 (N.D. Ill. 1998) ..................................................8

*Zurich American Ins. Co. v. Solvis Staffing Services, Inc.*,

    2019 WL 3819501 (S.D. Cal. Aug. 14, 2019) ................................13

## STATUTES

CAL. BUS. & PROF. CODE § 17200 ........................................................10

CAL. CIV. CODE § 3426.1(d) ...............................................................7

CAL. CIV. CODE § 3426.7(a)................................................................10

CAL. CIV. CODE § 3426.7 (b) .............................................................10

CAL. REV. & TAX. CODE § 23301 ........................................................13


## RULES

FED. R. CIV. PROC. 8(b)(6)...............................................................12

FED. R. CIV. PROC. 12(b)(6) .............................................................3


## TREATISES

Alan S. Gutterman, BUSINESS TRANSACTIONS SOLUTIONS, § 201:37

   (Feb. 2020)....................................................................8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In their amended cross-claim, Cross-complainants assert against Cross-defendants Global Ventu Holding B.V. and Alex Andebeek causes of action for (1) misappropriation of trade secrets under California law; (2) misappropriation of trade secrets under Federal law; (3) intentional interference with prospective economic advantage; (4) unfair business practices; and (5) breach of contract. The First Amended Cross-claim ("FACC") is devoid of supporting facts, rife with recitations of legal elements, and lacking in merit. It should be dismissed without leave to amend.

The FACC bases all of its allegations against Andebeek on theories of alter ego and conspiracy. It contains no facts supporting these contentions—it simply parrots the language of each doctrine. So, every cause of action against Andebeek should be dismissed.

Cross-complainants base their trade secret claims—the first and second causes of action—on alleged misappropriation of advertisements and other public-facing Facebook content. These causes of action are without merit, because advertisements and other public-facing material are inarguably not "secret"—an obvious prerequisite to a trade secret claim.

Further, the FACC fails to plead sufficient facts in support of the third cause of action for intentional interference with prospective economic advantage. Save one, each allegation supporting this cause of action is a legal conclusion, transplanted directly into the cross-claim without elaboration or explanation. The sole factual allegation in support of this claim is the identity of the third party with whom Cross-complainants allegedly shared an economic relationship. But the FACC does not explain how or when Cross-defendants interfered with this relationship—or even facts showing Cross-defendants knew of it. Moreover, the FACC contradicts the original cross-claim regarding the facts that give rise to this cause of action.

The fourth cause of action for unfair business practices fares no better. It is preempted by the first cause of action for trade secret misappropriation. Additionally, the FACC does not specify a statutory, regulatory, or constitutional provision upon which this claim is based—but it is required to do so.

The fifth cause of action for breach of contract similarly has no merit. Andebeek was not a party to the contract, so there can be no claim against him. And the entirety of this cause of action is based on the alleged misappropriation of trade secrets which, as already mentioned, is meritless. So, this claim fails.

Finally, all claims by Zeetogroup should be dismissed. Zeetogroup's status with the California Secretary of State is "forfeited," and forfeited companies are barred from participating in court proceedings.

The entire FACC should be dismissed. Leave to amend should be denied because Cross-complainants have already had a chance to correct these defects but did not, and because the FACC contradicts facts alleged in the original cross-claim.

## II.     BACKGROUND

### A.     Allegations

Cross-complainants and Cross-defendants entered two contracts, both of which focused on Cross-defendant Global Ventu's provision of advertising services for Cross-complainants. (Doc. 31 at ¶¶ 31, 36.) Cross-complainants did not attach copies of these contracts to their FACC, but they have admitted the terms of those contracts in their answer to Plaintiff Global Ventu's First Amended Complaint. (Doc. 25 at ¶¶ 9-12 [admitting genuineness of docs 14-1 and 14-2].) Under these contracts, Global Ventu "agreed to be responsible for general oversight and management of several of Tibrio's Facebook accounts 'which includes, but is not limited to: (1) developing and optimizing existing campaigns; (2) managing budgets for campaigns; and (3) planning, buying, and executing campaigns.'" (Doc. 31 at ¶ 30.)

The parties' contractual relationship ended after unsuccessful attempts to renegotiate. (Doc. 31 at ¶ 35.) Cross-complainants allege that Global Ventu then

utilized Cross-complainants' advertisements, product images, and Facebook copy, all of which Cross-complainants claim are trade secrets. (*Id.* at ¶¶ 36, 40.)

