Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
David G. Greco (SBN 299635)
grecod@rmolawyers.com
Jessica C. Covington (SBN 301816)
covingtonj@rmolawyers.com
service@rmolawyers.com
**RMO LLP**
2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff and Cross-defendant
GLOBAL VENTU HOLDING B.V.
and Cross-defendant
ALEX ANDEBEEK

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V., <br><br> Plaintiff, <br><br> v. <br><br> ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC, <br><br> Defendants. | CASE NO.: 3:19-cv-01018-DMS-LL <br><br> **DECLARATION OF DAVID GRECO IN SUPPORT CROSS-DEFENDANTS' MOTION TO DISMISS CROSS-COMPLAINANTS' FIRST AMENDED CROSS-CLAIM** <br><br> Date:       March 27, 2020 <br> Time:      1:30 p.m. <br> Courtroom: 13A <br><br> Trial:      N/A <br> Case Filed: May 31, 2019 <br><br> **Hon. Dana M. Sabraw** |
| ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC, <br><br> Cross-complainants, <br><br> v. <br><br> GLOBAL VENTU HOLDING B.V.; ALEX ANDEBEEK, an individual; and ROES 1 through 50, inclusive <br><br> Cross-defendants. | |

# DECLARATION OF DAVID GRECO

I, David Greco, declare:

1. I am an attorney with RMO LLP. I am licensed to practice in this Court, and in all courts of the State of California. I am counsel of record for Plaintiff/Cross-defendant Global Ventu Holding B.V. and Cross-defendant Alex Andebeek. I base everything in this declaration on my personal knowledge. If called to testify to the contents of this declaration, I could do so competently.

2. **Exhibit A** to this declaration is a true and correct copy of: Alan S. Gutterman, BUSINESS TRANSACTIONS SOLUTIONS, § 201:37 (Feb. 2020). I retrieved this copy on or around February 23, 2020 from Westlaw. To my knowledge, the resource is still available on Westlaw. It is attached to this declaration for the convenience of the Court.

3. **Exhibit B** to this declaration is a true and correct copy of: Alan S. Gutterman, BUSINESS TRANSACTIONS SOLUTIONS, § 202:58 (Feb. 2020). I retrieved this copy on or around February 23, 2020 from Westlaw. To my knowledge, the resource is still available on Westlaw. It is attached to this declaration for the convenience of the Court.

4. **Exhibit C** to this declaration is a true and correct copy of the California Secretary of State Website: Business Search – Entity Detail, for ZeetoGroup LLC, Entity Number 201017310316, which is a Defendant and Cross-complainant in this action. I retrieved this document on February 23, 2020.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

February 26, 2020
DATED

*/s/ David Greco*
DAVID GRECO

---

1
DECLARATION OF DAVID GRECO IN SUPPORT CROSS-DEFENDANTS'
MOTION TO DISMISS CROSS-COMPLAINANTS' FACC

19-CV-1018 DMS LL

# Exhibit A

**Business Transactions Solutions § 201:37**

Business Transactions Solutions | February 2020 Update
Alan S. Gutterman*

Part VIII. Technology Management and Transactions

A. Intellectual Property Rights

Chapter 201. Trade Secret Protection Programs

II. Commentary

B. Business and Management Considerations

4. Review of Public Disclosures

§ 201:37. Generally

References

The company should avoid inadvertent public disclosure of trade secret information in repair manuals, customer handbooks, advertisements, trade shows, magazine articles, press releases, new product brochures, speeches, and scientific publications. This documentation should be prepared in advance of proposed release or publication date and reviewed to determine if they inadvertently disclose information to destroy the ability of the company to claim trade secret status. In addition, drawings, plans, or proposals prepared for prospective customers should be reviewed before delivery to ensure that they do not contain sensitive information (such as tolerances of the steps to be followed in the manufacturing process).

Trade shows present particularly difficult issues, since competitors are likely to attend any presentation made by company personnel. Moreover, in many cases, sales personnel or public relations staff are far more likely to make statements or create displays which inadvertently provide the information that an informed observer would need to fully understand a method or process which the company may have sought to maintain as confidential. Trade secret status can be surrendered when, for example, a competent engineer could reconstruct a manufacturing process using information that the trade secret owner disclosed to the public. Such public disclosures may appear in papers published by employees, films shown at engineering conferences, published photographs, and in public speeches that included slides of the process. Accordingly, public presentations, including discussions by those staffing the company's trade show booth, should omit all references to trade secrets.

