Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
David G. Greco (SBN 299635)
grecod@rmolawyers.com
Jessica C. Covington (SBN 301816)
covingtonj@rmolawyers.com
service@rmolawyers.com
**RMO LLP**
2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff and Cross-defendant
GLOBAL VENTU HOLDING B.V.
and Cross-defendant
ALEX ANDEBEEK

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V., <br><br> Plaintiff, <br><br> v. <br><br> ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC, <br><br> Defendants. | CASE NO.: 3:19-cv-01018-DMS-LL <br><br> **CROSS-DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS CROSS-COMPLAINANTS' FIRST AMENDED CROSS-CLAIM** <br><br> Date: March 27, 2020 <br> Time: 1:30 p.m. <br> Courtroom: 13A |
| ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC, <br><br> Cross-complainants, <br><br> v. <br><br> GLOBAL VENTU HOLDING B.V.; ALEX ANDEBEEK, an individual; and ROES 1 through 50, inclusive <br><br> Cross-defendants. | Trial: N/A <br> Case Filed: May 31, 2019 <br><br> **Hon. Dana M. Sabraw** |

## I. INTRODUCTION

The First Amended Cross-claim should be dismissed without leave to amend.

There is no merit to Cross-complainants' first assertion that a motion to dismiss cannot be based on insufficient allegations of alter ego and conspiracy. Federal pleading standards apply to all parts of a complaint. The FACC does not meet those standards. It is rife with conclusions and devoid of facts.

Likewise, the opposition does little to save the trade secret claims. It asserts that the Court has already ruled on this issue. That is false: the Court ruled on Plaintiff/Cross-defendant Global Ventu's allegations, which materially differ from those of Cross-complainants. Moreover, the opposition does not respond to the argument that all of Cross-complainants' claimed trade secrets are public-facing, and thus cannot satisfy the "secret" element.

Further, regarding the third cause of action for intentional interference with prospective economic advantage, the opposition just restates the FACC's allegations. In doing so, it highlights that the claim is missing factual details crucial to its survival. The third cause of action should be dismissed.

The unfair business practices claim is preempted by the California Uniform Trade Secret Act. Cross-defendants explicitly explain that they rely on the same factual bases for both claims. Cross-defendants' clarification of the claim as "unfair" rather than "unlawful" does not change this conclusion.

On the breach of contract claims, Cross-complainants make false assertions about prior Court orders. The false assertions should be ignored. Andebeek is not a party to any contract. Further, Cross-complainants base these claims solely on the alleged misappropriation of trade secrets and, as previously discussed, the alleged trade secrets are not secret.

Cross-complainants next argue that ZeetoGroup should have the opportunity to correct its "forfeited" status with the California Secretary of State. However, the

opposition reveals that ZeetoGroup has been "forfeited" since 2015. The Court should not afford ZeetoGroup any more time. Five years is enough.

Last, leave to amend should be denied. Cross-complainants refused to amend the cross-claim despite admitting that it was defective, forcing Cross-defendants to file their first motion to dismiss. In response to that motion, Cross-complainants then amended, but insufficiently. Cross-complainants are not entitled to infinite amendments, especially in the face of their obstinacy.

The First Amended Cross-claim should be dismissed without leave to amend.

## II. ARGUMENT

### A. Claims are subject to a motion to dismiss if they are based on insufficiently-pled alter ego or conspiracy allegations.

Cross-complainants' opposition begins by arguing that a motion to dismiss cannot be based on insufficient allegations of alter ego and conspiracy. (Doc. 39 at 10:5-19.) This argument has no merit. A cause of action, when based on alter ego or conspiracy allegations, fails to state a claim when those allegations are insufficiently pled. *Neilson v. Union Bank of California N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003) ("Conclusory allegations of 'alter ego' status are insufficient to state a claim."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[B]are allegation of conspiracy will not suffice.").

### B. The alter-ego allegations remain conclusory.

Cross-complainants next argue that they have sufficiently pled the alter ego theory. (Doc. 39 at 10:19-12:10.) For several reasons, Cross-complainants are wrong.

