Christopher S. Morris, Esq., SBN 163188
cmorris@morrislawfirmapc.com
Jacob A. Gillick, Esq. 312336
jgillick@morrislawfirmapc.com
MORRIS LAW FIRM, APC
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065

Attorneys for Defendants Zeetogroup, LLC,
Samples.com, LLC, and Tibrio, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>　　　　　Defendants.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>　　　　　Cross-Complainants,<br><br>　v.<br><br>GLOBAL VENTU HOLDING B.V., ALEX ANDEBEEK, an individual, and ROES 1 through 50, inclusive<br><br>　　　　　Cross-Defendants. | Case No. 19cv1018 DMS LL<br><br>**DEFENDANTS' MOTION FOR LEAVE TO PROPOUND DISCOVERY IN EXCESS OF THE LIMITS SET FORTH IN THE LOCAL RULES OF COURT**<br><br>Dept:　　2140<br>Judge:　Hon. Linda Lopez |

1

# I.

# **INTRODUCTION**

This case involves complex contractual agreements, intellectual property of significant value, and business practices governed by both state and federal statute. On May 31, 2019, Plaintiff Global Ventu, B.V. ("Global Ventu" or "Plaintiff") filed suit against Tibrio, LLC ("Tibrio"), Samples, LLC ("Samples"), and ZeetoGroup, LLC ("Zeeto"), collectively referred to as "Defendants," alleging breach of contract, violation of both California and Federal trade secrets acts, and unfair competition. Defendants have offered Plaintiff access to their Facebook accounts in order to show that no misconduct took place. However, instead of taking Defendants up on that offer, Plaintiff has engaged in frivolous and extensive motion practice—further indicating what Defendants have believed from the start— that this suit has been filed solely to harass Defendants at the behest of Tibrio's former CEO, Josh Ogle, with whom Global Ventu's only employee, Alex Andebeek, has a lucrative financial relationship.

If that is not enough, while conducting an internal investigation, Defendants discovered that Global Ventu, with Alex Andebeek at the helm (collectively referred to as "Cross-Defendants"), had created a Facebook page for one of Zeeto's clients, Fluent, using Defendants imagery and copy. Therefore, on December 30, 2019, a Cross-Complaint was filed by Tibrio and Zeeto (collectively referred to as "Cross-Complainants") for misappropriation of trade secrets, unfair/fraudulent business practices, and breach of contract.

During the parties' business relationship, a substantial amount of confidential information was shared and numerous intellectual property assets, such as advertisements, imagery, and content, were created. Given the complexity of these cases, and the thousands of documents that will need to be reviewed, Cross-Complainants believe that discovery of extensive factual and evidentiary details is necessary to both pursue and defend all claims. As such, Cross-Complainants

respectfully requests leave to serve 43 additional special interrogatories, a total of 68, to Cross-Defendant Global Ventu.

This additional discovery is essential to defend various contentions put forward by Cross-Defendants. Moreover, at this time, Cross-Complainants do not anticipate additional special interrogatories other than the ones requested herein. Therefore, Cross-Complainants respectfully request this motion for additional discovery be granted.

## II.
## STANDARD OF LAW

Unless otherwise stipulated or ordered by the court, the number of written interrogatories a party may serve to any other party is limited to 25; however, leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2). Fed. R. Civ. P. 33(a)(1). Civil Local Rule 33.1(a) requires a party seeking to serve additional interrogatories to "submit to the court a written motion setting forth the proposed additional interrogatories and the reasons establishing good cause for their use."

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery of "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." Fed. R. Civ. P. 26(b)(1). As described below, the allegations at issue warrant an additional 43 special interrogatories.

## III.
## ADDITIONAL QUESTIONS ARE NECESSARY DUE TO THE COMPLEXITY AND THE VARIED NATURE AT ISSUE BETWEEN THE PARTIES

Due to the complexity of the case and the parties' assertion of conflicting facts, additional special interrogatories are necessary and warranted. These complex facts include, but are not limited to, contractual terms and obligations,

trade secrets, and business practices. In addition, there are considerable issues regarding intellectual property rights, confidential information, the structure of entities and their relationship with individuals, and various other items.  Plaintiff is also seeking millions of dollars in damages, which necessitates considerable development of the facts.

Considering the foregoing, the information sought by each additional special interrogatory is necessary for the proper preparation of this case.  Further, if additional questions are granted, it will allow Cross-Complainants to prove their claims as well as refute Plaintiff's.  This will hopefully result in a just, speedy, and inexpensive resolution.  As such, good cause exists for Cross-Complainants' request of 43 additional special interrogatories.

## IV.
## ADDITIONAL DISCOVERY IS REQUESTED IN GOOD FAITH AND NOT FOR ANY IMPROPER REASONS

None of the questions in this set of special interrogatories are being propounded for any improper purpose, such as to harass the party, or the attorney for the party, to whom they are directed, or to cause unnecessary delay or needless increase in the cost of litigation.  Declaration of Jacob A. Gillick ("Gillick Decl.,") ¶ 2. By adding 43 special interrogatories, Cross-Complainants seek to expedite litigation.  Further, Cross-Complainants have not yet propounded any special interrogatories directed to any Cross-Defendant and do not anticipate any further requests.  Therefore, Cross-Complainants respectfully request their motion be granted.

/ / /
/ / /
/ / /
/ / /
/ / /

## V.

## **REQUEST**

Cross-Complainants be granted leave to file 43 additional special interrogatories.

Respectfully submitted,

**MORRIS LAW FIRM, APC**

Dated:  March 30, 2020

*s/ Christopher S. Morris*
Christopher S. Morris, Esq.
cmorris@morrislawfirmapc.com
Jacob A. Gillick, Esq.
jgillick@morrislawfirmapc.com
Attorneys for Defendants Zeetogroup, LLC, Samples.com, LLC, and Tibrio, LLC