| | |
|---|---|
| Christopher S. Morris, Esq., SBN 163188 | |
| cmorris@morrislawfirmapc.com | |
| Jacob A. Gillick, Esq. 312336 | |
| jgillick@morrislawfirmapc.com | |
| MORRIS LAW FIRM, APC | |
| 501 West Broadway, Suite 1480 | |
| San Diego, CA 92101 | |
| Telephone: (619) 826-8060 | |
| Facsimile: (619) 826-8065 | |

Attorneys for Defendants Zeetogroup, LLC, Samples.com, LLC, and Tibrio, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V., <br><br> Plaintiff, <br><br> v. <br><br> ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC, <br><br> Defendants. <br><br> ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC, <br><br> Cross-Complainants, <br><br> v. <br><br> GLOBAL VENTU HOLDING B.V., ALEX ANDEBEEK, an individual, and ROES 1 through 50, inclusive <br><br> Cross-Defendants. | Case No. 19cv1018 DMS LL <br><br> **SUPPLEMENTAL DECLARATION OF JACOB A. GILLICK IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO PROPOUND DISCOVERY IN EXCESS OF THE LIMITS SET FORTH IN THE LOCAL RULES OF COURT** <br><br> Dept: 2140 <br> Judge: Hon. Linda Lopez |

I, Jacob A. Gillick, declare as follows:

1. I am an Associate Attorney with Morris Law Firm, APC and represent Defendants/Cross-Complainants ZeetoGroup, LLC, ("Zeeto") and Tibrio, LLC ("Tibrio"). I have personal knowledge of the facts contained in this declaration and, if called as a witness, could and would testify as such.

2. The addition of 43 special interrogatories are not being requested for any improper purposes, such as to harass the party, or the attorney for the party, to whom they are directed, or to cause unnecessary delay or needless increase in the cost of litigation.

3. Attached hereto as Exhibit 1 is true and correct copy of the proposed interrogatories for this Court's review.

I declare under penalty of perjury, under the law of the state of California, that the foregoing is true and correct. Executed this 31th day of March 2020, in San Diego, California.

_____
Jacob A. Gillick

EXHIBIT 1

Christopher S. Morris, Esq., SBN 163188
cmorris@morrislawfirmapc.com
Jacob A. Gillick, Esq. 312336
jgillick@morrislawfirmapc.com
MORRIS LAW FIRM, APC
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065

Attorneys for Defendants Zeetogroup, LLC,
Samples.com, LLC, and Tibrio, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V.,<br><br>Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>Defendants.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>Cross-Complainants,<br><br>v.<br><br>GLOBAL VENTU HOLDING B.V., ALEX ANDEBEEK, an individual, and ROES 1 through 50, inclusive<br><br>Cross-Defendants. | Case No. 19cv1018 DMS LL<br><br>**DEFENDANT/CROSS-COMPLAINANT ZEETOGROUP, LLC'S SPECIAL INTERROGATORIES TO PLAINTIFF/CROSS-DEFENDANT GLOBAL VENTU HOLDING B.V., SET ONE** |

1

| | |
|---|---|
| PROPOUNDING PARTY: | Defendant/Cross-Complainant Zeetogroup, LLC |
| RESPONDING PARTY: | Plaintiff/Cross-Defendant Global Ventu Holding B.V. |
| SET NO.: | ONE (1) |

Defendant/Cross-Complainant Zeetogroup, LLC hereby requests that Plaintiff/Cross-Defendant Global Ventu Holding B.V. answer the following special interrogatories under oath within thirty (30) days as required by Rule 36 of the Federal Rules of Civil Procedure.

## DEFINITIONS

1. The term "IDENTIFY" means to state the following:

a. In the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

b. In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c. In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d. In the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e. In the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

2. The term "YOU" and "YOUR" shall mean responding party Global Ventu, B.V.

3. The term "DOCUMENTS" refers to any and all communications, written notes, computer code, designs, mockups, ads, strategy notes, contracts, agreements, printouts, calendars, slack messages, text messages, skype messages, audio messages, voicemails, emails, letters, memos and any other kind of written record.

