Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
David G. Greco (SBN 299635)
grecod@rmolawyers.com
Jessica C. Covington (SBN 301816)
covingtonj@rmolawyers.com
service@rmolawyers.com
**RMO LLP**
2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff and Cross-defendant
GLOBAL VENTU HOLDING B.V.
and Cross-defendant
ALEX ANDEBEEK

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V., | CASE NO.: 3:19-cv-01018-DMS-LL |
| Plaintiff, | **DECLARATION OF DAVID GRECO IN SUPPORT OF PLAINTIFF GLOBAL VENTU HOLDING B.V. & CROSS-DEFENDANT ALEX ANDEBEEK'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO PROPOUND DISCOVERY IN EXCESS OF THE LIMITS SET FORTH IN THE LOCAL RULES OF COURT** |
| v. | |
| ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC, | |
| Defendants. | |
| ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC, | Trial:          N/A |
| Cross-complainants, | Case Filed:   May 31, 2019 |
| v. | Judge: Hon. Dana M. Sabraw |
| GLOBAL VENTU HOLDING B.V.; ALEX ANDEBEEK, an individual; and ROES 1 through 50, inclusive | Magistrate: Hon. Linda Lopez |
| Cross-defendants. | |

# DECLARATION OF DAVID GRECO

I, David Greco, declare:

1.    I am an attorney with RMO LLP, counsel of record for Global Ventu Holding B.V. and Alex Andebeek. Everything in this declaration is based on my own personal knowledge. If called to testify to the contents of this declaration, I could do so competently.

2.    The moving parties did not ever request that the parties increase the default number of discovery requests that any party to this proceeding could propound.

3.    Until April 9, moving parties had not produced a single document in this litigation. The claim, in Exhibit H, that they produced a thousand pages of documents with their supplemental discovery responses, is false.

4.    **Exhibit A** is a true and correct copy of an email I received from Jacob Gillick, counsel for moving parties, dated December 20, 2019.

5.    **Exhibit B** is a true and correct copy of the RESPONSES TO PLAINTIFF GLOBAL VENTO HOLDING B.V.'S INTERROGATORIES TO SAMPLES.COM, LLC / TIBRIO LLC [SET ONE], dated January 27, 2020.

6.    **Exhibit C** is a true and correct copy of the proof of service that accompanied Exhibit B.

7.    **Exhibit D** is a true and correct copy of the envelope in which Exhibits B and C were delivered.

8.    **Exhibit E** is a true and correct copy of the ORDER GRANTING IN PART DEFENDANT CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC.'S MOTION FOR SANCTIONS FOR VIOLATION OF THE PROTECTIVE ORDER, ECF No. 132, from Case No. 16CV1974-BEN-LL, in the United States District Court for the Southern District of California.

9.    **Exhibit F** is a true and correct copy of the Westlaw document available at 2019 WL 1901084, "ORDER AWARDING REASONABLE ATTORNEYS'

FEES," from Case No. 16CV1974-BEN-LL, in the United States District Court for the Southern District of California.

10.   **Exhibit G** is a true and correct copy of the Lexis Nexis document available at 2016 U.S. Dist. LEXIS 187886, "ORDER GRANTING MOTION TO QUASH," from Southern District of California Case No. 12-CV-589-CAB-DHB, *Walters v. City of San Diego*, dated October 25, 2016.

11.   **Exhibit H** is a true and correct copy of an email exchange between my office and moving parties' counsel, with a most recent date of April 9, 2020.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: April 10, 2020                    **DECLARANT**


                                         ***/s/ David Greco***
                                         David Greco

# Exhibit A

## David Greco

| | |
|---|---|
| **From:** | Jacob Gillick <jgillick@morrislawfirmapc.com> |
| **Sent:** | Friday, December 20, 2019 7:08 AM |
| **To:** | David Greco; Brittany E. Guest; Chris Morris; Leanna Pierce |
| **Subject:** | RE: Global Ventu Holding B.V. v. Zeetogroup, LLC, et al. (USDC, Case No. 3:19-CV-01018-DMS-LL) - Initial Disclosures |

Hi David,

We will do a voluntary production of documents. As I am sure you are aware, everyone is a little scattered around the holidays.

Our answer is due 12/24. Could we stipulate to move that date back to January 8, please? I am trying to get away for the holiday and would appreciate the extension.

Best,

Jacob A. Gillick, Esq.
**MORRIS LAW FIRM, APC**
501 West Broadway, Suite 1480
San Diego, CA 92101
Tel. (619) 826-8060
Fax. (619) 826-8065

CONFIDENTIAL NOTICE: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain information protected by the attorney-client privilege, the attorney work product doctrine or other applicable privileges or confidentiality laws or regulations. If you are not an intended recipient, you may not review, use, copy, disclose or distribute this message or any of the information contained in this message to anyone. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of this message and any attachments. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

**From:** David Greco <grecod@rmolawyers.com>
**Sent:** Thursday, December 19, 2019 1:10 PM
**To:** Jacob Gillick <jgillick@morrislawfirmapc.com>; Brittany E. Guest <guestb@rmolawyers.com>; Chris Morris <cmorris@morrislawfirmapc.com>; Leanna Pierce <lpierce@morrislawfirmapc.com>
**Subject:** Re: Global Ventu Holding B.V. v. Zeetogroup, LLC, et al. (USDC, Case No. 3:19-CV-01018-DMS-LL) - Initial Disclosures

Thank you counsel. Do Defendants intend to produce the documents identified in their disclosures?

--
**David Greco**
Attorney
619.323.3200 | Office
619.323.3201 | Direct
grecod@rmolawyers.com
**RMO LLP**
www.rmolawyers.com
Los Angeles | Orange County | San Diego | Miami | Kansas City

**From:** Jacob Gillick <jgillick@morrislawfirmapc.com>
**Date:** Thursday, December 19, 2019 at 1:03 PM
**To:** "Brittany E. Guest" <guestb@rmolawyers.com>, Chris Morris <cmorris@morrislawfirmapc.com>, Leanna Pierce <lpierce@morrislawfirmapc.com>
**Cc:** "Scott E. Rahn" <rahns@rmolawyers.com>, "Sean D. Muntz" <muntzs@rmolawyers.com>, David Greco <grecod@rmolawyers.com>
**Subject:** RE: Global Ventu Holding B.V. v. Zeetogroup, LLC, et al. (USDC, Case No. 3:19-CV-01018-DMS-LL) - Initial Disclosures

All,

Please see the attached initial disclosures by Defendants.

Thank you.

