UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V., <br><br> Plaintiff, <br><br> v. <br><br> ZEETOGROUP, LLC, et al., <br><br> Defendants. | Case No.: 19cv1018-DMS-LL <br><br> **ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR LEAVE TO PROPOUND DISCOVERY IN EXCESS OF LIMITS SET FORTH IN THE LOCAL RULES** <br><br> **[ECF No. 46]** |
| ZEETOGROUP, LLC, et al., <br><br> Cross-Complainants, <br><br> v. <br><br> GLOBAL VENTU HOLDING B.V., et al., <br><br> Cross-Defendants. | |

Currently before the Court is Defendants/Cross-Complainants ZeetoGroup, LLC, Samples.com, LLC and Tibrio, LLC's Motion for Leave to Propound Discovery in Excess of the Limits Set Forth in the Local Rules [ECF No. 46] ("Mot."), Plaintiff/Cross-Defendant Global Ventu Holding B.V. ("Global Ventu")'s Response [ECF No. 50] ("Opp."), and the Parties' subsequent "Joint Notice and Stipulation" [ECF No. 53].

The instant motion arises from the Defendants/Cross-Complainants' request for leave to serve additional interrogatories on Plaintiff/Cross-Defendant Global Ventu—exceeding the presumptive twenty-five interrogatory limit set forth in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 33(a)(1).

In their original Motion, Defendants/Cross-Complainants sought leave to serve forty-three additional interrogatories. See ECF Nos. 46 and 47. In Response, Plaintiff/Cross-Defendant Global Ventu argued that the Parties "did not meet and confer on this issue" and Defendants/Cross-Complainants failed to "provide any notice that they would be seeking this relief" in violation of "Local Rule 26.1(a)." Opp. at 2.

After reviewing the Parties' briefings, the Court found it appropriate to direct the Parties to meet and confer regarding these issues and submit a joint notice regarding the results of their meet and confer. See ECF No. 51. In their joint notice, the Parties state they "thoroughly discussed potential revisions [to the] proposed interrogatories so that fewer are necessary." Id. at 2. The Parties have now stipulated to Defendant/Cross-Complainant ZeetoGroup's Revised First Set of Interrogatories—which contain twenty-four additional interrogatories over the presumptive limit. Id. The Parties also request that the Court grant Plaintiff/Cross-Defendant Global Ventu leave to serve a commensurate additional number of total interrogatories. Id. at 3.

Subsequently, on April 21, 2020, the Court granted Plaintiff/Cross-Defendant Global Ventu's Motion to Strike Defendant ZeetoGroup's Answer to Plaintiff's First Amended Complaint. See ECF No. 54. Per the Court's Order, "[u]nless and until ZeetoGroup is able to provide [] evidence" it's application for reinstatement has been granted "it is precluded from participating in these proceedings." Id. at 8.

Here, although Defendants/Cross-Complainants collectively moved to exceed the presumptive interrogatory limit, the Court notes the proposed interrogatories submitted to the Court state they are being propounded by Defendant ZeetoGroup alone. See ECF No. 53 at 5-13. In light of this fact and the Court's April 21, 2020 Order, the Court **DENIES WITHOUT PREJUDICE** Defendants/Cross-Complainants' Motion for Leave.

**IT IS SO ORDERED.**

Dated:  April 22, 2020

Honorable Linda Lopez
United States Magistrate Judge

19cv1018-DMS-LL