Christopher S. Morris, Esq., SBN 163188
cmorris@morrislawfirmapc.com
Jacob A. Gillick, Esq. 312336
jgillick@morrislawfirmapc.com
MORRIS LAW FIRM, APC
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065

Attorneys for Defendants Zeetogroup, LLC,
Samples.com, LLC, and Tibrio, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V.,<br><br>Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>Defendants,<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>Cross-Complainants,<br><br>v.<br><br>GLOBAL VENTU HOLDING B.V., ALEX ANDEBEEK, an individual, and ROES 1 through 50, inclusive<br><br>Cross-Defendant. | Case No. 19cv1018 DMS LL<br><br>**ANSWER OF DEFENDANT ZEETOGROUP, LLC TO COMPLAINT FOR:**<br><br>**(1) Breach of Revenue Share Agreement**<br>**(2) Breach of Publisher Services Agreement**<br>**(3) Violation of the California Uniform Trade Secrets Act (Cal. Civ. Code § 3426 *et seq.*)**<br>**(4) Violation of Defend Trade Secrets Act (18 U.S.C. § 1836 *et seq.*)**<br>**(5) Unfair Competition (Cal. Bus. & Pref. Code § 17200 *et seq.*)**<br><br>Dept: 13A<br>Judge: Hon. Dana M. Sabraw |

As of May 8, 2020, Defendant Zeetogroup, LLC's ("Defendant") status has been reinstated as active with the California Secretary of State. A copy of the Entity Detail from the California Secretary of State is attached hereto as Exhibit 1. Zeetogroup, LLC therefore responds to the Complaint as follows:

1. In responding to paragraph 1 of the Complaint herein, Defendant lacks sufficient knowledge to admit or deny the allegations.

2. In responding to paragraph 2 of the Complaint herein, Defendant denies that Samples is a Delaware limited liability company with its principal place of business in San Diego, California. Defendant denies that information is not publicly available. Defendant denies that Samples is a citizen of a State within the United States. Defendant denies that Samples operates www.samples.com and www.getitfree.us.

3. In responding to paragraph 3 of the Complaint herein, Defendant admits that Tibrio is a Delaware limited liability company. Defendant denies that its principal place of business is in New York City, New York. Defendant denies that membership information is not publicly available. Defendant admits that Tibrio is a citizen of a State within the United States. Defendant admits that Samples had been rebranded to Tibrio and that Tibrio has succeeded to Samples' contractual and other legal obligations.

4. In responding to paragraph 4 of the Complaint herein, Defendant admits that ZeetoGroup, LLC is a Delaware limited liability company with its principal place of business in San Diego, California. Defendant denies that information is not publicly available. Defendant admits that Zeeto is a citizen of a State within the United States. Defendant denies that ZeetoGroup owns and controls Samples and is functionally the parent company of Samples.

5. In responding to paragraph 5 of the Complaint herein, Defendant admits that venue and jurisdiction are proper.

///

6. In responding to paragraph 6 of the Complaint herein, Defendant admits that venue and jurisdiction are proper.

7. In responding to paragraph 7 of the Complaint herein, Defendant admits that venue and jurisdiction are proper.

8. In responding to paragraph 8 of the Complaint herein, Defendant admits that Global Ventu was hired for its expertise in exchange for consideration of a fixed commission.

9. In responding to paragraph 9 of the Complaint herein, Defendant admits all facts surrounding the wording and execution of the PSA.

10. In responding to paragraph 10 of the Complaint herein, Defendant admits all facts surrounding the wording and execution of the RSA.

11. In responding to paragraph 11 of the Complaint herein, Defendant admits the wording of the RSA.

12. In responding to paragraph 12 of the Complaint herein, Defendant admits the wording and terms of the RSA.

13. In responding to paragraph 13 of the Complaint herein, Defendant denies that only a material breach is grounds for termination. Defendant admits the remainder of allegations regarding the quoted wording of the RSA.

14. In responding to paragraph 14 of the Complaint herein, Defendant admits that Global Ventu performed its obligations and provided value to Samples. Defendant denies that Global Ventu created all of its own advertising content, including text, images, and videos, which were posted on the Facebook Account. Defendant lacks sufficient knowledge to either admit or deny that the use of tracking pixels helped Global Ventu build a profile of the audience of users that responded well to Facebook campaigns, and then used that data to optimize the targeting of its ads. Defendant lacks sufficient knowledge to either admit or deny that Global Ventu's methods helped generate more than $10 million in revenue over two years.

