Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
David G. Greco (SBN 299635)
grecod@rmolawyers.com
service@rmolawyers.com
**RMO LLP**
2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff and Cross-defendant
GLOBAL VENTU HOLDING B.V.
and Cross-defendant
ALEX ANDEBEEK

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V.,<br><br>Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC,<br><br>Defendants. | CASE NO.: 3:19-cv-01018-DMS-LL<br><br>**OPPOSITION BY PLAINTIFF/ CROSS-DEFENDANT GLOBAL VENTU HOLDING B.V. AND CROSS-DEFENDANT ALEX ANDEBEEK TO DEFENDANTS/ CROSS-COMPLAINANTS' MOTION FOR LEAVE TO FILE SECOND AMENDED CROSS-COMPLAINT**<br><br>Date:      May 29, 2020<br>Time:      1:30 p.m.<br>Courtroom: 13A |
| ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC,<br><br>Cross-complainants,<br><br>v.<br><br>GLOBAL VENTU HOLDING B.V.; ALEX ANDEBEEK, an individual; and ROES 1 through 50, inclusive<br><br>Cross-defendants. | Trial:      N/A<br>Filed:      May 31, 2019<br>Judge:      Hon. Dana M. Sabraw<br>Magistrate: Hon. Linda Lopez |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ............................................................................1

II.    FACTS ........................................................................................2

    A.    The parties' disputes............................................................2

    B.    Corey Oneal, and moving parties' request to add him to this case. ......................................................................3

    C.    Moving parties attempt to mislead the Court.......................4

        1.    Moving parties obfuscate the status of the Original/Tibrio Arbitration. .......................................4

        2.    Attorney Gillick submitted false testimony regarding an ongoing, and unrelated, discovery dispute. ......................................................4

    D.    Summary Timeline ...............................................................6

III.   ARGUMENT...............................................................................7

    A.    Moving parties unduly delayed adding Oneal, and they have no credible excuse for doing so. ................................8

    B.    The amendment is in bad faith. ..........................................10

    C.    Amendment would be futile: the Court can and should decline to exercise supplemental jurisdiction over the claims against Oneal.............................................................11

    D.    Global Ventu and Andebeek would suffer prejudice were moving parties allowed to add Oneal now.........................13

    E.    The majority of moving parties' causes of action have thus far failed to state a claim. ..........................................13

    F.    To recap, the motion should be denied. .............................14

G.     Moving parties' next cross-claim must be limited to their
claims against Global and Andebeek. .................................................15

IV.   CONCLUSION..............................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
   465 F.3d 946 (9th Cir. 2006) ..............................................................8, 9

*Carnegie-Mellon Univ. v. Cohill*,
   484 U.S. 343 (1988)..........................................................................11

*Carrico v. City & County of San Francisco*,
   656 F.3d 1002 (9th Cir. 2011) ...........................................................11

*City of Chicago v. Int'l College of Surgeons*,
   522 U.S. 156 (1997)..........................................................................11

*Foman v. Davis*,
   371 U.S. 178 (1962)......................................................................8, 14

*Jackson v. Bank of Hawaii*,
   902 F.2d 1385 (9th Cir. 1990) .............................................................8

*Jang v. Boston Scientific Scimed, Inc.*,
   729 F.3d 357 (3rd Cir. 2013) .............................................................13

*Lindow v. U.S.*,
   738 F.2d 1057 (9th Cir. 1984) .............................................................9

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989) ...............................................................8

*Morley v. Smith*,
   309 Fed. Appx. 103 (9th Cir. 2009)...................................................12

*Morongo Band of Mission Indians v. Rose*,
   893 F.2d 1074 (9th Cir. 1990). ..........................................................13

*Patel v. 7-Eleven, Inc.*,
   2015 WL 970113 (C.D. Cal. Apr. 14, 2015).......................................10

