Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
David G. Greco (SBN 299635)
grecod@rmolawyers.com
service@rmolawyers.com
**RMO LLP**
2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff and Cross-defendant
GLOBAL VENTU HOLDING B.V.
and Cross-defendant
ALEX ANDEBEEK

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V.,<br><br>Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC,<br><br>Defendants.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC,<br><br>Cross-complainants,<br><br>v.<br><br>GLOBAL VENTU HOLDING B.V.; ALEX ANDEBEEK, an individual; and ROES 1 through 50, inclusive<br><br>Cross-defendants. | CASE NO.: 3:19-cv-01018-DMS-LL<br><br>**DECLARATION OF DAVID GRECO IN OPPOSITION TO DEFENDANTS/CROSS-COMPLAINANTS' MOTION FOR LEAVE TO FILE SECOND AMENDED CROSS-COMPLAINT**<br><br>Date:        May 29, 2019<br>Time:       1:30 p.m.<br>Courtroom: 13A<br><br>Trial:         N/A<br>Filed:        May 31, 2019<br>Judge:       Hon. Dana M. Sabraw<br>Magistrate: Hon. Linda Lopez |

# DECLARATION OF DAVID GRECO

I, David Greco, declare:

1. I am an attorney with RMO LLP, counsel of record for and Cross-defendant GLOBAL VENTU HOLDING B.V. and Cross-defendant ALEX ANDEBEEK. Everything in this declaration is based on my own personal knowledge. If called to testify to the contents of this declaration, I could do so competently.

2. Prior to Global Ventu Holding B.V.'s retention of RMO LLP, I had never represented Global Ventu or Alex Andebeek in any lawsuit or other proceeding. I also had not met Andebeek and, to my knowledge, had never met any other employee of Global Ventu. I had never heard of Global Ventu before it retained our firm. I had also not heard of, and had no prior relationship with, Stephan Goss, ZeetoGroup, Tibrio, or Samples.com.

3. On April 17, 2020—the same day that moving parties filed this motion—Jacob Gillick and I held a telephonic meet and confer session relating to some of the parties' discovery disputes in this case. Attorney Jessica Covington, who at the time was also counsel for Global Ventu and Alex Andebeek, was on the call.

4. During the April 17 2020 phone call, the three of us discussed arranging for Mr. Andebeek to gain access to moving parties' Facebook accounts, for the purposes of discovery. The Parties had been discussing this possibility for several weeks. No later than on March 30 2020, my office confirmed that we would engage in this process. I again reconfirmed that Mr. Andebeek would like to review the Facebook accounts and confirmed, per moving parties' requests, that they would be allowed to "screen share" during the review session, to ensure the safety of their clients' data. Mr. Gillick responded that he and his clients were agreeable to this arrangement. The call ended with Mr. Gillick stating that he would speak with his clients regarding dates on which they were available to conduct this process.

/ / /

5. Before receiving the instant motion, I had never spoken with Corey Oneal. I do not recall specifically, but I may have attempted to reach Mr. Oneal because of his capacity as a witness in this case, before the instant motion was filed. However, if I did make such outreach, it was unsuccessful. The first time I have ever spoken with, or received any communication from, Oneal was after the instant motion was filed.

6. After receiving the instant motion, I spoke with attorneys who litigated the Arbitration between The Original Agency LLC and moving parties. No details regarding the substance of the Arbitration were discussed, but I was made aware of the following scheduling information:

   a. Testimony in the Arbitration between parties ended no later than February 22, 2020.

   b. The parties had until April 10, 2020 to submit their final briefing.

7. Additionally, I became aware that the Arbitrator had until May 10, 2020 to issue an order, and that he had done so ahead of schedule. Attorney Gillick represented to me in an email that his clients had prevailed at the Arbitration. (See Exhibit H.)

8. **Exhibit A** to Global Ventu and Alex Andebeek's evidence in opposition to moving parties' motion is a true and correct copy of Global Ventu's initial disclosures, dated December 18 2020. These disclosures were served simultaneously with the documents bates stamped as GLOBAL000001-000208.

9. **Exhibit B** to Global Ventu and Alex Andebeek's evidence in opposition to moving parties' motion is a true and correct copy of moving parties' initial disclosures, dated December 19, 2019.

10. **Exhibit F** to Global Ventu and Alex Andebeek's evidence in opposition to moving parties' motion is a true and correct copy of email exchanges dated between March 30 2020 and April 7 2020, between Attorney Gillick and my office.

///

11. **Exhibit G** to Global Ventu and Alex Andebeek's evidence in opposition to moving parties' motion is a true and correct copy of email exchanges dated April 20, 2020, between Attorney Gillick, myself, and others in my office.

12. **Exhibit H** to Global Ventu and Alex Andebeek's evidence in opposition to moving parties' motion is a true and correct copy of an email I received from Attorney Gillick on April 24, 2020.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 14, 2020                    **DECLARANT**

*/s/ David Greco*
David Greco

3
DECL. OF DAVID GRECO IN OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED CROSS-COMPLAINT
19-CV-1018 DMS LL