Cross-complainants also allege that Global Ventu somehow interfered with Cross-complainants' economic relationship with an "affiliate" called Fluent. (Doc. 31 at ¶¶ 28, 57-60.) The FACC does not specify what the interference was, how it was accomplished, when it occurred, or any other facts in support of this claim.

## B. Procedural History

Plaintiff/Cross-defendant Global Ventu originally filed this action. (Doc 1.) Its operative complaint alleges breach of contract and trade secret causes of action against Defendants/Cross-complainants. (Doc. 14.) After unsuccessfully moving to dismiss Global Ventu's complaint (doc. 21), Cross-complainants filed their first cross-claim, adding Alex Andebeek as a Cross-defendant under theories of "alter ego" and "conspiracy." (Doc. 31.)

Cross-defendant Global Ventu conferred with Cross-complainants before moving to dismiss the original cross-claim. (Doc 29-1.) Cross-complainants refused to amend, despite admitting during the conference that at least one of their causes of action was meritless. *Id.* Global Ventu moved to dismiss. (Doc. 29.) Only then did Cross-complainants amend. (Doc. 31.)

## III. STANDARD

Under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), dismissal is appropriate when the complaint fails to state a cognizable legal theory or fails to allege facts sufficient to support the causes of action pled. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2019); *Seismic Reservoir 2020 Inc. v. Paulson*, 785 F.3d 330, 335 (9th Cir. 2015). To state a claim, a complaint must contain "more than labels and conclusions" or "formulaic recitations of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV. ARGUMENT

### A. All causes of action against Andebeek should be dismissed because the FACC parrots legal language rather than alleging facts.

Cross-complainants base their claims against Andebeek solely on theories of conspiracy and alter ego. Their supporting allegations are limited to the following:

– "On information and belief, at all relevant times hereto, Alex Andebeek ('Andebeek') and Global Ventu Holding, BV ('Global Ventu') conspired and planned, one with another, to misappropriate trade secrets from Tibrio, LLC ('Tibrio'). As joint tortfeasors, Andebeek and Global Ventu are both liable for the entire damage done in pursuance of the common design." (Doc. 31 at ¶ 10.)

– "During all relevant times, Andebeek and Roes 1-100, were leaders and executives at Global Ventu Holding, BV . . . ." (¶ 14.)

– "At all relevant times, Andebeek and Roes 1-100, as officers and shareholders, commanded, influenced, and controlled the affairs of Global Ventu. Andebeek and Roes 1-100 acted outside of any agency relationship afforded by Global Ventu's corporate status and in fact acted in such a way as to completely disregard and ignore any recognized corporate formalities or purpose with regards to Global Ventu's operation." (¶ 15.)

– "At all relevant times, there existed a unity of interest and ownership between Global Ventu, Andebeek, and Roes 1-100 such that the individuality and separateness of Global Ventu, Andebeek, and Roes 1-100 caused to and in fact never did exist." (¶ 16.)

– "Andebeek and Roes 1-100 used Global Ventu as a mere shell and naked framework for their own benefit. In this regard, Andebeek and Roes 1-100 used Global Ventu as a conduit to conduct his/her personal business, property, and affairs and as a device to avoid individual liability." (¶ 17.)

- "Upon information and belief, Andebeek, Global Ventu, and Roes 1-100 conspired and planned, one with another, to defraud Cross-Complainant by employing Tibrio's proprietary and confidential information." (¶ 18.)
- "Andebeek, Global Ventu, and Roes 1-100 were members of this conspiracy from the inception. As active participants in the conspiracy, Andebeek, Roes 1-100, and Global Ventu are joint tortfeasors liable for the entire damage done in pursuance of the common design." (¶ 19.)

### 1. The alter ego theory is devoid of supporting factual allegations.

The alter ego doctrine has two elements. "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 526 (2000); *see Hoang v. Vihn Phat Supermarket, Inc.*, 2013 WL 4095042, at *13-15 (E.D. Cal. Aug. 13 2013).

"Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of California N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003). The FACC does not meet this standard.