Employees who engage in sales and marketing activities have ongoing communications with third parties. These personnel need to be diligent about the release of sensitive information. It is impossible for every employee to know whether or not the recipient has entered into an agreement with the company to maintaining the confidentiality of trade secrets. Information that is confidential or TRADE SECRET cannot be released without prior approval of appropriate company officials. The World War II admonition to sailors comes to mind: *loose lips sink ships!*

Westlaw. © 2020 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

WESTLAW   © 2020 Thomson Reuters. No claim to original U.S. Government Works.   1

**Footnotes**

\*     **Alan S. Gutterman** is the developer and author of a widely-recognized portfolio of timely and practical legal and business information for attorneys, other professionals and executives in the form of books, online content, webinars, videos, podcasts, newsletters and programs. Mr. Gutterman also provides legal and training services to businesses of all sizes around the world. He received his A.B., M.B.A., and J.D. from the University of California at Berkeley, a D.B.A. from Golden Gate University and a Ph.D. in Law from the University of Cambridge in the United Kingdom. For more information about Alan Gutterman, his publications, and the Sustainable Entrepreneurship Project, please visit https://seproject.org/ and/or contact him at https://www.linkedin.com/in/alangutterman or directly at alangutterman@gmail.com.

**End of Document**     © 2020 Thomson Reuters. No claim to original U.S. Government Works.

# Exhibit B

**Business Transactions Solutions § 202:58**

Business Transactions Solutions | February 2020 Update
Alan S. Gutterman[*]

Part VIII. Technology Management and Transactions

A. Intellectual Property Rights

Chapter 202. Intellectual Property Audits

III. Master Forms and Clause Library

A. Intellectual Property Questionnaire

2. Individual Clauses with Practice Notes

§ 202:58. Advertisements and public statements

References

☐ Provide copies of any catalogues, advertising brochures, recent advertisements or similar materials used for the company's products or services.

☐ Provide copies of all significant published articles and public speeches by company employees on technology and know-how in last *[number of years]* years.

**Notes**

Since trade secret protection depends on preventing any unintended public disclosure of the subject matter, the company should implement a program for carefully reviewing speeches, advertising materials, publications and other disclosures which might include trade secret information. Advertisements should also be reviewed to determine whether the company's trademarks are adequately protected.

Westlaw. © 2020 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

**Footnotes**

[*]     **Alan S. Gutterman** is the developer and author of a widely-recognized portfolio of timely and practical legal and business information for attorneys, other professionals and executives in the form of books, online content, webinars, videos, podcasts, newsletters and programs. Mr. Gutterman also provides legal and training services to businesses of all sizes around the world. He received his A.B., M.B.A., and J.D. from the

**§ 202:58.Advertisements and public statements, Business Transactions Solutions §...**

University of California at Berkeley, a D.B.A. from Golden Gate University and a Ph.D. in Law from the University of Cambridge in the United Kingdom. For more information about Alan Gutterman, his publications, and the Sustainable Entrepreneurship Project, please visit https://seproject.org/ and/or contact him at https://www.linkedin.com/in/alangutterman or directly at alangutterman@gmail.com.

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

# Exhibit C

**Alex Padilla**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Saturday, February 22, 2020. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## 201017310316   ZEETOGROUP, LLC

| | |
|---|---|
| **Registration Date:** | 06/21/2010 |
| **Jurisdiction:** | DELAWARE |
| **Entity Type:** | FOREIGN |
| **Status:** | FTB FORFEITED |
| **Agent for Service of Process:** | ELIZABETH CHU<br>925 B STREET 5TH FL<br>SAN DIEGO CA 92101 |
| **Entity Address:** | 925 B STREET 5TH FL<br>SAN DIEGO CA 92101 |
| **Entity Mailing Address:** | 925 B STREET 5TH FL<br>SAN DIEGO CA 92101 |
| **LLC Management** | * |

| Document Type | File Date | PDF |
|---|---|---|
| SI-NO CHANGE | 05/23/2018 | |
| SI-COMPLETE | 12/28/2015 | |
| REGISTRATION | 06/21/2010 | |

\* Indicates the information is not contained in the California Secretary of State's database.

**Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

[Modify Search] [New Search] [Back to Search Results]

*Global Ventu Holding B.V. vs. Zeetogroup, LLC, et al.*
USDC, Southern District, Case No.: 3:19-CV-01018-DMS-LL

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by RMO LLP, whose business and service address is: 2029 Century Park East, Suite 2910, Los Angeles, CA 90067.

On **February 26, 2020**, I served the within document(s) described as:

**DECLARATION OF DAVID GRECO IN SUPPORT CROSS-DEFENDANTS' MOTION TO DISMISS CROSS-COMPLAINANTS' FIRST AMENDED CROSS-CLAIM**

on the interested parties in this action as follows:

Christopher S. Morris, Esq.
Jacob A. Gillick, Esq.
MORRIS LAW FIRM, APC
501 West Broadway, Suite 1480
San Diego, CA 92101
Tel: 619.826.8060
Fax: 619.826.8065
Email: morris@morrislawfirmapc.com
Email: jgillick@morrislawfirmapc.com
***Attorneys for Defendants,***
***Zeetogroup, LLC, Samples.com, LLC,***
***And Tibrio, LLC***

(**FEDERAL**) I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and by causing the document to be served via the Court's ECF Filing System.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February 26, 2020**.

/s/ Christine James
Christine James