Most obviously, the opposition does not address or rebut the argument that the FACC pleads no facts relating to the second element of the alter ego doctrine, that "an inequitable result [would occur] if the acts in question are treated as those of the corporation alone." *See Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 526 (2000). The opposition actually suffers from the same defect as the FACC: inequity is mentioned in the legal definition of alter ego—and nowhere else.

(*Compare* Doc. 39 at 10:25, *with* Doc. 31 at ¶¶ 12-13.) This is fatal. *Neilson*, 290 F. Supp. 2d at 1116 ("[A] plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each.").

Moreover, the facts to which Cross-complainants point do not meet the Federal pleading standard. (Doc. 39 at 11:14-12:6.) These allegations are legal conclusions— e.g., "Andebeek and Roes 1-100 used Global Ventu as a mere shell and naked framework for their own benefit." (*Id.* at 11:21-22.) Not present are the details of how Andebeek achieved such ends. The same is true for the remaining allegations—they are conclusory, and nothing else. This does not suffice. *See Hoang v. Vihn Phat Supermarket, Inc.*, 2013 WL 4095042, at *13-15 (E.D. Cal. Aug. 13 2013).

### C. The conspiracy allegations suffer the same fate.

The crux of Cross-complainants' argument is "the fact that the conspiracy allegations are intended to make each party responsible for the actions of another." (Doc. 39 at 13:1-2.) This is the exact type of pleading that *Twombly* rejects.

In order to adequately plead conspiracy, a party must state specific acts taken by each party to the alleged conspiracy. *E.g.*, *Daria Hurly*, 2015 WL 5736667, at *5 (N.D. Cal. Oct. 1 2015) ("To successfully plead the existence of a conspiracy, Plaintiff must clearly allege specific action on the part of each defendant that corresponds to the elements of a conspiracy claim . . . ."). The FACC does not meet this standard.

All causes of action against Andebeek should be dismissed without leave to amend.

### D. The first and second causes of action for trade secret misappropriation remain facially defective.

Cross-complainants contend that the trade secrets they assert in their complaint are the same ones that Global Ventu asserts in its complaint. (Doc. 39 at 13:19-22.) That is false. Cross-complainants assert trade secret protection for "advertisements and content," including public-facing Facebook material. (Doc. 31 at ¶¶ 36, 40, 50.)

Whereas Global Ventu's operative complaint alleges trade secrets in the form of "techniques [involving] structuring and optimizing campaigns, organizing ad budgets in a unique and more effective way, and utilizing Facebook's 'pixel' in a way that allows Global Ventu to more effectively target certain customers," (doc. 16 at ¶ 9) and "the profile of users that responded well to [Global Ventu's] ad campaigns, which data could then be used to optimize the targeting of its ads." (¶ 45). So, there is no merit to Cross-complainants' argument that any prior Court order dictates the result here. The two pleadings materially differ.

Further, the opposition does not dispute that the only trade secrets asserted are "advertisements and content," including public-facing Facebook posts. (Doc. 39 at 14:9-19.) And it does not even respond to the argument that these items are not trade secrets because they are designed to be public-facing. (*See* Doc. 35 at 8:1-14.) Both trade secret claims should thus be dismissed.

### E. The opposition highlights the defects in the third cause of action for intentional interference with prospective economic advantage.

Cross-complainants base this tort on two groups of allegations. The first group of allegations involves improper solicitation of clients. The second involves Global Ventu's alleged involvement with one of Cross-complainants' affiliates.

The client-related allegations are:

– Global Ventu set up a Facebook page called "Get Free Samples" which was using Tibrio's brand assets without permission, including the cover photo, copy, and product images.

– This account is being run by Global Ventu and is neither owned nor operated by either Zeeto or Tibrio.

– This kind of misappropriation not only diverts traffic away from Tibrio, but also negatively impacts Cross-Complainant's business by association.

– Global Ventu has been using Tibrio's property to improperly solicit **clients** away from Tibrio. This has caused Tibrio financial and reputational harm.

4
CROSS-DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS CROSS-COMPLAINANTS' FIRST AMENDED CROSS-CLAIM

19-CV-1018 DMS LL

(Doc. 39 at 15:22-25-16:4.)