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Please IDENTIFY all Facebook accounts (including account ID) that Global Ventu owns or has access to.

**SPECIAL INTERROGATORY NO. 2:**

Please IDENTIFY the links to any landing pages, website, or other site that Global Ventu sent traffic to on behalf of Tibrio.

**SPECIAL INTERROGATORY NO. 3:**

Please IDENTIFY the links to any landing pages, website, or other site that Global Ventu sent traffic to on behalf of Fluent, Inc.

**SPECIAL INTERROGATORY NO. 4:**

Please IDENTIFY the links to any landing pages, website, or other site that Global Ventu sent traffic to on behalf of companies or entities similar to Tibrio, LLC.

/ / /

/ / /

/ / /

**SPECIAL INTERROGATORY NO. 5:**

Please state all facts supporting the contention at paragraph 14 of YOUR Complaint where YOU allege that "Global Ventu performed all of its obligations under the parties' agreements."

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 5, above.

**SPECIAL INTERROGATORY NO. 8:**

Please state all facts supporting the contention at paragraph 14 of YOUR Complaint where YOU allege that Samples Facebook Account "was owned by ZeetoGroup (Samples' parent company)."

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 8, above.

**SPECIAL INTERROGATORY NO. 11:**

Please state all facts supporting the contention at paragraph 15 of YOUR Complaint where YOU allege that "the parties recognized that the [Facebook] account contained Global Ventu's Confidential Information."

**SPECIAL INTERROGATORY NO. 12:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

///

**SPECIAL INTERROGATORY NO. 13:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 11, above.

**SPECIAL INTERROGATORY NO. 14:**

Please state all facts supporting the contention at paragraph 15 of YOUR Complaint where YOU allege that the parties "worked to ensure that safeguards were in place to strictly limit access to the Facebook Account."

**SPECIAL INTERROGATORY NO. 15:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 16:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 14, above.

**SPECIAL INTERROGATORY NO. 17:**

Please state all facts supporting the contention at paragraph 16 of YOUR Complaint where YOU allege that "ZeetoGroup's [ZAN] software performed far worse than the software the parties had been using."

**SPECIAL INTERROGATORY NO. 18:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 19:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 17, above.

**SPECIAL INTERROGATORY NO. 20:**

Please state all facts supporting the contention at paragraph 16 of YOUR Complaint where YOU allege that the transition to ZAN "would have resulted in a significant drop in revenue for Global Ventu."

///

**SPECIAL INTERROGATORY NO. 21:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 22:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 20, above.

**SPECIAL INTERROGATORY NO. 23:**

Please state all facts supporting the contention at paragraph 18 of YOUR Complaint where YOU allege that "Global Ventu was unable to access and remove all of the ad content and proprietary tracking information it had spent years and significant sums of money developing."

**SPECIAL INTERROGATORY NO. 24:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 25:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 23, above.

**SPECIAL INTERROGATORY NO. 26:**

Please state all facts supporting the contention at paragraph 20 of YOUR Complaint where YOU allege that "Samples and ZeetoGroup [] had access to Global Ventu's valuable content and information."

**SPECIAL INTERROGATORY NO. 27:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 28:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 26, above.

///

**SPECIAL INTERROGATORY NO. 29:**

Please state all facts supporting the contention at paragraph 21 of YOUR Complaint where YOU allege that "Samples and ZeetoGroup proceeded to use that content and information for their own profit."

**SPECIAL INTERROGATORY NO. 30:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 31:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 29, above.

**SPECIAL INTERROGATORY NO. 32:**

Please state all facts supporting the contention at paragraph 21 of YOUR Complaint where YOU allege that "Samples and ZeetoGroup started running Facebook ads with identical or near-identical content to those created by Global Ventu."

**SPECIAL INTERROGATORY NO. 33:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 34:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 32, above.