Jacob A. Gillick, Esq.
**MORRIS LAW FIRM, APC**
501 West Broadway, Suite 1480
San Diego, CA 92101
Tel. (619) 826-8060
Fax. (619) 826-8065

CONFIDENTIAL NOTICE: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain information protected by the attorney-client privilege, the attorney work product doctrine or other applicable privileges or confidentiality laws or regulations. If you are not an intended recipient, you may not review, use, copy, disclose or distribute this message or any of the information contained in this message to anyone. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of this message and any attachments. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

**From:** Brittany E. Guest <guestb@rmolawyers.com>
**Sent:** Wednesday, December 18, 2019 4:40 PM
**To:** Chris Morris <cmorris@morrislawfirmapc.com>; Jacob Gillick <jgillick@morrislawfirmapc.com>; Leanna Pierce <lpierce@morrislawfirmapc.com>
**Cc:** Scott E. Rahn <rahns@rmolawyers.com>; Sean D. Muntz <muntzs@rmolawyers.com>; David Greco <grecod@rmolawyers.com>
**Subject:** Global Ventu Holding B.V. v. Zeetogroup, LLC, et al. (USDC, Case No. 3:19-CV-01018-DMS-LL) - Initial Disclosures

Good afternoon, Counsel,

Please find attached Plaintiff Global Ventu Holding B.V.'s Initial Disclosures for your records.

The document production accompanying the attached disclosures is contained within the following link:
https://www.dropbox.com/sh/f2ml3mjni59qg7d/AABu8um2lj4sDQSUbvnuNmjDa?dl=0
*\*\*Please note this link is password protected. The password will follow immediately under separate cover. In addition, the link will expire within 2 weeks. Please download the documents no later than January 1, 2020.*

If you have any troubles opening the attachment or accessing the document production contained within the link above, please let us know.

Thank you.

*Thank you,*

**Brittany E. Guest**
949.282.8587 | direct
424.320.9444 | main
guestb@rmolawyers.com
**RMO LLP**
2029 Century Park East, Suite 2910
Los Angeles, CA 90067-6017
www.rmolawyers.com
Los Angeles | Orange County | San Diego | Miami | Kansas City

# Exhibit B

Christopher S. Morris, Esq., SBN 163188
cmorris@morrislawfirmapc.com
Jacob A. Gillick, Esq. 312336
jgillick@morrislawfirmapc.com
MORRIS LAW FIRM, APC
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone:  (619) 826-8060
Facsimile:  (619) 826-8065

Attorneys for Defendants Zeetogroup, LLC,
Samples.com, LLC, and Tibrio, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V., | Case No. 19cv1018 DMS LL |
| Plaintiff, | **RESPONSES TO PLAINTIFF GLOBAL VENTU HOLDING B.V.'S INTERROGATORIES TO SAMPLES.COM, LLC / TIBRIO LLC [SET ONE]** |
| v. | |
| ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC, | |
| Defendants. | |

1

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff Global Ventu Holding, B.V. |
| RESPONDING PARTY: | Defendant Samples.com / Tibrio LLC |
| SET NO.: | ONE (1) |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Samples.com / Tibrio LLC hereby responds to Plaintiff Global Ventu Holdings, B.V.'s Interrogatories, Set No. One in accordance with and subject to the qualifications and objections set forth in Defendant Samples.com / Tibrio LLC's response as follows:

## INTERROGATORIES AND RESPONSES

## INTERROGATORY NO. 1

For each request for admission that you deny, state all facts supporting your denial.

## RESPONSE TO INTERROGATORY NO. 1

Responding Party objects to this request on the ground that it is vague and ambiguous.  Responding Party further objects that this discovery request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive.  To comply with the request would be an undue burden and expense on Responding Party.  The request is calculated to annoy and harass Responding Party.  (Code of Civ. Proc., §§ 2023.010(c), 2030.090(b); *Columbia Broadcasting System, Inc. v. Superior Court of Los Angeles County* (1968) 263 Cal.App.2d 12, 19).

Responding Party further objects that the request seeks information subject to the attorney-client privilege.  The attorney-client privilege is broadly construed, and extends to "factual information" and "legal advice." (*Mitchell v. Superior Court* (1984) 37 Cal.3d 591, 601.)   Furthermore, Responding Party objects that the request seeks attorney work product in violation of Code of Civil Procedure sections 2018.020 and 2018.030.

/ / /

2

**INTERROGATORY NO. 2**

For each request for admission that you deny, identify—by providing the name, address, telephone number, and last-known email address for—all persons with knowledge of the facts that you contend support your denial.

**RESPONSE TO INTERROGATORY NO. 2**

Responding Party objects to this request on the ground that it is not relevant to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, interrogatories that request the identity "of all persons…having knowledge of relevant facts" are "shotgun" requests. (*Romero v. Hern* (1969) 276 CA2d 787, 794.) Accordingly, Responding Party objects on the ground that this request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive; to comply with the request would be an undue burden and expense on the plaintiff. (Code of Civ. Proc., §§ 2023.010(c), 2030.090(b); *Columbia Broadcasting System, Inc. v. Superior Court of Los Angeles County* (1968) 263 Cal.App.2d 12, 19).

In addition, Responding Party objects that this request seeks disclosure of a third party nonlitigant's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

**INTERROGATORY NO. 3**

Identify—by providing the name, address, telephone number, and last-known email address for—all persons with knowledge of any facts supporting your contention that Plaintiff is not entitled to the relief it seeks in its First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 3**

Responding Party objects to this request on the ground that it is vague and ambiguous. Responding Party further objects to this request on the ground that it is not relevant to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence.

3

1    Furthermore, interrogatories that request the identity "of all persons…having

2    knowledge of relevant facts" are "shotgun" requests.  (*Romero v. Hern* (1969) 276

3    CA2d 787, 794.)  Accordingly, Responding Party objects on the ground that this

4    request is so broad and unlimited as to time and scope as to be an unwarranted

5    annoyance, embarrassment, and is oppressive; to comply with the request would be

6    an undue burden and expense on the plaintiff.  (Code of Civ. Proc., §§ 2023.010(c),

7    2030.090(b); *Columbia Broadcasting System, Inc. v. Superior Court of Los Angeles*

8    *County* (1968) 263 Cal.App.2d 12, 19.)

9    In addition, Responding Party objects that this request seeks disclosure of a

10    third party nonlitigant's private information, disclosure of which would violate

11    Article I, Sec. I of the California Constitution.

12    **INTERROGATORY NO. 4**

13    Identify—by providing the name, address, telephone number, and last-known

14    email address for—all persons with knowledge of any facts supporting

15    any affirmative defense you plan to assert in this action.

16    **RESPONSE TO INTERROGATORY NO. 4**

17    Responding Party objects to this request on the ground that it is vague and

18    ambiguous.  Responding Party further objects to this request on the ground that it is

19    not relevant to the subject matter of the action and not reasonably calculated to lead

20    to the discovery of admissible evidence.

21    Furthermore, interrogatories that request the identity "of all persons…having

22    knowledge of relevant facts" are "shotgun" requests.  (*Romero v. Hern* (1969) 276

23    CA2d 787, 794.)  Accordingly, Responding Party objects on the ground that this

24    request is so broad and unlimited as to time and scope as to be an unwarranted

25    annoyance, embarrassment, and is oppressive; to comply with the request would be

26    an undue burden and expense on the plaintiff.  (Code of Civ. Proc., §§ 2023.010(c),

27    2030.090(b); *Columbia Broadcasting System, Inc. v. Superior Court of Los Angeles*

28    *County* (1968) 263 Cal.App.2d 12, 19.)