15. In responding to paragraph 15 of the Complaint herein, Defendant denies the allegations.

16. In responding to paragraph 16 of the Complaint herein, Defendant denies that Josh Ogle left the company. Defendant admits that Josh Ogle was replaced by Stephan Goss, who was also CEO of ZeetoGroup. Defendant lacks sufficient knowledge to either admit or deny that on November 12, 2018, Samples informed Global Ventu that it was switching its backend technology to Zan, which had been developed by ZeetoGroup. Defendant denies that testing showed that ZeetoGroup's software performed far worse than the software the parties had been using, and this transition would have resulted in a significant drop in revenue for Global Ventu. Defendant also lacks sufficient knowledge to admit or deny that a Samples representative acknowledged to Global Ventu that the performance of ZAN was "shitty."

17. In responding to paragraph 17 of the Complaint herein, Defendant denies that Global Ventu sought to negotiate an increased revenue share until such time as problems with the software were worked out. Defendant admits that they told Global Ventu that if they did not accept a new offer, the Facebook management would be taken "in house." Defendant admits that Global Ventu reminded them of the voluum links.

18. In responding to paragraph 18 of the Complaint herein, Defendant lacks sufficient knowledge to admit or deny that Global Ventu was immediately locked out of the Facebook Account. Defendant admits that Global Ventu declined what Samples said was its best and final offer. Defendant denies that the RSA had not yet been terminated and that Samples was required to give two-days' notice. Defendant denies that the lockout was improper and in violation of the RSA. Defendant also denies that Global Ventu could have removed any ad content and proprietary tracking information from Facebook.

///

19. In responding to paragraph 19 of the Complaint herein, Defendant admits the wording of the November 21, 2018, letter. Defendant denies that they violated the RSA. Defendant lacks sufficient knowledge to either admit or deny that Global Ventu's access to the Facebook account had been terminated days earlier.

20. In responding to paragraph 20 of the Complaint herein, Defendant denies the allegations.

21. In responding to paragraph 21 of the Complaint herein, Defendant denies the allegations.

22. In responding to paragraph 22 of the Complaint herein, Defendant denies the allegations.

23. In responding to paragraph 23 of the Complaint herein, Defendant denies the allegations.

24. In responding to paragraph 24 of the Complaint herein, Defendant denies the allegations.

25. In responding to paragraph 25 of the Complaint herein, Defendant lacks sufficient information to either admit or deny the allegations.

26. In responding to paragraph 26 of the Complaint herein, Defendant admits the allegations.

27. In responding to paragraph 27 of the Complaint herein, Defendant admits the allegations.

28. In responding to paragraph 28 of the Complaint herein, Defendant admits the wording of the RSA.

29. In responding to paragraph 29 of the Complaint herein, Defendant denies the allegations.

30. In responding to paragraph 30 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

///

31. In responding to paragraph 31 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

32. In responding to paragraph 32 of the Complaint herein, Defendant admits the date of the PSA.

33. In responding to paragraph 33 of the Complaint herein, Defendant admits the allegations.

34. In responding to paragraph 34 of the Complaint herein, Defendant admits the quoted wording of the PSA. Defendant denies all remaining allegations.

35. In responding to paragraph 35 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

36. In responding to paragraph 36 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

37. In responding to paragraph 37 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

38. In responding to paragraph 38 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations.

39. In responding to paragraph 39 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny what efforts Global Ventu undertook to maintain the secrecy of information. Defendant denies the remaining allegations.

40. In responding to paragraph 40 of the Complaint herein, Defendant denies the allegations.

41. In responding to paragraph 41 of the Complaint herein, Defendant lacks sufficient knowledge of Global Ventu's loss. Defendant denies the remaining allegations.

42. In responding to paragraph 42 of the Complaint herein, Defendant lacks sufficient knowledge to admit or deny the allegations.

///

43. In responding to paragraph 43 of the Complaint herein, Defendant lacks sufficient knowledge to admit or deny the allegations.

44. In responding to paragraph 44 of the Complaint herein, Defendant lacks sufficient knowledge to admit or deny the allegations.

45. In responding to paragraph 45 of the Complaint herein, Defendant lacks sufficient knowledge to admit or deny the allegations.

46. In responding to paragraph 46 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny what efforts Global Ventu undertook to maintain the secrecy of information. Defendant denies the remaining allegations.

47. In responding to paragraph 47 of the Complaint herein, Defendant denies the allegations.

48. In responding to paragraph 48 of the Complaint herein, Defendant lacks sufficient knowledge of Global Ventu's loss. Defendant denies the remaining allegations.