*Rich v. Shrader*,

    823 F.3d 1205 (9th Cir. 2010). ...............................................................8

*Sorosky v. Burroughs Corp.*,

    826 F.2d 794 (9th Cir. 1987) ...............................................................10

*Thatcher Media Group LLC v. Thiel*,

    2010 WL 11561159 (C.D. Cal. Oct. 15 2010) ..........................................11, 12

## STATUTES

28 U.S.C. § 1367 ...............................................................11

28 U.S.C. § 1367(c) ...............................................................11

28 U.S.C. § 1367(c)(2). ...............................................................11

## RULES

California Rule of Professional Conduct 3.4(d) ...............................................................10

Fed. R. Civ. Pro 15(a)(2) ...............................................................8

# I.     INTRODUCTION

Moving parties ZeetoGroup LLC, Samples.com LLC, and Tibrio LLC ask that they be allowed—nearly a year into this case—to add two new cause of action against a brand new party, Corey Oneal, who has never been mentioned in moving parties' prior cross-claims. The motion should be denied.

First, moving parties' delay is unacceptable, and their excuse for the delay is at best misleading. All parties' initial disclosures listed Oneal as a witness. The chat logs—the ones on which moving parties base their claims against Oneal—were produced in December of 2019. Moving parties nevertheless waited until April 17, 2020 to ask to bring these causes of action. Moving parties claim they waited to add Oneal because he was a witness in an unrelated arbitration, and they did not want to be seen as influencing Oneal's testimony. But Oneal testified in the arbitration late January 2020, three months before moving parties sought to add him here. Further, moving parties' employees had, prior to Oneal's arbitration testimony, threatened Oneal with litigation in another lawsuit. So, the claim that they were trying to avoid the appearance of impropriety cannot be true.

Second, the amendment is in bad faith. After repeatedly trying to request information from Oneal and getting nothing, moving parties attorneys' offered to pay Oneal's attorneys' bills in exchange for information. Only when that effort failed did moving parties seek this amendment. Moving parties' dishonesty—regarding Oneal and other issues—further evidences bad faith.

Third, the claims against Oneal would be subject to a motion to dismiss, so leave to amend should be denied. Specifically, the Court could and should decline to exercise supplemental jurisdiction over the claims against Oneal, because the new claims would make these proceedings unruly. They would inject into the litigation disputes over the terms of Oneal's employment contract, add new questions of causation, and open the door to questions of offset.

Fourth, amendment at this stage will prejudice Global Ventu and Alex Andebeek. For a year, Global and Andebeek have litigated this dispute against moving parties. Now, despite that they could have done so months ago, moving parties seek to upend this case.

Fifth, the majority of moving parties' have thus far failed to survive a pleading challenge. This repeated failure is a basis to deny leave to amend.

The Court has previously ruled that moving parties will have one more chance to amend their cross-claim against Global Ventu and Andebeek. Their Second Amended Cross-claim should be limited to those causes of action. The request to add Oneal should be denied.

## II.  FACTS

### A.  The parties' disputes.

This case began nearly a year ago, on May 31, 2019. [Doc. 1.] Plaintiff Global Ventu Holding B.V. ("Global") filed a complaint against Defendants ZeetoGroup LLC, Samples.com LLC, and Tibrio LLC ("moving parties"). The operative complaint asserts claims for the breach of two contracts, and misappropriation of trade secrets under California and Federal law. [Doc. 14.] Moving parties unsuccessfully moved to dismiss Global's First Amended Complaint. [*See* Doc. 21.]

The parties exchanged initial disclosures on December 18-19, 2019. Both parties' initial disclosures listed Corey Oneal as a witness. [Ex. A at 2; Ex. B at 2.] As part of those disclosures, Global produced chat logs between Andebeek and Oneal. [Ex. A at 3; *see* Doc. 52-2, Gillick Decl., at ¶ 4.] Those chat logs form the basis of moving parties' claims against Oneal. [*see generally* Doc. 52-2.]

On December 20, 2019, after the initial disclosures and chat logs were served, moving parties filed their first cross-claim, adding Alex Andebeek as a cross-defendant. [Doc. 24.] That cross-claim did not mention Oneal. [*Id.*]

Global conferred with moving parties before moving to dismiss the original cross-claim. [Doc. 29-1.] Moving parties refused to amend, despite admitting during

the conference that at least one of their causes of action was meritless. [*Id.*] Global moved to dismiss. [Doc. 29.]