### a. The FACC contains only conclusory allegations of the "unity of interest" element.

In *Hoang*, the Eastern District of California found a compliant failed to sufficiently allege a unity of interest. In that case, the complaint claimed that (1) there was no separateness between the individuals and the corporation; (2) the individuals were officers and/or shareholders of the company; (3) the individuals directed the company's activities; (4) the company was undercapitalized; (5) the individuals moved money between their personal accounts and the company's; and (6) the company failed to observe corporate formalities. *Hoang*, 2013 WL 4095042, at *13-

14. Judge Shubb first set aside the "plaintiffs' recitations of the elements of alter ego and their unsupported conclusions." *Id.* at *14. That left the plaintiffs with only the allegation that the company failed to observe corporate formalities—an allegation insufficient on its own to support a finding of unity of interest. *Id.*

Here, the FACC does not even rise to the level of the insufficient complaint in *Hoang*. The FACC parrots the legal definition of "unity of interest." (Doc. 31 at ¶¶ 14, 16-17.) It does not allege any instances—even in a non-specific manner—that Andebeek moved funds indiscriminately between Global Ventu and himself. Nor does it provide a single example of how Global Ventu exists to serve solely Andebeek's ends. This failure is fatal to Cross-complainants' assertions of alter ego.

> b.    The FACC does not even attempt to allege the second element of the alter ego doctrine.

The only two references to inequity are within quotations to case law defining the alter ego doctrine. (Doc. 31 at ¶¶ 12-13.) Copy-pasting the law is the antithesis of the Federal pleading standard. *J & J Sports Productions, Inc. v. Crawford*, 2016 WL 5942231, at *2 (N.D. Cal. Oct. 13 2016); (rejecting "broadly stated, copy-paste legal conclusions . . . ."). That is exactly what Cross-complainants do here. The alter-ego theory is inadequately pled and cannot support any claim against Andebeek.

> **2.    The conspiracy theory devoid of supporting factual allegations.**

Conspiracy allegations must also meet the *Twombly* standard. *See Twombly*, 550 U.S. at 557. A "bare allegation of conspiracy will not suffice." *Id.; see also Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1129 (9th Cir. 2015) ("It is not enough merely to include conclusory allegations that certain actions were the result of a conspiracy; the plaintiff must allege facts that make the conclusion plausible.").

Cross-complainants' conspiracy allegations do not suffice. The FACC contains the word "conspiracy" four times—two of which are headings, and the other two of which are conclusory accusations. (*See* Doc. 31 at p. 4 [headings]; *id.* at ¶ 19

["Andebeek, Global Ventu, and Roes 1-100 were members of this conspiracy from the inception. As active participants in the conspiracy . . . ."].) It contains the word "conspired" twice—and again, both uses are conclusory and devoid of supporting facts. *Id.* ¶ 10 (alleging Cross-defendants "conspired and planned" to do the allegedly wrongful acts); *id.* ¶ 18 ("Upon information and belief, Andebeek, Global Ventu, and Roes 1- 100 conspired and planned, one with another, to defraud Cross-Complainant by employing Tibrio's proprietary and confidential information.").

The remainder of the FACC alleges wrongful acts by Global Ventu—not Andebeek. It does not allege any other facts supporting even an inference of a conspiracy. Moreover, a conspiracy claim cannot rest solely on an individual's control or direction over a company—otherwise, every officer or shareholder or every company would be liable under a conspiracy umbrella for any and all corporate acts. *Cf. Sorrells v. U.S.*, 27 U.S. 435, 449 (1932) (rejecting legal interpretation that was "abhorrent to the sense of justice."). Thus, the conspiracy allegations do not support any claims against Andebeek and all causes of action against him should be dismissed without leave to amend.

**B.     The Court should dismiss the first and second causes of action for trade secret misappropriation because the allegedly misappropriated material is not a trade secret.**

The FACC identifies Cross-complainants' trade secrets as "advertisements and content." (Doc. 31 at ¶¶ 40, 50.) The FACC does not define "content," but in the context of this dispute over Facebook advertisements, "content" must mean Facebook posts and other public-facing material. (Cf. *id.* ¶¶ 23, 36 [alleging misuse of "(1) the Facebook page cover photo, (2) Facebook page story copy, and (3) product images."]). These things are not trade secrets.