These allegations do not identify the third party with which Cross-complainants claim they had a relationship, so they do not state a claim. *See Morley v. Smith*, 309 Fed. Appx. 103, 105 (9th Cir. 2009) (affirming summary judgment in defendant's favor because evidence did not prove that defendant knew of plaintiff's relationship with third party). And if Defendant means that it had prospective economic relationships with the 2.4 billion people who use Facebook, that claim is too implausible to sustain. (*See* Doc. 31 at ¶ 1.)

The vendor-related allegations are:

– Global Ventu agreed that it will not use **Affiliates or Sub-Affiliates** without Advertiser's prior written consent. This would include such affiliates like Fluent, whom Tibrio was creating ads for during the time Global Ventu was working with Tibrio. (Doc. 31 at ¶ 28.)

– Cross-Defendants intentionally interfered with the economic relationships between Tibrio and Fluent, which probably would have resulted in an economic benefit to Cross-Complainant. Cross-Defendants knew of Cross-Complainant's relationship with Fluent, and intentionally acted in any way which disrupted the relationship. Due to Cross-Defendants' act, Cross-Complainant's relationship with Fluent was actually disrupted. (Doc. 31 at ¶¶ 56-60.)

(*See* Doc. 39 at 16:5-11.)

Other than the words "Fluent" and "affiliate or sub-affiliate," these allegations are pure legal conclusions. That does not suffice. *J & J Sports Productions, Inc. v. Crawford*, 2016 WL 5942231, at *2 (N.D. Cal. Oct. 13 2016); (rejecting "broadly stated, copy-paste legal conclusions . . . ."). The third cause of action should be dismissed.

## F. The unfair business practices claim remains fatally defective.

### 1. *The opposition further illuminates that this claim is preempted by the California Uniform Trade Secret Act.*

Cross-complainants argue that the basis for their unfair practices claim is different from its breach of trade secret claim and thus *K.C. Multimedia* does not apply. (Doc. 39 at 17:5-18:4.) The details of this argument undermine its conclusion.

Cross-complainants' trade secret cause of action is based on allegations that Cross-defendants misappropriated "advertisements and content," such as Facebook materials. (Doc. 31 at ¶¶ 36, 40, 50.) In their opposition, Cross-complainants state that the unfair practices is claim "is focused on the fraudulent nature of Cross-Defendants using Cross-Complainants materials," and the "actions are unfair because [Cross-defendants] are unjustly benefitting and taking advantage of Cross-complainant's work . . . ." (Doc. 39 at 17:5-11.)

All of these allegations are one and the same. The trade secret causes of action are preempted. *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.*, 171 Cal. App. 4th 939, 961 (2009) (ruling § 17200 claims preempted when based on "same factual basis" as trade secret claims); CAL. CIV. CODE § 3426.7(a), (b).

### 2. *For the first time, Cross-complainants clarify their unfair practices claim—but not enough to save it from dismissal.*

Cross-complainants now assert that this cause of action is based on "unfair" business practices, rather than "unlawful" ones. (Doc. 39 at 19:1-13.) Assuming *arguendo* that the FACC adequately pleads an unfair practice—which is doubtful—the result does not change. This claim is still based on the same facts as Cross-complainant's trade secret claim, so it is preempted. CAL. CIV. CODE § 3426.7(a), (b).

## G. The breach of contract claims remain insufficiently pled.

### 1. *Andebeek is not a party to the contracts.*

Cross-complainants first falsely state that the Court has already ruled on this issue in the context of their motion to dismiss Global Ventu's complaint. (Doc. 39 at

19:-24.) Incorrect. The Court has addressed only the following issues relating to the breach of contract claims:

1. Whether Global Ventu "has failed to sufficiently allege the elements of breach and damages." (Doc. 21 at 4:20.)

2. Whether Global Ventu "failed to allege sufficient facts to support its allegation that the information Defendants wrongfully 'used, converted, applied, appropriated, employed, and put into operation[,]' . . . was 'Confidential Information' under the PSA." (Doc. 21 at 5:18-20.)