**SPECIAL INTERROGATORY NO. 35:**

Please state all facts supporting the contention at paragraph 22 of YOUR Complaint where YOU allege that "Samples and ZeetoGroup also began using the confidential ad targeting data developed by Global Ventu."

**SPECIAL INTERROGATORY NO. 36:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 37:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 35, above.

**SPECIAL INTERROGATORY NO. 38:**

Please state all facts supporting the contention at paragraph 23 of YOUR Complaint where YOU allege that "Samples and ZeetoGroup have used Global Ventu's ad content and trade secret information to generate revenues of at least hundreds of thousands of dollars, at a rate of up to $17,500 per day."

**SPECIAL INTERROGATORY NO. 39:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 40:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 38, above.

**SPECIAL INTERROGATORY NO. 41:**

Please state all facts supporting the contention at paragraph 24 of YOUR Complaint where YOU allege that "they simply cut Global Ventu out of the picture."

**SPECIAL INTERROGATORY NO. 42:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 43:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 41, above.

**SPECIAL INTERROGATORY NO. 44:**

Please state all facts supporting the contention at paragraph 24 of YOUR Complaint where YOU allege that "the path Samples and ZeetoGroup chose violates both the parties' contracts and federal and California law."

**SPECIAL INTERROGATORY NO. 45:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 46:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 44, above.

**SPECIAL INTERROGATORY NO. 47:**

Please state all facts supporting the contention at paragraph 38 of YOUR Complaint where YOU allege that "[t]he information Global Ventu developed derives independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use."

**SPECIAL INTERROGATORY NO. 48:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 49:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 47, above.

**SPECIAL INTERROGATORY NO. 50:**

Please state all facts supporting the contention at paragraph 41 of YOUR Complaint where YOU allege that "Defendants' misappropriation was willful and malicious."

**SPECIAL INTERROGATORY NO. 51:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 52:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 50, above.

///

**SPECIAL INTERROGATORY NO. 53:**

Please IDENTIFY where the cover photo for the Facebook account, "Get Free Samples," was originated.

**SPECIAL INTERROGATORY NO. 54:**

Please IDENTIFY where the story copy for the Facebook account, "Get Free Samples," was originated.

**SPECIAL INTERROGATORY NO. 55:**

Please IDENTIFY all product images that were created by Tibrio but have been used for the Facebook Account "Get Free Samples."

**SPECIAL INTERROGATORY NO. 56:**

Please IDENTIFY all Facebook accounts you have access to that are for the benefit of Fluent, Inc.

**SPECIAL INTERROGATORY NO. 57:**

For each denial of any Request For Admission served concurrently, please state all facts supporting the denial.

**SPECIAL INTERROGATORY NO. 58:**

IDENTIFY, for each denial, all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 59:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 57, above.

**SPECIAL INTERROGATORY NO. 60:**

Please state all facts surrounding YOUR current business relationship with The Original Agency, LLC.

**SPECIAL INTERROGATORY NO. 61:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

///

**SPECIAL INTERROGATORY NO. 62:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 60, above.

**SPECIAL INTERROGATORY NO. 63:**

Please state all facts surrounding YOUR current business relationship with Ben Stein.

**SPECIAL INTERROGATORY NO. 64:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 65:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 63, above.

**SPECIAL INTERROGATORY NO. 66:**

Please state all facts surrounding YOUR current business relationship with Josh Ogle.

**SPECIAL INTERROGATORY NO. 67:**

IDENTIFY all individuals with personal knowledge of any fact set forth in YOUR response to the proceeding interrogatory.

**SPECIAL INTERROGATORY NO. 68:**

IDENTIFY all DOCUMENTS containing any fact set forth in YOUR response to Special Interrogatory 66, above.

Respectfully submitted,

**MORRIS LAW FIRM, APC**

Dated: March 31, 2020

Jacob A. Gillick, Esq.
jgillick@morrislawfirmapc.com
Attorneys for Defendants Zeetogroup, LLC, Samples.com, LLC, and Tibrio, LLC