4

In addition, Responding Party objects that this request seeks disclosure of a third party nonlitigant's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

**INTERROGATORY NO. 5**

Identify—by providing the name, address, telephone number, and last-known email address for—all of your employees and/or officers who interacted with Plaintiff in the course of the parties' business relationship.

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party objects to this request on the ground that it is vague and ambiguous as to the term "interacted." Responding Party further objects to this request on the ground that it is not relevant to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence.

Furthermore, interrogatories that request the identity "of all persons…having knowledge of relevant facts" are "shotgun" requests. (*Romero v. Hern* (1969) 276 CA2d 787, 794.) Accordingly, Responding Party objects on the ground that this request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive; to comply with the request would be an undue burden and expense on Responding Party. (Code of Civ. Proc., §§ 2023.010(c), 2030.090(b); *Columbia Broadcasting System, Inc. v. Superior Court of Los Angeles County* (1968) 263 Cal.App.2d 12, 19).

In addition, Responding Party objects that this request seeks disclosure of a third party nonlitigant's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.

**INTERROGATORY NO. 6**

Identify—by providing the name, address, telephone number, and last-known email address for—all of your employees and/or officers who participated in the development of your Facebook content and/or advertisements.

/ / /

RESPONSES TO INTERROGATORIES                                    19cv1018 DMS LL

**RESPONSE TO INTERROGATORY NO. 6**

Responding Party objects to this request on the ground that it is vague and ambiguous as to the terms "participated," "development," and "content." Responding Party further objects to this request on the ground that it is not relevant to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence.

Furthermore, interrogatories that request the identity "of all persons…having knowledge of relevant facts" are "shotgun" requests. (*Romero v. Hern* (1969) 276 CA2d 787, 794.) Accordingly, Responding Party objects on the ground that this request is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive; to comply with the request would be an undue burden and expense on Responding Party. (Code of Civ. Proc., §§ 2023.010(c), 2030.090(b); *Columbia Broadcasting System, Inc. v. Superior Court of Los Angeles County* (1968) 263 Cal.App.2d 12, 19).

In addition, Responding Party objects that this request seeks disclosure of a third party nonlitigant's private information, disclosure of which would violate Article I, Sec. I of the California Constitution.


Respectfully submitted,

**MORRIS LAW FIRM, APC**

Dated:  January 27, 2020

Jacob A. Gillick, Esq.
jgillick@morrislawfirmapc.com
Attorneys for Defendants Zeetogroup, LLC,
Samples.com, LLC, and Tibrio, LLC

# Exhibit C

1    Christopher S. Morris, Esq., SBN 163188
     cmorris@morrislawfirmapc.com
2    Jacob A. Gillick, Esq. 312336
     jgillick@morrislawfirmapc.com
3    MORRIS LAW FIRM, APC
     501 West Broadway, Suite 1480
4    San Diego, CA 92101
     Telephone: (619) 826-8060
5    Facsimile: (619) 826-8065

6    Attorneys for Defendants Zeetogroup, LLC,
     Samples.com, LLC, and Tibrio, LLC
7

8                  UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11   GLOBAL VENTU HOLDING B.V.,        Case No. 19cv1018 DMS LL

12                        Plaintiff,    **PROOF OF SERVICE**

13        v.

14   ZEETOGROUP, LLC,
     SAMPLES.COM, LLC, AND
15   TIBRIO, LLC,

16                        Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

                                 1

PROOF OF SERVICE                              19cv1018 DMS LL

## PROOF OF SERVICE

I, the undersigned, am employed in the county of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 401 West A Street, Suite 1820, San Diego, CA, 92101.

On January 27, 2020, I caused to be served the following document(s):

- **RESPONSES TO PLAINTIFF GLOBAL VENTU HOLDING B.V.'S INTERROGATORIES TO ZEETOGROUP, LLC [SET ONE]**

- **RESPONSES TO PLAINTIFF GLOBAL VENTU HO9LDING B.V.'S REQUESTS FOR ADMISSION TO ZEETOGROUP, LLC [SET ONE]**

- **RESPONSES TO PLAINTIFF GLOBAL VENTU B.V.'S REQUESTS FOR PRODUCTION TO ZEETOGROUP, LLC [SET ONE]**

- **RESPONSES TO PLAINTIFF GLOBAL VENTU HOLDING B.V.'S INTERROGATORIES TO SAMPLES.COM, LLC / TIBRIO LLC [SET ONE]**

- **RESPONSES TO PLAINTIFF GLOBAL VENTU HO9LDING B.V.'S REQUESTS FOR ADMISSION TO SAMPLES.COM, LLC / TIBRIO LLC [SET ONE]**

- **RESPONSES TO PLAINTIFF GLOBAL VENTU B.V.'S REQUESTS FOR PRODUCTION TO SAMPLES.COM, LLC / TIBRIO LLC [SET ONE]**

on the parties in this action as follows:

| | |
|---|---|
| Scott E. Rahn, Esq.<br>rahns@rmolawyers.com<br>Sean D. Muntz Esq.<br>muntzs@rmolawyers.com<br>David G. Greco, Esq.<br>grecod@rmolawyers.com<br>RMO LLP<br>2029 Century Park East, Suite 2910<br>Los Angeles, CA 90067<br>424-320-9444 – Telephone | Attorneys for Plaintiff Global Ventu Holding B.V. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

1  ☒     **BY MAIL** - As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would

2  be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business.  The

3  envelope was sealed and placed for collection and mailing on this date following our ordinary practices.  I am aware that on motion of the party served, service is

4  presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

5

6      I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

7

    Executed on January 27, 2020, at San Diego, California.

8

9                                                                          _____

                                                                Leanna Pierce

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

PROOF OF SERVICE                                                    19cv1018 DMS LL

# Exhibit D




$2.8
US POST
FIRST-CL

PITNEY BC
90517

SendPro



MORRIS
LAW FIRM, APC

501 West Broadway, Suite 1480
San Diego, California 92101

Scott E. Rahn, Esq.
Sean D. Muntz Esq.
David G. Greco, Esq.
RMO LLP
2029 Century Park East, Suite 2910
Los Angeles, CA 90067

# Exhibit E

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE NISHIMOTO,<br><br>               Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br>DOES 1-100, inclusive,<br><br>               Defendants. | Case No.: 16CV1974-BEN-LL<br><br>**ORDER GRANTING IN PART DEFENDANT CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC.'S MOTION FOR SANCTIONS FOR VIOLATION OF THE PROTECTIVE ORDER**<br><br>**[ECF No. 132]** |

Currently before the Court is Defendant Correctional Physicians Medical Group ("CPMG")'s Motion for Sanctions [ECF No. 132 ("Mot.")], Plaintiff Rochelle Nishimoto's Opposition to Defendant's Motion [ECF No. 148 ("Opp.")], and Defendant's Reply [ECF No. 150]. For the reasons set forth below, the Court **GRANTS IN PART** CPMG's Motion for Sanctions.