49. In responding to paragraph 49 of the Complaint herein, Defendant lacks sufficient knowledge to admit or deny the allegations.

50. In responding to paragraph 50 of the Complaint herein, Defendant denies the allegations.

51. In responding to paragraph 51 of the Complaint herein, Defendant lacks sufficient knowledge to either admit or deny the allegations regarding losses. Defendant denies the remaining allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. <u>Failure to State a Cause of Action</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that the Complaint and each and every purported

cause of action therein, fails to state facts or other allegations sufficient to constitute any cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2. <u>Lack of Good Faith.</u>  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that the Complaint filed by Plaintiff was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the facts and the law which warranted the filing of the Complaint against Defendant, and that Plaintiff should, therefore be responsible for all of Plaintiff's necessary and reasonable defense costs, including attorney's fees, as more particularly set forth in California Code of Civil Procedure section 1038 and/or section 128.7.

**THIRD AFFIRMATIVE DEFENSE**

3. <u>Comparative Negligence/Fault.</u>  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that at all times mentioned herein Plaintiff was negligent, careless, reckless, and unlawfully conducted itself as to directly and proximately contribute to the happening of the incident and the occurrence of claimed damages, all of which said negligence bars either completely or partially the damages sought herein.

**FOURTH AFFIRMATIVE DEFENSE**

4. <u>Unjust Enrichment</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that if Plaintiff is allowed recovery on the basis of the Complaint, Defendant will be unjustly enriched at Defendant's expense.

**FIFTH AFFIRMATIVE DEFENSE**

5. <u>Estoppel</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that Plaintiff has engaged in conduct and activities with respect to the promissory

notes and occurrences which are the subject of the Complaint and, by reason of these activities, has prejudiced Defendant such that Defendant is estopped from asserting any claim for damages or seeking any other relief against Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

6. <u>Unclean Hands</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that Plaintiff's claims are barred in whole or part by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

7. <u>Excuse</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges, without admitting the truth of any of the allegations in the Complaint, and specifically denying the same. Defendant is informed and believes, and thereupon alleges, that to the extent that Plaintiff alleges any breach, default, or failure to perform on the part of the Defendant under any agreement between the parties, or otherwise, the fact of which is expressly denied, then such breach, default, or failure to perform was legally excused and discharged for reasons including but not limited to the material breach, default, or failure to perform on the party of the Plaintiff under such agreement, or otherwise.

**EIGHTH AFFIRMATIVE DEFENSE**

8. <u>Laches</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

9. <u>Punitive Damages are Barred</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges Plaintiff's claim for punitive damages are barred because the facts as stated do not support a finding of malicious, oppressive, or fraudulent conduct.

/ / /

/ / /

**TENTH AFFIRMATIVE DEFENSE**

10. <u>Punitive Damages are Barred on Procedural Grounds</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges Plaintiff's claim for punitive damages are barred because the applicable law provides insufficient procedural safeguards for an award of such damages and therefore violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and Section 7 and 16 of Article 1 of the Constitution of the State of California.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. <u>Willful Misconduct</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that the damages complained by Plaintiff, if any, were solely caused by the willful acts of the Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

12. <u>Abuse of Process</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff's claims against Defendant is barred due to the abuse of process.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. <u>Malicious Prosecution</u>.  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges Plaintiff's claims against Defendant is barred because Plaintiff has no facts to support the claims made against Defendant.  Plaintiff's prosecution of Defendant is malicious.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. <u>Statute of Limitations</u>.  As a separate and distinct affirmative defense to the Complaint on file herein.  Defendant is informed and believe, and thereon allege, that the causes of action set forth in the Complaint are barred by the statute of limitations, including but not limited to, sections 337, 337.1, 337.15, 338, 339 340, 343, and 359 of the California Code of Civil Procedure.

///

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. <u>Waiver</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believe, and thereon allege, that the Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, negligence, or any other conduct, if any, set forth in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. <u>Truth</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant is informed and believes, and thereon alleges, that the statements alleged in the Complaint are not false.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. <u>Failure of Condition Precedent</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff is barred from recovery because they failed to perform the condition precedent upon which the promise was made.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. <u>Prior Breach</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff breached its promise at issue in a material way prior to the alleged conduct by Defendant. A party to an existing valid and enforceable contract/promise cannot enforce that contract/promise if that party itself breached in a material way.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. <u>Fraud</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff fraudulently, by misrepresentation of material facts, convinced Defendant to enter into a contract/promise. Due to this fraudulent misrepresentation of material fact, Plaintiff cannot enforce or benefit from the gains of the contact/promise.