Moving parties then amended on February 7, 2020. [Doc. 31.] Again, the cross-claim did not mention Oneal. [*Id.*] Global and Andebeek moved to dismiss the First Amended Cross-Claim, and it moved to strike ZeetoGroup from the lawsuit. [*See* Doc. 54.] The Court granted in part Global's motion to dismiss and granted the motion to strike ZeetoGroup. [Doc. 54 at 8-9.] The Court then stated that it would "set a deadline for the filing of the Second Amended Cross-Complaint in its order on Tibrio's pending motion for leave to amend." [*Id.* at 9.]

**B.    Corey Oneal, and moving parties' request to add him to this case.**

Corey Oneal was the Director of Media for Tibrio. [Oneal Decl. ¶ 2.] He was a salaried managerial employee and had a team who reported to him. [*Id.*] He left Tibrio's employ but remained an independent contractor for the company through at least November 2018. [*Id.*] Tibrio still owes Oneal approximately $12,000 in compensation for his work as an independent contractor. [*Id.*]

On December 16, 2019, a ZeetoGroup employee emailed Oneal and asked for chat logs between Oneal and Andebeek. [Ex. I; Oneal Decl. ¶ 4.a.] Oneal did not reply. [Oneal Decl. ¶ 4.]

Two days later, Tibrio's Chief Revenue Officer sent this text message to Oneal:

> Hey there! Give me a call as soon as you have the chance. I heard Internet Things is closing shop, but the court case is still moving forward. Through the legal process we uncovered some things that you should have disclosed that implicate you. There is a growing chance you will be added as an individual named in the Internet Things suit. I'm hoping we can avoid that. Hope we talk soon.

[Ex. C.] "Internet Things" is a company for which Oneal worked after leaving Tibrio. [Oneal Decl. ¶ 4.b.]

Oneal retained counsel in case he was added as a party to the dispute between moving parties and Internet Things. [Oneal Decl. ¶ 3.] Oneal was not ultimately made a party to that lawsuit. [*Id.*]

Subsequently, in late March 2020, moving parties' attorney Chris Morris contacted Oneal's attorney. [*Id.* ¶ 5.] Attorney Morris asked whether he could speak with Oneal. The request was declined. Attorney Morris then offered to pay Oneal's attorney's bills to facilitate Morris's desire to speak with Oneal. No response was provided. [*Id.*]

Oneal was also a witness in an arbitration between Tibrio, its affiliates, and a company called The Original Agency, LLC (the "Original/Tibrio Arbitration"). [*Id.* ¶ 6.] He was scheduled to testify on December 5, 2019, but due to schedule changes ended up testifying during the week of January 20, 2020. [*Id.* ¶ 6; *see* Exs D-E.]

### C. Moving parties attempt to mislead the Court.

#### 1. *Moving parties obfuscate the status of the Original/Tibrio Arbitration.*

Moving parties state that on "April 10, 2020, the arbitration was completed." [Doc. 52-1 at 9:1.] This statement omits that Oneal testified in the week of January 20, 2020. [*See* Oneal Decl. ¶ 6.] This distinction is important because moving parties claim their delay resulted from not wanting to appear to influence Oneal's arbitration testimony. [*E.g.*, Doc. 52-1 at 9:2-14.]

#### 2. *Attorney Gillick submitted false testimony regarding an ongoing, and unrelated, discovery dispute.*

In his declaration, dated April 17, 2020, Attorney Gillick testifies as follows:

> . . . . Further, as this Court is aware, Zeeto and Tibrio have offered multiple times to open the Facebook accounts in order to prove that no misappropriation took place. Mr. Greco has declined each one of those requests and instead has employed discovery

methods which will likely result in a motion for sanctions. [Doc. 52-2 at ¶ 21.]

At best, the statement is misleading. At worst, it is false.