A trade secret must be, among other things, secret. Cal. Civ. Code § 3426.1(d); *Morlife Inc. v. Perry*, 56 Cal. App. 4th 1514, 1517-29 (1997); *Sun Distrib. Co. v. Corbett*, 2018 WL 4951966, at *3 (S.D. Cal. Oct 12, 2018).

Advertisements cannot be trade secrets because they are designed to be public-facing. *See Ruckelshaus v. Monstanto Co.*, 467 U.S. 986, 1002 (1984) ("If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished") (internal citations omitted); *Winklevoss Consultants, Inc. v. Federal Ins. Co.*, 991 F. Supp. 1024, 1039 (N.D. Ill. 1998) ("Unlike a trademark, a trade secret's basic function is not advertisement."). Indeed, business-focused publications warn that companies should "avoid inadvertent public disclosure of trade secret information in repair manuals, customer handbooks, advertisements, trade shows, magazine articles, press releases, new product brochures, speeches, and scientific publications." *See* Alan S. Gutterman, BUSINESS TRANSACTIONS SOLUTIONS, § 201:37 (Feb. 2020) (emphasis added); *see id.* § 202:58.[1] The same logic applies to the public-facing "content" on which Cross-complainants base their claim. (Doc. 31 at ¶¶ 36, 40, 50.)

Notably, Cross-complainants do not allege the theft of any processes or techniques. For example, the FACC does not allege that Cross-defendants misappropriated any techniques for developing advertisements, customer targeting criteria, or data about certain advertisements' effectiveness. It alleges "advertisements" and "content." Period.

The first and second causes of action should be dismissed.

## C. The Court should dismiss the third cause of action for intentional interference with prospective economic advantage.

Cross-complainants allege that "Global Ventu agreed that it will not 'use affiliates or sub-affiliates without [their] written consent, [including] affiliates like Fluent, whom Tibrio was creating ads for during the time Global Ventu was working with Tibrio." (Doc. 31 at ¶ 28.) The only other allegations related to this cause of action are:

---

[1] This resource is on Westlaw, but copies are included for convenience. (Exs. A, B.)

– "Cross-Defendants intentionally interfered with the economic relationships between Tibrio and Fluent, which probably would have resulted in an economic benefit to Cross-Complainant." (*Id*. ¶ 57).

– "Cross-Defendants knew of Cross-Complainant's relationship with Fluent, and intentionally acted in any way which disrupted the relationship." (¶ 58)

– "As a result, Cross-Complainant suffered economic harm, and Cross-Defendant's conduct was a substantial factor in causing such harm." (¶ 60.)

### 1. The third cause of action is devoid of supporting facts.

To state a claim for intentional interference with prospective economic advantage, a complainant must show that (1) it and a third party were in an economic relationship; (2) the relationship probably would have resulted in an economic benefit to the complainant; (3) the defendant knew of that relationship; and (4) the defendant interfered with it. *See Morley v. Smith*, 309 Fed. Appx. 103, 105 (9th Cir. 2009).

Save one, every allegation related to this cause of action is a recital of the legal elements of the tort. (Doc. 31 at ¶¶ 57-60.) The only exception is paragraph 28, which alleges that Cross-complainants—*not* Cross-defendants—were creating ads for an affiliate, Fluent. This is insufficient. The FACC does not allege facts showing how or when Cross-defendants learned of this alleged economic relationship, or what economic benefit Cross-complainants stood to gain from it. More importantly, the FACC does not explain—at all—how Cross-defendants interfered in this relationship. The third cause of action lacks supporting facts. It should be dismissed.

### 2. The third cause of action contradicts the original cross-claim.

When ruling on a motion to dismiss, court may consider whether a prior pleading contradicts the now-operative one. *Andrews v. Metro North Commuter R.R. Co.*, 882 F.2d 705, 707 (2nd Cir. 1989).

Previously, Cross-complainants alleged that Cross-defendants "intentionally interfered with the economic relationships between Tibrio and different vendors and customers of Tibrio . . . ." (Doc. 24 at ¶ 67.) They did not identify who these

"different vendors and customers" were. Cross-complainants now base this cause of action on "affiliates such as Fluent" (Doc. 31 ¶ 28). Vendors, customers, and affiliates are different things. It is unclear why Cross-complainants abandoned the customer- and vendor-related allegations in favor of brand new affiliate-focused ones. The Court should consider this contradiction when determining whether to dismiss this cause of action and whether to grant leave to amend.