3. Whether Global Ventu "failed to identify the 'Confidential Information' with specificity." (Doc. 21 at 5:21-22.)

The Court has never addressed arguments relating to who is and is not a party under the contracts. Cross-complainants' false assertion to the contrary should be ignored.

Further, Cross-complainants restate their assertion that the alter ego and conspiracy theories are adequately pled and thus support this cause of action. (Doc. 39 at 19:25-10.) As discussed above, that is wrong.

### 2. *Cross-complainants failed to adequately plead trade secrets.*

Cross-complainants' opposition confirms that their breach of contract claim is based solely on the alleged misappropriation of trade secrets. (Doc. 39 at 20:13-19.) As discussed above, the FACC fails to adequately plead trade secrets because all of the allegedly misappropriated material is public-facing. *See supra,* § D. Further, no prior Court order has addressed the sufficiency of Cross-defendants' allegations relating to trade secrets, so that argument again has no merit. *See id.*

**H. The opposition shows that Zeetogroup has failed to timely correct its forfeited registration status—it should be given no more leeway.**

It is true that courts generally give parties an opportunity to correct their registration with the Secretary of State before barring that party from participating in a lawsuit. However, Cross-complainants' opposition reveals that ZeeetoGroup has

failed to correct its registration status since 2015. (Doc. 39-1, Decl. of Garcia, at ¶ 2.)[1] Five years is not timely. ZeetoGroup should be barred from participating here.

## I. Leave to amend should be denied.

Cross-complainants had multiple chances to amend their allegations, but they failed to adequately do so. First, they could have amended in response to Cross-defendants' attempts to meet and confer regarding the initial cross-complaint. (Doc. 29-1 at ¶ 2.) Though Cross-defendants admitted some of their causes of action were fatally defective, they refused to amend. *Id.* (" With regard to Cross-complainants' sixth cause of action, Mr. Gillick conceded that a cause of action for injunctive relief cannot stand alone, but stated that Cross-complainants would not amend their cross-complaint prior to Global Ventu's filing of a motion to dismiss same."). This forced a motion to dismiss. (Doc. 29.) Only then did Cross-complainants amend. (Doc. 31.) That amendment did nothing to cure the deficiencies other than to remove the "injunctive relief" cause of action. *Id.*

Because they remain obstinate, Cross-complainants deserve no more latitude. *See e.g.*, *Ervin v. Judicial Council of California*, 2006 WL 1748430, at *2 (E.D. Cal. June 26 2006) ("Plaintiff's stubborn refusal to amend his complaint in any substantive way . . . requires this action to be dismissed.").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The declaration originally submitted to this Court was unsigned. (Doc. 39-1.) However, Cross-complainants provided a signed copy to Cross-defendants' counsel via email shortly after filing their opposition. Cross-defendants assume the signed declaration will eventually be submitted to the Court.

## III. CONCLUSION

The FACC should be dismissed without leave to amend.

Dated: March 20, 2020　　　　　　　　**RMO LLP**

　　　　　　　　　　　　　　　　　　***/s/ David G. Greco***
　　　　　　　　　　　　　　　　　　David Greco (SBN 299635)
　　　　　　　　　　　　　　　　　　grecod@rmolawyers.com

　　　　　　　　　　　　　　　　　　Scott E. Rahn, Esq. (SBN 222528)
　　　　　　　　　　　　　　　　　　rahns@rmolawyers.com
　　　　　　　　　　　　　　　　　　Sean D. Muntz, Esq. (SBN 223549)
　　　　　　　　　　　　　　　　　　muntzs@rmolawyers.com
　　　　　　　　　　　　　　　　　　Jessica C. Covington (SBN 301816)
　　　　　　　　　　　　　　　　　　covingtonj@rmolawyers.com
　　　　　　　　　　　　　　　　　　service@rmolawyers.com

　　　　　　　　　　　　　　　　　　2029 Century Park East, Suite 2910
　　　　　　　　　　　　　　　　　　Los Angeles, CA 90067
　　　　　　　　　　　　　　　　　　Phone: (424) 320-9444

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff and Cross-defendant GLOBAL VENTU HOLDING B.V. and Cross-defendant ALEX ANDEBEEK