## **RELEVANT BACKGROUND**

The instant dispute arises from Plaintiff counsel's alleged failure to file e-mail documents designated as "CONFIDENTIAL" under seal in violation of the Protective Order in this case.

1

## I.    Stipulated Protective Order

The Protective Order in this case was entered on July 13, 2018. <u>See</u> ECF No. 65. It governs:

> [T]he dissemination and maintenance of medical, employment, documents generated by or directed to the Citizen Law Enforcement Review Board (CLERB)[1], jail records pertaining to non-party inmates, and law enforcement records, and other materials that may contain confidential sensitive information that are produced and released to plaintiff and his attorney, or any other party in this lawsuit, as ordered by the Court.

<u>Id.</u> at 1.

The Protective Order states Parties "shall not disclose the contents of the documents, or provide the documents or copies of the documents, or the substance of the documents or electronically disseminate the documents or data extracted from the documents, to anyone except as specified [in the Protective Order]." <u>Id.</u> at 2.

Pursuant to the Protective Order, each party may designate documents and materials produced in the instant litigation as "CONFIDENTIAL." <u>Id.</u> Documents designated as "CONFIDENTIAL" may only be disclosed to:

> (a) the parties' respective attorneys, and any party to this action;
>
> (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or other proceedings in this case;
>
> (c) designated expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;
>
> (d) the Court and its personnel; and
>
> (e) stenographic reporters engaged in proceedings as are necessarily incidental to preparation for the trial of this action.

2

16CV1974-BEN-LL

Id. at 2-3.

Pursuant to the Protective Order, documents designated as "CONFIDENTIAL" are not to be filed with the Clerk of the Court "except under seal in a matter consistent with such procedures provided by the Court and/or as allowed by a Court order." Id. at 4.

The Protective Order does not provide a specific procedure to follow in order to challenge another party's confidential designation.

## II. Production of Documents Designated "CONFIDENTIAL" and Plaintiff's Motion for Reconsideration

In their Motion, CPMG alleges that: "[o]n December 6, 2018," the former County Defendants[1] produced documents marked "CONFIDENTIAL" to Plaintiff. Mot. at 2.

On January 2, 2019, Plaintiff filed a Motion for Reconsideration requesting that the Court: (1) reverse the dismissal of Plaintiff's Section 1983 claims against CPMG; (2) grant leave to add three CPMG officials to the case; and (3) grant leave to continue discovery on a limited basis. ECF No. 119. In her motion, Plaintiff attached two documents designated as "CONFIDENTIAL" as Exhibits 1 and 3. Id. at Exs. 1, 3. Exhibit 1 is a Termination for Cause Notice ("Termination Notice"). Exhibit 3 is a series of e-mail exchanges. Plaintiff included the substance and language from these documents in her Motion for Reconsideration. See id. at 7-10.

CPMG argues the "documents and the quoted language were not filed under seal as required by the Protective Order[.]" Id. at 2.

## III. Filings in Estate of Ruben Nunez et al v. County of et al, 16cv1412 ("Nunez") and Moriarty v. County of San Diego, 17cv1154 ("Moriarty")

In their Motion, CPMG argues "it is clear from the subsequent meet and confer attempts" with Plaintiff's counsel that the public disclosure of these documents was done "intentionally" to provide information to plaintiff's counsel in the Nunez case. Mot. at 3.

---

[1] Defendants County of San Diego, Kyle Klein, Leah Gache, Vicky Felizardo, Lavinia Fifita, Rudolph Gertzki and Ethan Miedecke's were dismissed from the case on February 7, 2019. See ECF No. 142.

3

In support. CPMG notes that on January 7, 2019, plaintiff's counsel in <u>Nunez</u> filed a Motion for Reconsideration in that case. <u>Nunez</u>, ECF No. 337. Attached as Exhibits 9-12 to this motion are the Termination Notice and e-mail exchanges designated "CONFIDENTIAL" but filed publicly in Plaintiff's Motion for Reconsideration in this case. <u>See</u> <u>Nunez</u>, ECF No. 337 at Ex. 9-12.

In her declaration, plaintiff's counsel in <u>Nunez</u> states: (1) "[o]n December 12, 2018" she was notified by Plaintiff's counsel in this case "that the County of San Diego had just served on them documents relevant to the death of Ruben Nunez"; (2) that out of the concern the documents could be subject to the Protective Order in this case, she did not request a copy of these documents; and (3) that she obtained Exhibits 9-11 through the public filings in this case. <u>Nunez</u>, ECF No. 337, Decl. of Julia Yoo at ¶¶ 17-23.

CPMG argues that as further evidence of the "intentional nature" of Plaintiff's conduct, on January 28, 2019, Plaintiff's counsel filed these same documents publicly in the <u>Moriarty</u> case. <u>See</u> <u>Moriarty</u>, ECF No. 64 at Ex. 2.

## **LEGAL STANDARD**

Rule 37 of the Federal Rules of Civil Procedure "grants courts the authority to impose sanctions where a party has violated a protective order issued pursuant to Rule 26(f)." <u>O'Connor v. Uber Techs., Inc.</u>, 2017 U.S. Dist. LEXIS 141095, at *15 (N.D. Cal. Aug. 31, 2017) (quoting <u>Life Techs. Corp. v. Biosearch Techs., Inc.</u>, 2012 U.S. Dist. LEXIS 63974, at *23-24 (N.D. Cal. May 7, 2012)).

Rule 37 "authorizes the district court to impose a wide range of sanctions if a party fails to comply with a discovery order." <u>United States v. Nat'l Med. Enters., Inc.</u>, 792 F.2d 906, 910 (9th Cir. 1986) (citations omitted). "The choice among the various sanctions rests within the discretion of the district court." <u>United States v. Sumitomo Marine & Fire Ins. Co.</u>, 617 F.2d 1365, 1369 (9th Cir. 1980). However, the court's authority to issue sanctions "is subject to certain limitations[.]" <u>Nat'l Med. Enters., Inc.</u>, 792 F.2d at 910 (citations omitted). Specifically: "(1) the sanction must be just; and (2) the sanction must specifically relate to the particular claim at issue in the order." <u>Id.</u>

4

**ANALYSIS**

## I.      Submission of the E-mail Documents in Plaintiff's Motion for Reconsideration

The Court first addresses whether Plaintiff violated the Protective Order in this case. See <u>Apple, Inc. v. Samsung Elecs. Co., Ltd.</u>, 2014 U.S. Dist. LEXIS 11778, at *33 (N.D. Cal. Jan. 29, 2014) (the first question is "has [the Court's] protective order been violated?").

Here, the Court finds Plaintiff's counsel violated the Protective Order by unilaterally filing documents designated as "CONFIDENTIAL" publicly and then failing to take any action once an objection was raised. Under the plain terms of the Protective Order, "<u>[d]ocuments designated as Confidential shall not be filed with the Clerk of Court except under seal</u> in a manner consistent with such procedures provided by the Court and/or as allowed by a Court order." ECF No. 65 at 4 (emphasis added).