///

///

## TWENTIETH AFFIRMATIVE DEFENSE

20. <u>No Causation</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that if Plaintiff has suffered any loss, damage, or injury, which is expressly denied, such loss, damage, or injury was not caused, either legally or proximately, by any act or omission of this answering Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. <u>Failure to Mitigate</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Plaintiff has failed to exercise reasonable care and diligence to avoid and minimize damages, and may not recover for losses that could have been prevented by reasonable efforts on Plaintiff's part. Therefore, Plaintiff's recovery, if any, should be reduced by the amount of damages that could or should have been mitigated or avoided.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. <u>Uncertainty</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that the causes of action in said Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claims for damages against this answering Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. <u>Intervening, Supervising, and Superseding Cause</u>. As a separate and distinct affirmative defense to the Complaint on file herein, injuries and damages of Plaintiff were legally caused or contributed to by the acts of other persons and/or other entities. Said act were intervening, supervising, and superseding causes of the injuries and damages, if any, of which Plaintiffs complain, thus barring Plaintiff from recovering against this answering Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. <u>Contribution</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that the damages suffered by Plaintiff,

if any, were the direct and proximate result of the negligence of the parties, persons, corporations, and/or entities other than this answering Defendant, and the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to this answering Defendant in accordance with Civil Code section 1431.2(a).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. <u>Code of Civil Procedure Section 128.7</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that the Complaint is unsupported by law or fact and was filed in bad faith and solely for the purpose of harassing and annoying this answering Defendant. Therefore, this answering Defendant is entitled to recover their reasonable expenses, including attorney fees, incurred by them in defending this action, pursuant to Code of Civil Procedure 128.7, and/or any other similar laws.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. <u>Mistake of Fact</u>. As a separate and distinct affirmative defense to the Complaint on file herein, Defendant alleges that the causes of action in said Complaint, and each of them, are due to a genuine mistake of fact. Plaintiff should accordingly be barred from recover against this answering Defendant by mistake of fact defense.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. <u>Assumption of Risk</u>. As a separate and distinct affirmative defense to the Complaint on file herein, this answering Defendant is informed and believes and thereon alleges that at all times alleged in the Complaint, Plaintiff knew of the alleged behavior and Plaintiff voluntarily assumed the risk and this assumption of said risk was the proximate cause of the alleged injuries and damages to Plaintiff. Plaintiff had actual knowledge of the particular danger; knew and understood the degree of risk involved, and thereafter, voluntarily assumed such risk. Plaintiff, therefore, are barred from asserting any right to relief under their Complaint or any

right to relief under any purported cause or causes of action based on this voluntary assumption of risk.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. <u>Additional Defenses.</u>  As a separate and distinct affirmative defense to the Complaint on file herein, Defendant presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, yet unasserted, affirmative defenses.  Defendant, therefore, reserves its right to assert additional affirmative defenses in the event additional investigation and/or discovery indicates it would be appropriate.

### JURY DEMAND

29. Defendant hereby demands a jury trial.

**MORRIS LAW FIRM, APC**

Dated:  May 8, 2020

*s/ Christopher S. Morris*
Christopher S. Morris
cmorris@morrislawfirmapc.com
Jacob A. Gillick, Esq.
jgillick@morrislawfirmapc.com
Attorneys for Defendants Zeetogroup, LLC, Samples.com, LLC, and Tibrio, LLC

EXHIBIT 1

**Alex Padilla
California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Thursday, May 7, 2020. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## 201017310316    ZEETOGROUP, LLC

| | |
|---|---|
| **Registration Date:** | 06/21/2010 |
| **Jurisdiction:** | DELAWARE |
| **Entity Type:** | FOREIGN |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | ELIZABETH CHU<br>925 B STREET 5TH FL<br>SAN DIEGO CA 92101 |
| **Entity Address:** | 925 B STREET 5TH FL<br>SAN DIEGO CA 92101 |
| **Entity Mailing Address:** | 925 B STREET 5TH FL<br>SAN DIEGO CA 92101 |
| **LLC Management** | * |

A Statement of Information is due EVERY EVEN-NUMBERED year beginning five months before and through the end of June.

| Document Type | File Date | PDF |
|---|---|---|
| SI-NO CHANGE | 05/23/2018 | |
| SI-COMPLETE | 12/28/2015 | |
| REGISTRATION | 06/21/2010 | |

* Indicates the information is not contained in the California Secretary of State's database.

**Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

[Modify Search]   [New Search]   [Back to Search Results]