- On March 30, 2020, Global's counsel emailed Attorney Gillick, confirming that "Defendants will provide administrative access to Global Ventu" to moving parties' Facebook account and that Global's counsel would check with Global "regarding whether access to the Facebook account and documents related to revenues is sufficient." [Ex. F at 2.]

- The same day, Attorney Gillick replied and stated "Everything here looks correct to me." [Ex. F at 2.]

- On April 7, 2020, Global's counsel emailed Attorney Gillick, stating, "I know that we have discussed [Facebook] access in lieu of document production for some requests and that is certainly something that we would like to coordinate." [Ex. F at 1.]

- On April 17, 2020, the same day Attorney Gillick filed his declaration, he and Global's counsel confirmed that Global wanted to engage in the screen share discovery process. [Greco Decl. ¶ 4.] The call ended with Gillick stating that he would speak with his clients regarding dates on which they were available. [*Id.*]

- On April 20, 2020, Global's counsel wrote to Attorney Gillick to confer on this issue. He asked that Gillick withdraw the false testimony—that "Mr. Greco has declined each one of those requests and instead has employed discovery methods which will likely result in a motion for sanctions"—and outlined the parties' prior discussions. [Ex. G at 2-3.]

- The same day, Gillick responded that, "It is [moving parties'] contention that this offer has been pushed back and ignored in order to have us produce documents which contain trade secrets. We are still willing to share access

to prove no misappropriation, but until we have dates, we will interpret the delays as refusals." [Ex. G at 2.]

So, Attorney Gillick's testimony—that Mr. Greco "refused" to engage in this screen-share option—is at best misleading, and at worst it is false. Attorney Gillick had the opportunity to withdraw this testimony, but did not. [Ex. G at 2-3.][1]

## D. Summary Timeline

The following timeline may assist the Court in navigating the relevant events.

| Date | Event | Evid. |
|---|---|---|
| 05/31/2019 | Global Ventu files this case. | Doc. 1 |
| 07/15/2019 | This Court grants Global Ventu's motion to substitute counsel, changing RMO LLP to its attorneys of record. | Doc. 8 |
| 12/11/2019 | Court denies moving parties' motion to dismiss Global Ventu's complaint. | Doc. 21 |
| 12/16/2019 | ZeetoGroup employee contacts Oneal and asks for chat logs between Oneal and Andebeek. | Ex. I |
| 12/18/2019 | Global serves its initial disclosures and documents. The documents include the chat logs on which moving parties base their new cross-claim. Global's initial disclosures list Oneal as a witness. | Ex. A at 2; *see* Doc. 52-2, Gillick Decl. at ¶ 4 |
| | Moving parties serve their initial disclosures, also listing Corey Oneal as a witness. | Ex. B at 2 |
| 12/19/2019 | Tibrio's Chief Revenue Officer texts Oneal, stating that Oneal might be added to lawsuit between moving parties and Internet Things LLC. | Ex. C |

[1] Attorney Gillick's declaration also contains bizarre claims that Attorney Greco is engaged in a campaign to take down moving parties. Specifically, he states, ". . . . This is also evidence that Global Ventu's claims are disingenuous and were designed solely to cause Zeeto and Tibrio harm with the help of counsel, Mr. Greco. [Doc. 52-2 at ¶ 7; *see also id.* at 21-22 [complaining of conspiracy].] It is unclear why Gillick makes this claim. Regardless, it is nonsensical. Neither Attorney Greco nor his firm, RMO LLP, were counsel of record when this case began. [Doc. 1.] They substituted in as counsel in July 2019. [Docs 8-9.] Before that, Attorney Greco had no relationship with, and had not known, any party to this case. [Greco Decl. ¶ 2.]