### D. The Court should dismiss the fourth cause of action for unfair business practices.

#### 1. The fourth cause of action is preempted by California's trade secret law.

California's trade secret law preempts claims that rest on the "same factual basis" as a claim brought under that statute. *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.*, 171 Cal. App. 4th 939, 961 (2009). The only exceptions are "contractual remedies, whether or not based on misappropriation of a trade secret," "other civil remedies *that are not* based on misappropriation of a trade secret," and "criminal remedies." CAL. CIV. CODE § 3426.7(a), (b) (emphasis added). This rule originates from the Legislature's "intent to occupy the field" of trade secret disputes. *K.C. Multimedia*, 171 Cal. App. 4th at 957.

In *K.C. Multimedia*, the California Court of Appeal dismissed claims for "breach of confidence," "interference with contract," and "unfair competition" under CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200. *Id.* at 960-62. It did so because those claims rested on the same facts as the pleading party's claim under California's trade secret law. *Id.*

The court should do the same here, and dismiss Cross-complainant's fourth cause of action for unfair business practices. (Doc. 31 at ¶¶ 61-66.) That claim originates solely from the allegation that Cross-defendants allegedly misappropriated Cross-complainant's trade secrets. (*Id.* ¶¶ 63-64.) This claim should be dismissed.

**2.** ***The FACC does not allege the requisite statutory, regulatory, or constitutional provision required by the Unfair Practices Act.***

The FACC bases this claim on Global Ventu's alleged misuse of Cross-complainants' advertisements. (Doc. 31 at ¶¶ 62-66.) This does not suffice.

This cause of action requires that the pleading party identify specific policies that are unfair, unlawful, or fraudulent. The alleged policies must be "tethered" to a specific constitutional, statutory, or regulatory provision. *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 939 (2003). Other than the trade secret statutes, the FACC identifies no constitutional, statutory, or regulatory provision to support this cause of action. As discussed above, this cause of action cannot grow from the trade secret claims because the trade secret law preempts it.

Further, common law torts cannot support a claim under this statute. *Textron Financial Corp. v. National Union Fire Ins. Co. of Pittsburgh*, 118 Cal. App. 4th 1061, 1072 (2004) (". . . .reliance on general common law principles to support a cause of action for unfair competition is unavailing."). Cross-complainants thus cannot root this cause of action in their claim for intentional interference with prospective economic advantage.

Likewise, a single breach of contract cannot form the basis of an unfair business practices claim unless it is accompanied by some other unfair, unlawful, or fraudulent conduct. *Puentes v. Wells Fargo Home Mortgage, Inc.*, 160 Cal. App. 4th 638, 645 (2008). That is not the case here. This cause of action should be dismissed.

**E.    The Court should dismiss the fifth cause of action for breach of contract.**

When a pleading refers to a contract but does not attach a copy, a court may look outside the pleading to a copy of the contract so long is there is no dispute about the copy's genuineness. *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 400 (6th Cir. 2012).

Cross-complainants do not attach a copy of the Publisher Services Agreement ("PSA") or the Revenue Share Agreement ("RSA") to their FACC. (Doc. 31.) However, Cross-defendants attached copies to their First Amended Complaint. (Docs 14-1, 14-2.) In their answer, Cross-complainants admit the genuineness of these contracts. (Doc. 25 at ¶¶ 9-12.) Thus, this Court can look to these copies when assessing Cross-complainants' breach of contract claim. *Cf.* FED. R. CIV. PROC. 8(b)(6) (any fact not denied in answer is deemed admitted).

### 1. *Andebeek is not a party to the PSA or the RSA.*

"One simply cannot breach a contract to which one is not a party*." Krehnbrink v. Upcountry Prods., Ltd.*, 2009 WL 3297306, *2 (S.D. Ohio Oct. 9, 2009); *Deutsche Bank Nat. Trust Co. v. F.D.I.C.*, 784 F. Supp. 2d 1142, 1161 (C.D. Cal. 2011).