Plaintiff's counsel does not dispute the publicly filed documents were designated "CONFIDENTIAL." Opp. at 2. Instead, Plaintiff's counsel alleges they took "diligent steps" to determine if the documents were meant to be designated in this way. Id. at 6. The steps that Plaintiff's counsel took, and the responses taken by the former County Defendants and CPMG, are not however a model of clarity.

Plaintiff's counsel first states they raised the issue with the former County Defendants who allegedly: (1) "purposefully equivocated" regarding the confidentiality of the documents; (2) raised concerns about disseminating non-party information; and (3) then stated they would "get back" to Plaintiff's counsel but never did. Opp. at 2-3, 6-7; Decl. of Christopher Morris at ¶¶ 2-3.

Plaintiff's counsel states that because the former County Defendants only voiced a concern about publicly disseminating third-party information, Plaintiff reached out to Mr. Nunez's counsel who waived the privilege on her client's behalf. Opp. at 3. At that point, Plaintiff's counsel appears to have convinced themselves that they had dealt with the former County Defendants' only concern.

5

Accordingly, on December 10, 2018, Plaintiff's counsel proceeded to file the Termination Notice publicly as an exhibit to Plaintiff's Opposition to the County Defendants' Motion for Summary Judgment. See ECF No. 109, Ex. 1. The former County Defendants and CPMG did not request that this document be sealed.[2] Plaintiff argues that because of their failure to object, "any alleged confidential status has been waived." Opp. at 9.

Plaintiff's counsel then proceeded to file both the Termination Notice and e-mail exchanges publicly in Plaintiff's Motion for Reconsideration. ECF No. 119 at Exs. 1, 3. Plaintiff's counsel subsequently refused to withdraw the documents and/or re-file them under seal after being requested to do so by both the former County Defendants and CPMG. See Mot., Ex. A; Reply, Ex. 3.

The Court does not find that the "diligent steps" Plaintiff's counsel took somehow justifies their violation of the Protective Order. To the extent Plaintiff's counsel contends the materials designated as "CONFIDENTIAL" were improperly marked, Plaintiff should have challenged these designations before the Court prior to publicly filing them. Plaintiff's counsel could not simply unilaterally decide that the materials were improperly designated. See Brady v. Grendene USA, Inc., 2015 U.S. Dist. LEXIS 73225, at *8-9 (S.D. Cal. June 5, 2015) (holding that whether a document should be designated confidential is irrelevant to a party's obligation to comply with a Protective Order); Brocade Communs. Sys. v. A10 Networks, Inc., 2011 U.S. Dist. LEXIS 99932, at *14 (N.D. Cal. Sep. 6, 2011) ("It is not up to the party filing a document containing information designated as confidential by the other party to make a subjective decision about whether the designation is accurate. That decision is for the court to make.").

---

[2] The former County Defendants objected to the Exhibit under the following grounds: "Irrelevant 401, Misleading 403, Subsequent Remedial Measure 407, Hearsay 801 802, Calls for Speculation 701, Lacks Foundation 901." ECF No. 117-3 at 2.

16CV1974-BEN-LL

In addition, even if Plaintiff's counsel took CPMG and the former County Defendants' initial silence somehow as "consent," Plaintiff was certainly aware a dispute existed by early January once both CPMG and the former County Defendants requested that Plaintiff withdraw the documents and file them under seal. See Opp., Ex. A; Reply, Ex. 3. Again, the proper course of action would have been for Plaintiff to seek the Court's intervention, rather than simply refuse to withdraw these documents.

## II.    Appropriate Sanctions

In their Motion, CPMG requests: (1) terminating or evidentiary sanctions; and (2) fees and costs associated with filing the instant motion. Mot. at 6. In determining whether to issue sanctions and what form sanctions should take, the Court "must look to the totality of the circumstances surrounding each violation." Apple, Inc., 2014 U.S. Dist. LEXIS 11778, at *37.

Here, the Court declines to impose terminating or evidentiary sanctions for several reasons. First, it is not clear that the documents at issue were properly designated. Neither Party has directly addressed this issue and it is not ripe for the Court's determination.

Second, the Protective Order does not provide a formal mechanism by which to challenge another party's confidentiality designation. See ECF No. 65. Absent the lack of a formal process, the Court does not find Plaintiff's actions warrant terminating or evidentiary sanctions. The record indicates Plaintiff did reach out to the County Defendants regarding the confidentiality of the documents at issue, but did not receive a definitive response. Opp. at 2-3, 6-7; Decl. of Christopher Morris at ¶¶ 2-3. Plaintiff then filed at least one of the documents—the Termination Notice—publicly. See ECF No. 109, Ex. 1. The former County Defendants and CPMG did not request that this document be sealed. See Docket. In addition, although Plaintiff's counsel did not immediately seek the Court's intervention after CPMG and the County Defendants objected to Plaintiff's public filings in Plaintiff's Motion for Reconsideration, Plaintiff's counsel did engage in discussions via e-mail with both the former County Defendants and CPMG regarding this dispute. See Mot., Ex. A; Opp., Ex. 3.

7

Third, apart from CPMG's accusations, there is no evidence that Plaintiff publicly filed these documents "intentionally" to provide information to counsel in other cases. The record indicates only that Plaintiff's counsel reached out to counsel in <u>Nunez</u> to seek to have them waive privilege on their client's behalf. Opp., Decl. of Christopher Morris at ¶¶ 7-8; <u>Nunez</u>, ECF No. 337, Decl. of Julia Yoo at ¶¶ 17-23.

Fourth, CPMG has not articulated how it has been harmed or prejudiced by Plaintiff's actions, particularly in light of the Court's denial of Plaintiff's Motion for Reconsideration. <u>See</u> ECF Nos. 151 and 152.

This is not to say that the Court countenances either Plaintiff's decision to unilaterally file documents designated "CONFIDENTIAL" publicly or Plaintiff's subsequent refusal to act once objections were raised. As already discussed, the plain terms of the Protective Order are clear. If Plaintiff sought to file the documents at issue in its Motion for Reconsideration publicly, the proper course of action would have been to seek the Court's intervention, rather than make a unilateral decision to do so.

For these reasons, the Court **ORDERS** Plaintiff's counsel to reimburse CPMG and their counsel for any and all costs and fees incurred in litigating this motion. This expense, in addition to the public finding of wrongdoing, is in the Court's opinion, sufficient to remedy CPMG's harm and to discourage similar conduct in the future.

CPMG is **ORDERED** to file by **March 22, 2019** a declaration from counsel with supporting documentation showing the fees and costs incurred in litigation this motion. CPMG's submission should be limited to the costs and fees associated with preparing and filing its motion and reply, not time spent communicating with opposing counsel.

Plaintiff  is **ORDERED** to file any objections to CPMG's calculation of costs by **March 29, 2019**.