| Date | Event | Evid. |
|---|---|---|
| 12/30/2019 | Moving parties file their original cross-action, naming Alex Andebeek and Global Ventu as cross-defendants. The cross-claim does not mention Oneal. | Doc. 24 |
| 01/14/2020 | Global's counsel confers with moving parties' counsel regarding the cross-claims. Moving parties' counsel admits the cross-claim contains defective causes of action, but refuses to amend. | Doc. 29-1 at ¶ 2 |
| 01/21/2020 | Global and Andebeek move to dismiss the cross-claim. | Doc. 29 |
| Wk of Jan. 20, 2020 | Corey Oneal testifies in The Original/Tibrio Arbitration between The Original Agency and moving parties. | Oneal Decl. ¶ 6 |
| 02/07/2020 | Moving parties amend their cross-claim in response to Global and Andebeek's motion to dismiss. No mention is made of Oneal. | Doc. 31 |
| 02/22/2020 | Testimony ends in The Original/Tibrio Arbitration between Defendants and The Original Agency LLC. | Greco Decl. ¶ 6 |
| 02/26/2020 | Global Ventu and Andebeek move to dismiss the First Amended Cross-claim. | Doc. 35 |
| 03/20/2020 | Moving parties oppose the motion to dismiss their First Amended Cross-claim. The opposition does not mention further amendments or addition of new parties. | Doc. 41 |
| Late March 2020 | Attorney for moving parties (Chris Morris) offers to pay Oneal's attorneys' bills in order to facilitate a conversation with Oneal. | Oneal Decl. ¶ 5 |
| 04/17/2020 | Moving parties file their motion for leave to file a Second Amended Cross-claim (one court day before the deadline to do so). This is the first pleading that mentions Oneal. | Doc. 52 |
| 04/20/2020 | Deadline for any party to amend their pleadings. | Doc. 34 at ¶ 3 |

## III.   ARGUMENT

While amendment is liberally allowed, a court may deny such a request if it determines amendment is improper under the circumstances. Relevant factors include: (1) whether the moving party unduly delayed amendment; (2) whether the

amendment is in bad faith or intended to delay proceedings; (3) whether amendment would be futile; (4) whether the opposing party would suffer prejudice as a result of the amendment; and (5) whether the moving party has repeatedly failed to correct deficiencies in prior pleadings. A single factor, or any combination of them, can support a denial. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

A.   **Moving parties unduly delayed adding Oneal, and they have no credible excuse for doing so.**

To evaluate undue delay, courts ask whether, when the original pleading was filed, "the moving party knew or should have known the facts and theories" giving rise to the amended pleading. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). By itself, an unreasonable and unexplained delay is sufficient to deny a request to amend. *AmerisourceBergen*, 465 F.3d at 953; *Rich v. Shrader*, 823 F.3d 1205, 1209-10 (9th Cir. 2010). A motion must be analyzed for undue delay even if it is filed before the deadline set by the pretrial scheduling order. *See* Fed. R. Civ. Pro 15(a)(2); *AmerisourceBergen*, 564 F.3d at 952-53.

In their initial disclosures, dated December 19, 2019, moving parties put Corey Oneal first on their list of witnesses. [Ex. B at 2.] Global's initial disclosures, dated one day earlier, also named Oneal. [Ex. A at 2.] And the same day Global served its initial disclosures, it also produced the chat logs upon which moving parties base their claims against Oneal. [See Ex. A at 3; Doc. 52-2, Gillick Decl., ¶¶ 2-3 [admitting moving parties received the chat logs on December 18, 2019].] Further, moving parties were in touch with Oneal regarding this case—specifically asking for chat logs—during the same time period. [Ex. I.] Moving parties thus waited at least 120 days—or three months, 29 days—after receiving the chat logs to add Oneal. They did so one court day before the deadline to add new parties, after filing two cross-claims that did not mention Oneal at all. [Doc. 54 at ¶ 3; *see* Docs 24, 31.]

Moreover, moving parties' justification for the delay—that they did not want to be seen as influencing Oneal's arbitration testimony—is specious at best. Oneal testified in The Original/Tibrio Arbitration in the week of January 20, 2020. [Oneal Decl. ¶ 6.] Yet, on February 7, 2020, moving parties amended their cross-claim and made no mention of Oneal. [Doc. 31.] Instead, they waited seventy additional days. This is unacceptable.