The FACC does not allege that Andebeek was a party to either contract at issue. (Doc. 31 at ¶ 25 ["... Tibrio entered into a Publisher Services Agreement with Global Ventu."]; *id.* ¶ 29 ["Tibrio and Global Ventu entered into a separate Revenue Share Agreement."].) Nor could it. (Doc. 14-1, at 7 [listing only Global Ventu and Samples.com LLC as parties]; Doc. 14-2, at 4 [same].) The fifth cause of action should be dismissed as to Andebeek.

### 2. *The breach of contract action fails against all Cross-defendants because it is based on a claim of trade secret misappropriation and—as discussed above—the FACC fails to plead any trade secrets.*

The FACC rests the breach of contract cause of action solely on the alleged misappropriation of trade secrets.

– "The Publisher Service Agreement and Revenue Share Agreements entered into between the parties required Cross-Defendants to refrain from using the Trade Secrets for any other reason than that described by the agreements i.e., running campaigns for Tibrio through Facebook." (Doc. 31 at ¶ 68.)

– "Cross-Defendants breached this agreement by using the Trade Secrets on a site designed to look like Tibrio's without Tibrio's consent. Tibrio complied with all obligations under the agreement." (¶ 68.)

– This clear breach of duties set forth in the contract have caused Tibrio damages. (¶ 70.)

(See also ¶ 40 [alleging Global Ventu breached contract provision to not misuse trade secrets].) As discussed above, the allegedly misappropriated material is not a trade secret, so the breach of contract cause of action is meritless.

It would be futile for Cross-complainants to attempt to pivot and base their breach of contract claim on the facts giving rise to their intentional interference with prospective economic advantage claim. As discussed above, that claim lacks facts to show any interference or other bad acts by Cross-defendants.

The fifth cause of action for breach of contract should be dismissed.

## F.     Zeetogroup is barred from asserting its claims.

California law prohibits a forfeited corporation from exercising any right, power, or privilege, "[e]xcept for the purposes of filing an application for an exempt status or amending the articles of incorporation as necessary either to perfect that application or to set forth a new name." CAL. REV. & TAX. CODE § 23301; *see Zurich American Ins. Co. v. Solvis Staffing Services, Inc.*, 2019 WL 3819501, at *2 (S.D. Cal. Aug. 14, 2019) (HON. THOMAS J. WHELAN). Zeetogroup LLC's status is "forfeited," so it is barred from participating in these proceedings. (Ex. C.)

## G.     Leave to amend should be denied because Cross-complainants have already had a chance to correct the deficiencies in their claims.

A court need not indulge a party's request for leave to amend when the party has already "been given one chance" to correct their pleading's defects but failed to do so. *Music v. Bank of America N.A.*, 717 Fed. Appx. 658, 661 (9th Cir. 2017). Cross-complainants failed to fix the defects in their complaint when they amended

the first time——after they initially refused to do so and forced Cross-defendants to file a motion to dismiss. (Doc. 29-1.) Leave to amend should be denied.

## V.    CONCLUSION

The Court should dismiss the FACC without leave to amend.


Dated: February 26, 2020                    **RMO LLP**


*/s/ David Greco*
David Greco(SBN 299635)
grecod@rmolawyers.com

Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
Jessica C. Covington (SBN 301816)
covingtonj@rmolawyers.com
service@rmolawyers.com

2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff and Cross-defendant GLOBAL VENTU HOLDING B.V. and Cross-defendant ALEX ANDEBEEK

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action. I am employed by RMO LLP, whose business and service address is: 2029 Century Park East, Suite 2910, Los Angeles, CA 90067.

On **February 26, 2020**, I served the within document(s) described as:

**CROSS-DEFENDANT'S NOTION OF MOTION AND MOTION TO DISMISS CROSS-COMPLAINANTS' FIRST AMENDED CROSS-CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in this action as follows:

Christopher S. Morris, Esq.
Jacob A. Gillick, Esq.
MORRIS LAW FIRM, APC
501 West Broadway, Suite 1480
San Diego, CA 92101
Tel: 619.826.8060
Fax: 619.826.8065
Email: morris@morrislawfirmapc.com
Email: jgillick@morrislawfirmapc.com
*Attorneys for Defendants,*
*Zeetogroup, LLC, Samples.com, LLC,*
*And Tibrio, LLC*

(**FEDERAL**) I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and by causing the document to be served via the Court's ECF Filing System.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February 26, 2020**.

/s/ *Christine James*
Christine James