**IT IS SO ORDERED.**

1   Dated:  March 18, 2019

2

3                                          Honorable Linda Lopez

4                                          United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

# Exhibit F

2019 WL 1901084
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

Rochelle NISHIMOTO, Plaintiff,

v.

COUNTY OF SAN DIEGO, Does
1-100, inclusive, Defendants.

Case No.: 16CV1974-BEN-LL
|
Signed 04/29/2019

**Attorneys and Law Firms**

Christopher S. Morris, Danielle Renee Pena, Morris Law
Firm, APC, San Diego, CA, for Plaintiff.

Jennifer Lane Sturges, Michelle Lee Buxton, Carroll, Kelly,
Trotter, Franzen, McKenna & Peabody, Long Beach, CA, for
Defendant Anne Brantman.

Jeffrey Scott Doggett, Lotz Doggett and Rawers, San Diego,
CA, Lauren Hardisty, Lotz, Doggett & Rawers LLP, San
Diego, CA, for Defendant Correctional Physicians Medical
Group.

## ORDER AWARDING
## REASONABLE ATTORNEYS' FEES

Honorable Linda Lopez, United States Magistrate Judge

**\*1** On March 18, 2019, this Court entered an Order granting
in part Defendant Correctional Physicians Medical Group
("CPMG")'s Motion for Sanctions. ECF No. 153. The Court
ordered Plaintiff Rochelle Nishimoto's counsel to reimburse
CPMG and its counsel for any and all fees incurred in
litigating CPMG's Motion for Sanctions. Id. at 8. On March
20, 2019, CPMG submitted a declaration with supporting
documentation alleging CPMG had incurred fees totaling $
2,080 associated with filing its Motion for Sanctions. ECF No.
154. This assessment was based on 10.4 hours spent litigating
CPMG's Motion for Sanctions at a hourly rate of $ 200/hr.
Id. at ¶ 2. Plaintiff was provided two opportunities to respond
to CPMG's calculation of fees. ECF Nos. 153 at 8; 163 at 2.
As of the date of this Order, Plaintiff has not filed a response.
See Docket.

On March 22, 2019, the Court granted Defendant Anne
Brantman's Motion for Summary Judgment in favor of
Defendants Brantman and CPMG and this action was
dismissed. See ECF Nos. 155, 156. As the Court noted
in its April 10, 2019 Order however, this Court retained
jurisdiction to consider collateral issues—including sanctions
and an award of attorneys' fees. ECF No. 163 at 1-2.
Subsequently, on April 10, 2019, Plaintiff filed a Notice of
Appeal to the Ninth Circuit. See ECF No. 164. "When a
proper notice of appeal has been timely filed, the general rule
is that jurisdiction over any matters involved in the appeal is
immediately transferred from the district court to the court of
appeals." In re Thorp, 655 F.2d 997, 998 (9th Cir. 1981).
The Ninth Circuit has however recognized exceptions where
the district court may retain jurisdiction to rule on ancillary
matters, such as attorneys' fees and sanctions. See United
Energy Owners v. United Energy Mgmt., 837 F.2d 356, 358
(9th Cir. 1988) (district court retained jurisdiction to impose
sanctions while plaintiffs' appeal from judgment of dismissal
was pending); Masalosalo v. Stonewall Ins. Co., 718 F.2d
955, 956-57 (9th Cir. 1983) (district court retains jurisdiction
to award attorneys' fees after plaintiff files a notice of appeal
from the district court's decision on the merits). Accordingly,
although Plaintiff has filed a Notice of Appeal, this Court still
retains jurisdiction to consider the issue of sanctions.

The Court has reviewed the declaration and supporting
documents submitted by CPMG. As an initial matter, the
Court finds that although the hourly rate is reasonable,
CPMG has lumped the entries together making it difficult
to determine how much time was spent on particular issues.
In particular, one of CPMG's block-billed entries does not
appear to pertain to CPMG's briefing on the instant matter.
Specifically, the January 30, 2019 entry indicates that 1.70
hours was spent performing a number of tasks, including:
"REVIEW OF CORRESPONDENCE FROM COURT RE
MANDATORY SETTLEMENT CONFERENCE." ECF No.
154 at 6. In addition, in its March 18, 2019 Order, the
Court ordered CPMG to include only the fees associated
with preparing and filing its motion and reply, and not time
spent communicating with opposing counsel. ECF No. 153
at 8. Despite this, CPMG includes two block-billed entries
incorporating time spent conferring with opposing counsel.
ECF No. 154 at 5-6.

**\*2** For these reasons, the Court discounts these entries
totaling 2.3 hours of attorney time by an hour. No other
deductions are warranted. The Court therefore **ORDERS**

Plaintiff's counsel to pay $ 1,880 for 9.4 hours of attorney time at $ 200/hour directly to CPMG within thirty days of the filing of this Order.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2019 WL 1901084

---

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

 © 2020 Thomson Reuters. No claim to original U.S. Government Works.

# Exhibit G

 Neutral

As of: April 25, 2019 12:32 AM Z

# *Walters v. City of San Diego*

United States District Court for the Southern District of California

October 25, 2016, Decided; October 25, 2016, Filed

Case No.: 12-CV-589-CAB-DHB

**Reporter**

2016 U.S. Dist. LEXIS 187886 *

WILL X. WALTERS, Plaintiff, v. CITY OF SAN DIEGO et al., Defendants.

**Prior History:** *Walters v. San Diego City, 2013 U.S. Dist. LEXIS 202159 (S.D. Cal., Mar. 25, 2013)*

## Core Terms

subpoena, documents, sanctions, bad faith, inherent power, copies, compel production, produce documents, carelessness, discovery, end-run, parties, parte

**Counsel:** **[*1]** For Will X. Walters, an individual, Plaintiff: Christopher S Morris, LEAD ATTORNEY, Morris Law Firm, APC, San Diego, CA.

For San Diego, City of, Lieutenant Nieslit, Sergeant Mondesir, Officer Ramirez, Officer Gardner, Officer 3329, Defendants: Bonny Hsu, LEAD ATTORNEY, City Attorney's Office, City of San Diego, San Diego, CA; Stacy Jo Plotkin-Wolff, LEAD ATTORNEY, Office of the San Diego City Attorney, San Diego, CA.

For San Diego Pride, Shawn Chamberlain, Defendants: Todd Frederick Stevens, LEAD ATTORNEY, Keeny Waite and Stevens, San Diego, CA.

**Judges:** Hon. Cathy Ann Bencivengo, United States District Judge.

**Opinion by:** Cathy Ann Bencivengo

## Opinion

### ORDER GRANTING MOTION TO QUASH

Doc. No. 97

On October 11, 2016, Plaintiff filed an ex parte application for an order requiring Defendants to produce citations and arrest reports that Defendants previously produced and that Plaintiff's counsel lost. In their opposition to that motion, Defendants stated that they were unable to locate electronic copies of the documents and do not have any hard copies readily available. On October 14, 2016, the Court denied Plaintiff's ex parte motion, holding that Defendants should not have to search for and produce documents solely because **[*2]** of Plaintiff's counsel's carelessness with copies of the same documents that Defendants already produced. Six days after the Court rejected Plaintiff's motion, Plaintiff served Defendants with a subpoena under *Federal Rule of Civil Procedure 45* for the exact same documents. Defendants now move to quash the subpoena. The motion is **GRANTED** and the subpoena is **QUASHED**.