Further, moving parties threatened to sue Oneal, albeit in a different lawsuit, prior to his testimony in the Original/Tibrio Arbitration. Specifically, on December 18, 2020, Tibrio's Chief Revenue Officer Shane Caldwell sent a text message stating:

> Hey there! Give me a call as soon as you have the chance. I heard Internet Things is closing shop, but the court case is still moving forward. Through the legal process we uncovered some things that you should have disclosed that implicate you. There is a growing chance you will be added as an individual named in the Internet Things suit. I'm hoping we can avoid that. Hope we talk soon.

[Ex. C; Oneal Decl. ¶ 4.] It strains credulity to think that moving parties waited to add Oneal to this lawsuit to avoid the appearance that they were attempting to influence his arbitration testimony, when they were threatening Oneal with other litigation prior to that testimony. In other words, there is no credibility to moving parties' justification for waiting to add Oneal to this case.

In any event, moving parties cite no authority that allows a litigant to delay adding a party in order to avoid the appearance of influencing testimony—because there is none. *Cf. Lindow v. U.S.*, 738 F.2d 1057, 1061 (9th Cir. 1984) (a position for which no authority is cited, is meritless). The only inquiry is what moving parties knew, and when. *See AmerisourceBergen*, 465 F.3d at 953. Since at least December 2019—two versions of the cross-claim ago—moving parties have known of the facts

on which they base their claims against Oneal. [Ex. A at 2.] The delay is unacceptable and there is no credible excuse for it. The motion should be denied.

## B.    The amendment is in bad faith.

"Bad faith" is flexible concept, and district courts have broad discretion to determine whether it exists. *E.g., Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (abuse of discretion standard applies to motions for leave to amend). For example, bad faith exists when amendment is sought for an ulterior motive. *Id.* (denying leave when amendment was sought to destroy diversity jurisdiction).

Here, bad faith abounds. As discussed above, moving parties' justification for their delay is at best dishonest. The logical implication is that there was some other motive for the delay, and for the eventual attempt to add Oneal to this case.

That motive appears to have been to gain Oneal's cooperation in this case. In December 2019, moving parties threatened to make Oneal party to another lawsuit, after Oneal did not respond to moving parties' requests for information about this case. [Exs C, I; Oneal Decl. ¶ 3-4.] Moving parties did not ultimately make Oneal a party to the *Internet Things* case. [Oneal Decl. ¶ 3-4.] However, Chris Morris, attorney for moving parties, contacted Oneal's attorney and asked if he could speak to Oneal. [*Id.* ¶ 5.] Oneal declined. *Id.* Attorney Morris then, in <u>late March 2020</u>, offered to pay Oneal's attorney's bills so moving parties could speak with him.[2] [*Id.*] Ostensibly—based on the prior requests for information about this case—Morris wanted to talk to Oneal about Andebeek and Global. [See Ex. I.]

These events support a finding of bad faith—particularly when buttressed by the other misrepresentations moving parties' have made to this Court. [See § II(C).]

---

[2] California Rule of Professional Conduct 3.4(d) prohibits an attorney from compensating a fact witness for testimony. *See Patel v. 7-Eleven, Inc.*, 2015 WL 9701133, at *5 (C.D. Cal. Apr. 14, 2015) ("The purpose behind prohibiting payment to fact witnesses is to prohibit a lawyer from paying or offering to pay money or other rewards to witnesses in return for their testimony, be it truthful or not, because it violates the integrity of the justice system and undermines the proper administration of justice.") (analyzing prior version of rule) (cleaned up).

**C.** **Amendment would be futile: the Court can and should decline to exercise supplemental jurisdiction over the claims against Oneal.**

Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San* Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011). That is the case here.

Moving parties argue that this Court would have supplemental jurisdiction, under 28 U.S.C. § 1367, over their claims against Oneal. [Doc. 52-2 at p. 56, at ¶ 21.] Even assuming the claims share a common nucleus of operative facts, the Court still can—and should—decline to exercise supplemental jurisdiction.

Parties "do not have a right to supplemental jurisdiction." *Thatcher Media Group LLC v. Thiel*, 2010 WL 11561159, at *4 (C.D. Cal. Oct. 15 2010). A "federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988)); *see* 28 U.S.C. § 1367(c); Further, a court can decline supplemental jurisdiction when the new causes of action arise from state law claims that would "predominate" over the Federal issues. 28 U.S.C. § 1367(c)(2).