The subpoena is a blatant and transparent attempt to circumvent this Court's order rejecting counsel's prior attempt to have the Court compel Defendants' to produce documents Plaintiff's counsel lost. Regardless of whether *Rule 45* subpoenas are appropriate for a party,[1] they are not a mechanism to sidestep the denial of motion to compel production of the same documents from the same party. Defendants undertook the burden and expense to produce the documents at issue once; to require Defendants to produce them a second time because of Plaintiff's counsel's carelessness would be

---

[1] The unpublished decision on which Plaintiff relies in his opposition does not support his position. The subpoena at issue in that case was for a deposition during the discovery period, and ultimately, Magistrate Judge Bartick construed it as a *Rule 30(b)(6)* notice to a party. Moreover, in a footnote, Magistrate Judge Bartick stated that the defendants were not required to produce any documents in response to the subpoena because *Rule 45* subpoenas "should not be used as an end-run around *Rule 34*'s 30 day period for a party to respond to document requests." Likewise here, *Rule 45* subpoenas should not be used as an end-run around the Federal Rules' requirements for discovery from parties, which is exactly what Plaintiff has attempted to do.

2016 U.S. Dist. LEXIS 187886, *2

an undue burden. Plaintiff, not Defendants, must bear the consequences of his counsel's disorganization.

Defendants also ask the Court to issue sanctions pursuant to its inherent power. "Before awarding sanctions pursuant to its inherent power, the court must make an express finding that the **[*3]** sanctioned party's behavior constituted or was tantamount to bad faith." *Haeger v. Goodyear Tire & Rubber Co., 813 F.3d 1233, 1244 (9th Cir. 2016)* (internal quotation marks omitted). Bad faith "includes a broad range of willful improper conduct." *Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001)*. "In *[Chambers v. NASCO, Inc., 501 U.S. 32, 49, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)]*, the [Supreme] Court left no question that a court may levy fee-based sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Id.*.

The Court finds that Plaintiff's counsel abused the litigation process and acted in bad faith in issuing the subpoena. That the Court expressly denied Plaintiff's prior attempt to compel production of these same documents from Defendants undermines any claim that Plaintiff's intentions were pure. Instead, the subpoena was merely a second effort to require Defendants to bear the burden of the negligent document management practices of Plaintiff's counsel. Accordingly, the Court finds that sanctions under the Court's inherent power would be justified against Plaintiff's counsel. Nevertheless, Defendants did not submit any evidence or argument as to the amount of fees they incurred in filing the instant motion, so the Court declines to award **[*4]** any monetary sanctions here.

It is **SO ORDERED**.

Dated: October 25, 2016

/s/ Cathy Ann Bencivengo

Hon. Cathy Ann Bencivengo

United States District Judge

---

End of Document

ELIZABETH TRECKLER

# Exhibit H

**David Greco**
_____

| | |
|---|---|
| **From:** | Jessica Covington |
| **Sent:** | Thursday, April 9, 2020 12:05 PM |
| **To:** | Jacob Gillick |
| **Cc:** | David Greco; Leanna Pierce |
| **Subject:** | RE: Global Ventu v. ZeetoGroup, et al.:  Discovery, 3/27/20 meet and confer |

Hi Jacob,

Thanks for sending those over.

I can assure you that while we did receive the supplemental responses, we certainly did not receive any document production.  This is now the third time that you have stated that discovery documents have been mailed/served, but based on the date of receipt, it does not appear that the documents were served until we inquired about same.  We have not raised the issue in the past and have hoped that it was just a fluke, but it seems like it is becoming habit.  Please do not let this be an issue moving forward.

Best Regards,

**Jessica C. Covington**
Associate Attorney
424.320.9457 | direct
424.320.9444 | main
covingtonj@rmolawyers.com
**RMO LLP**
2029 Century Park East, Suite 2910
Los Angeles, CA 90067-6017
www.rmolawyers.com
Los Angeles | Orange County | San Diego | Miami | Kansas City

**From:** Jacob Gillick <jgillick@morrislawfirmapc.com>
**Sent:** Thursday, April 9, 2020 10:07 AM
**To:** Jessica Covington <covingtonj@rmolawyers.com>
**Cc:** David Greco <grecod@rmolawyers.com>; Leanna Pierce <lpierce@morrislawfirmapc.com>
**Subject:** RE: Global Ventu v. ZeetoGroup, et al.: Discovery, 3/27/20 meet and confer

Hi Jessica,

Thank you for the April 20, 2020 date.

I went through my records and realized what happened with the initial disclosures- you did in fact already receive them. Initial disclosures pursuant to Rule 26 of the FRCP requires a "copy- or a description by category and location" of documents. Request for Production number 11 from Global Ventu (attached) requested the documents identified by the initial disclosures.

On February 26, 2020 your office was mailed supplemental discovery responses with 1,000 pages of documents. Those include the initial disclosures. I have attached an electronic copy of the documents for your convenience. Please let me know if you have any questions or wish to discuss.

Best,

Jacob A. Gillick, Esq.
**MORRIS LAW FIRM, APC**
501 West Broadway, Suite 1480
San Diego, CA 92101
Tel. (619) 826-8060
Fax. (619) 826-8065

CONFIDENTIAL NOTICE: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain information protected by the attorney-client privilege, the attorney work product doctrine or other applicable privileges or confidentiality laws or regulations. If you are not an intended recipient, you may not review, use, copy, disclose or distribute this message or any of the information contained in this message to anyone. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of this message and any attachments. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

**From:** Jessica Covington <covingtonj@rmolawyers.com>
**Sent:** Wednesday, April 8, 2020 3:44 PM
**To:** Jacob Gillick <jgillick@morrislawapc.com>
**Cc:** David Greco <grecod@rmolawyers.com>
**Subject:** RE: Global Ventu v. ZeetoGroup, et al.: Discovery, 3/27/20 meet and confer

Jacob,

Given the current state of the world, we are fine with 4/20 for production of documents related to points 2, 3, and 4 below.

However, as mentioned in my meet and confer letter and as we discussed on the phone, there are documents that we should have received already. These include documents that should have been produced months ago with initial disclosures as well as documents that Defendants already said they would produce. Indeed, during our meet and confer conversation, you were surprised that we had yet to receive any production because there were documents that should have already been sent to us. Where are those documents?