In *Thatcher*, two plaintiffs asserted causes of action for breach of contract and fraud, both of which arose out of a contract with the defendants. *Thatcher Media Group*, 2010 WL 11561159, at *4. Two other plaintiffs asserted, against one of the same defendants, causes of action under the California Labor Code for failure to pay accrued vacation days. *Id.* The Central District of California found that the Labor Code claims have required examination of "different facts related to the terms of different contracts." *Id.* It thus held that it would not further the interests of judicial economy, convenience, or fairness to hear the Labor Code claims. *Id.*

In this case, at this stage, adding Oneal would inject into the litigation a number of new and distinct issues—all of which arise under California, not Federal, law—including:

1. The validity and enforceability of Oneal's employment contract, a contract that has thus far not been at issue in this litigation [*see* Doc. 52-2 at 63, ¶¶ 75-76 [showing additions to complaint, alleging new contract never mentioned in prior cross-claims]);

2. Whether Oneal's alleged statements about Tibrio violated the contract;

3. Whether Oneal would be entitled to offset for unpaid sums earned during his work as an independent contractor for Tibrio [*see* Oneal Decl. ¶ 2 [Oneal is owed approximately $12,000 for work performed as an independent contractor after he left Tibrio's employ]];

4. Whether Oneal's alleged statements about Tibrio were the actual and proximate cause of the end of the relationship between Tibrio and Global, *see Morley v. Smith*, 309 Fed. Appx. 103, 105 (9th Cir. 2009) (claimant must show causation when asserting claim for intentional interference with economic advantage);

5. Whether the information Oneal allegedly provided to Global qualified as "confidential information" under the alleged contract between Oneal and Tibrio [*see* Doc. 52-2 at 64, ¶ 76 [alleging that Oneal disclosed confidential information such as employee terminations]];

6. Whether Tibrio can, under California law, assert a tort claim against a person who was its agent—first an employee, then an independent contractor—for actions taken in the scope of Oneal's agency [*see* Oneal Decl. ¶ 2; Doc. 52-2 at 36, ¶ 4]].

Like in *Thatcher*, these new state-law issues will require immense additional discovery, motion filings, and trial time. They will require assessment of a different contract, different legal issues, and a dispute between moving parties and a brand new party. This lawsuit is nearly a year old—adding these questions now would be inappropriate. Thus, the claims against Oneal would be subject to a motion to dismiss for lack of subject matter jurisdiction, making the amendment futile.

### D. Global Ventu and Andebeek would suffer prejudice were moving parties allowed to add Oneal now.

Prejudice is a fact-dependent inquiry left to the discretion of the district court. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Courts have found prejudice when the amended pleading would shift the focus of the litigation, the new claims are tenuous, there is a finding of bad faith, or the amendment would "result in additional discovery, cost, and preparation to defend against new facts or new theories." *Jang v. Boston Scientific Scimed, Inc.*, 729 F.3d 357, 368 (3rd Cir. 2013); *see Morongo*, 893 F.2d 1074.

In *Morongo*, the Ninth Circuit affirmed the district court's denial of leave, because the plaintiff had sought—late in the litigation—to add new RICO claims that differed from the original complaint. *Morogno*, 893 F.2d at 1074. The claims were also "tenuous." *Id.* The *Jang* court likewise found prejudice from a late-in-the-case amendment for which the moving party provided no legitimate explanation. *Jang*, 729 F.3d at 368.

The prejudice here is palpable. Moving parties already filed two cross-claims that did not even mention Oneal—let alone assert claims against him. [Docs 24, 31.] The case is nearly a year old. [*Cf.* Doc. 1.] And the proposed addition of Oneal would inject into the litigation a new contract, two new causes of action, and require a host of new questions to be answered. Most importantly, moving parties have offered a dishonest explanation for the delay—and their true motive seems to be to use litigation as a sword to garner Oneal's cooperation, rather than to assert legitimate claims against him. [*Cf.* Oneal Decl. ¶¶ 4-6; Ex. C; Ex. I.] The Court should not allow moving parties to abuse litigation in this manner.