Best Regards,

**Jessica C. Covington**
Associate Attorney
424.320.9457 | direct
424.320.9444 | main
covingtonj@rmolawyers.com
**RMO** LLP
2029 Century Park East, Suite 2910
Los Angeles, CA 90067-6017
www.rmolawyers.com
Los Angeles | Orange County | San Diego | Miami | Kansas City

**From:** Jacob Gillick <jgillick@morrislawfirmapc.com>
**Sent:** Tuesday, April 7, 2020 1:56 PM
**To:** Jessica Covington <covingtonj@rmolawyers.com>
**Cc:** David Greco <grecod@rmolawyers.com>
**Subject:** RE: Global Ventu v. ZeetoGroup, et al.: Discovery, 3/27/20 meet and confer

Thanks, Jessica.

   (1)  Please let me know on search terms.

(2) Request number 2 asks for advertisements "created on any of your Facebook accounts." We are pulling all documents we can, but accessing Facebook would absolutely satisfy this request. The offer for access is allowed pursuant to Rule 26(a)(1).  If the documents we are pulling do not satisfy your requests, we will proceed with the screen share. If that is unacceptable, you can file a motion stating that even though you made allegations that GV was blocked from Facebook, you do not wish to have access to Facebook.

(3) Request number 3 against asks for documents "created on any of your Facebook accounts." While we are pulling documents we think may work, accessing Facebook would against satisfy this request. The offer for access is allowed pursuant to Rule 26(a)(1).  If the documents we are pulling do not satisfy your requests, we will proceed with the screen share. If that is unacceptable, you can file a motion stating that even though you made allegations that GV was blocked from Facebook, you do not wish to have access to Facebook.

(4) Request number 5 should be satisfied by our upcoming document production once we agree on a date.


Best,

Jacob A. Gillick, Esq.
**MORRIS LAW FIRM, APC**
501 West Broadway, Suite 1480
San Diego, CA 92101
Tel. (619) 826-8060
Fax. (619) 826-8065

CONFIDENTIAL NOTICE: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain information protected by the attorney-client privilege, the attorney work product doctrine or other applicable privileges or confidentiality laws or regulations. If you are not an intended recipient, you may not review, use, copy, disclose or distribute this message or any of the information contained in this message to anyone. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of this message and any attachments.  Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

**From:** Jessica Covington <covingtonj@rmolayers.com>
**Sent:** Tuesday, April 7, 2020 12:09 PM
**To:** Jacob Gillick <jgillick@morrislawfirmapc.com>
**Cc:** David Greco <grecod@rmolawyers.com>
**Subject:** RE: Global Ventu v. ZeetoGroup, et al.: Discovery, 3/27/20 meet and confer

Hi Jacob,

Thank you for your e-mail below.

Global Ventu is willing to provide search terms for documents responsive to RFP No. 5.  I am working with our client on same and should have suggested search terms to you within the next couple days.

Additionally, while communications certainly fall within the purview of RFP No. 5, as we discussed on the phone, any documentation that is responsive to this request should be produced.  The same goes for RFP Nos. 2 and 3.  I know that we discussed FB access in lieu of document production for some requests and that is certainly something that we would like to coordinate.  However, such access does not relieve Defendants of the obligation to produce the documentation requested.  This is true even if Global Ventu had access to the Facebook account right now.

Defendant is in the best position (and for the most part, the only position) to provide correspondence and internal documents related to content, strategy, and advertisements.  Those documents are relevant to not only our claims, but also Defendants'.

Please confirm whether Defendants will fully comply with RFP Nos. 2 and 3.

Additionally, you mentioned that a set of documents should have already been produced.  Do you know when we will receive those documents?  To date, I have not seen any production.

Best Regards,

**Jessica C. Covington**
Associate Attorney
424.320.9457 | direct
424.320.9444 | main
covingtonj@rmolawyers.com
**RMO LLP**
2029 Century Park East, Suite 2910
Los Angeles, CA 90067-6017
www.rmolawyers.com
Los Angeles | Orange County | San Diego | Miami | Kansas City

**From:** Jacob Gillick <jgillick@morrislawfirmapc.com>
**Sent:** Wednesday, April 1, 2020 3:46 PM
**To:** Jessica Covington <covingtonj@rmolawyers.com>
**Cc:** David Greco <grecod@rmolawyers.com>
**Subject:** RE: Global Ventu v. ZeetoGroup, et al.: Discovery, 3/27/20 meet and confer

Hi Jessica,

Everything here looks correct to me. We will produce e-mails and revenue information. My client is still unwilling to produce information regarding specific leads.

Best,

Jacob A. Gillick, Esq.
**MORRIS LAW FIRM, APC**
501 West Broadway, Suite 1480
San Diego, CA 92101
Tel. (619) 826-8060
Fax. (619) 826-8065

CONFIDENTIAL NOTICE: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain information protected by the attorney-client privilege, the attorney work product doctrine or other applicable privileges or confidentiality laws or regulations. If you are not an intended recipient, you may not review, use, copy, disclose or distribute this message or any of the information contained in this message to anyone. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of this message and any attachments.  Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

**From:** Jessica Covington <covingtonj@rmolawyers.com>
**Sent:** Monday, March 30, 2020 11:35 AM
**To:** Jacob Gillick <jgillick@morrislawfirmapc.com>
**Cc:** David Greco <grecod@rmolawyers.com>
**Subject:** Global Ventu v. ZeetoGroup, et al.: Discovery, 3/27/20 meet and confer

Jacob,

It was a pleasure speaking to you on Friday.  I am following up to recap our conversation and make sure that the parties are on the same page.

**Requests for Admission**:          Defendants will supplement Nos. 14, 16, and 18

**Special Interrogatories**:          Defendants will supplement Nos. 2, 3, 4, 5 and 6.

**Requests for Production**: not yet been served.

1 – Defendants will produce documents.  You are looking into why the documents have

2, 3, 6 – Defendants will provide administrative access to Global Ventu.  However, Defendants want to screen-share when Global Ventu does its searches.  With regard to revenues specifically, we discussed documents and communications outside of Facebook that Defendants may have in their possession, custody or control.  You said you will check with Defendants regarding the existence of same.  I will check with my client regarding whether access to the Facebook account and documents related to revenues is sufficient.

4 – You indicated that Defendants were not willing to provide information/documents associated with its leads, but you consult with your clients again.  I advised that if Defendants are not willing to provide responsive documents, we would move to compel same.

5 – Defendants suggested that Plaintiff provide search terms to assist with production of documents responsive to this request. I said that I would discuss with my client and get back to you.

7 – You indicated that Defendants will produce documents response to this request.

8, 9, 10 – Defendants will supplement these responses and provide documents.

11 – Defendants will produce documents.

We also agreed to touch base by noon on Wednesday, April 1, after each of us have had time to speak with our clients about the requests as indicated above.  Please let me know if you had a different understanding of any part of our conversation.

Best Regards,

**Jessica C. Covington**
Associate Attorney
424.320.9457 | direct
424.320.9444 | main
covingtonj@rmolawyers.com
**RMO** LLP
2029 Century Park East, Suite 2910
Los Angeles, CA 90067-6017
www.rmolawyers.com
Los Angeles | Orange County | San Diego | Miami | Kansas City