### E. The majority of moving parties' causes of action have thus far failed to state a claim.

Courts may deny amendment when prior versions of the pleadings have been defective and the amending party has failed to fix those defects. *Foman*, 371 U.S. at

182 (grounds for denial of amendment include "repeated failure to cure deficiencies by amendments previously allowed.").

Global conferred with moving parties before moving to dismiss the original cross-claim. [Doc. 29-1.] Moving parties refused to amend, despite admitting during the conference that at least one of their causes of action was meritless. Moving parties amended only after forcing Global to move to dismiss. [Doc. 31.] The First Amended Cross Claim fared no better—the Court granted in part Global's motion to dismiss and granted the motion to strike ZeetoGroup. [Doc. 54 at 8-9.] While the Court has provided moving parties one more opportunity to cure the claims against Andebeek and Global, it should not permit them to further complicate and delay the proceedings by adding a new party. Litigation is not, and should not be, a moving target.

**F.    To recap, the motion should be denied.**

The defects in moving parties' motion are plentiful, and warrant summarization.

1.    Moving parties' delay warrants denial of the motion, because (a) Oneal was listed on all parties' initial disclosures in December; (b) Oneal testified in the Original/Tibrio Arbitration in late January; (c) there is no explanation for why moving parties waited from late January to mid-April—one Court day before the deadline to amend—to add Oneal, especially considering their first two cross-claims never mentioned Oneal; (d) moving parties' justification—that they did not want to appear to influence Oneal's testimony—is not credible because Oneal testified in January, Tibrio had threatened him with other litigation prior to that testimony, and Tibrio/ZeetoGroup's employees had contacted him to request information about this case and other cases in December 2019 and March 2020, respectively.

2.    The amendment is in bad faith, as demonstrated by the fact that moving parties' attorney Christopher Morris tried to compensate Oneal for speaking to him, ostensibly to gain his cooperation in this case.

3.     Adding Oneal now—nearly a year into the lawsuit—would make the proceedings unmanageable due to the flurry of new issues that would have to be addressed, so the claims against Oneal would be subject to a motion to dismiss for lack of subject matter jurisdiction.

4.     Global and Andebeek would be prejudiced by the new inquiries injected into this case—causing more discovery, more motion practice, and additional trial time—particularly because there is no good explanation for why moving parties delayed adding Oneal, and moving parties' motives are suspect.

5.     The majority of moving parties' claims have thus far failed to survive a pleading challenge, and allowing new claims against Oneal would only reward moving parties for their failure to present cognizable claims to this Court.

6.     Moving     parties     lack     credibility     given     their     numerous misrepresentations—related to Oneal and to other issues—to this Court.

**G.     Moving parties' next cross-claim must be limited to their claims against Global and Andebeek.**

This Court previously granted in part Global and Andebeek's motion to dismiss the First Amended Cross-claim. [Doc. 54 at 8-9.] It also struck ZeetoGroup's answer and barred ZeetoGroup from participating in this case until ZeetoGroup corrects its registration with the California Secretary of State. [Id. at 8.] The Court then stated that it would "set a deadline for the filing of the Second Amended Cross-Complaint in its order on Tibrio's pending motion for leave to amend." [Id. at 9.]

As discussed above, the claims against Oneal should not be added to this case, so the Court should deny the motion for leave to file a second amended cross-complaint in its entirety. It should then set a date for moving parties to file amended cross-claim against Global and Andebeek only.

/ / /

/ / /

/ / /

## IV.  CONCLUSION

The request to add Oneal as a party to this case should be denied.

Dated: May 13, 2020                              **RMO LLP**


_**/s/ David Greco**_
David Greco(SBN 299635)
grecod@rmolawyers.com

Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
service@rmolawyers.com

2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff and Cross-
defendant GLOBAL VENTU
HOLDING B.V. and Cross-defendant
ALEX ANDEBEEK