Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
David G. Greco (SBN 299635)
grecod@rmolawyers.com
service@rmolawyers.com
**RMO LLP**
2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff and Cross-defendant
GLOBAL VENTU HOLDING B.V.
and Cross-defendant
ALEX ANDEBEEK

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V.,<br><br>Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC,<br><br>Defendants. | CASE NO.: 3:19-cv-01018-DMS-LL<br><br>**DECLARATION OF COREY ONEAL IN SUPPORT OF OPPOSITION BY PLAINTIFF/ CROSS-DEFENDANT GLOBAL VENTU HOLDING B.V. AND CROSS-DEFENDANT ALEX ANDEBEEK TO DEFENDANTS/ CROSS-COMPLAINANTS' MOTION FOR LEAVE TO FILE SECOND AMENDED CROSS-COMPLAINT** |
| ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC,<br><br>Cross-complainants,<br><br>v.<br><br>GLOBAL VENTU HOLDING B.V.; ALEX ANDEBEEK, an individual; and ROES 1 through 50, inclusive<br><br>Cross-defendants. | Date:           May 29, 2020<br>Time:          1:30 p.m.<br>Courtroom:   13A<br><br>Trial:           N/A<br>Filed:          May 31, 2019<br>Judge:         Hon. Dana M. Sabraw<br>Magistrate:  Hon. Linda Lopez |

## **DECLARATION OF COREY ONEAL**

I, Corey Oneal, declare:

1. I am over eighteen years of age. Everything in this declaration is based on my own personal knowledge. If called to testify to the contents of this declaration, I could do so competently.

2. I am the former Director of Media for Samples.com and Tibrio. I was paid on a salary basis and received bonuses. I had subordinate employees who reported to me and had influence over the day-to-day operations at Tibrio, including managing relationships with vendors and other companies with whom Tibrio did business. After my employment relationship with Tibrio ended, I worked as an independent contractor through at least the end of November 2018. I was never fully paid for the work I performed as an independent contractor, and I estimate that Tibrio still owes me approximately $12,000 for that work.

3. This is not the first time I have been threatened with litigation by Tibrio and its affiliates. Previously, after I left Tibrio's employ, Tibrio and its attorneys threatened that they would attempt to make me a party to a legal dispute between Tibrio, its affiliates, and companies called Internet Things LLC and Simply Sweeps, LLC, among other parties. During that dispute, I was briefly represented by an attorney. At that time, attorney Chris Morris and I spoke in person. He and his office interviewed me regarding the *Internet Things* lawsuit. Morris told me he would not make me a party to that litigation based on the interview he conducted of me. I was not ultimately added as a party to the *Internet Things* lawsuit.

4. I have received several communications from employees of ZeetoGroup and Tibrio since my departure.

    a. On December 16 2019, I received an email from Greg Kuchcik. (Exhibit I.) I never responded to that email.

/ / /

/ / /

     b.    On December 18 2019, I received a text message from Shane Cardwell, the Chief Revenue Officer for Tibrio. (Exhibit C.) The text message refers to "Internet Things," a company for which I worked after leaving Tibrio.

5.    Around March 23 2020, Chris Morris, the attorney for Tibrio, ZeetoGroup and Samples.com, called the attorney who represented me in the *Internet Things* dispute. Attorney Morris asked whether he could speak with me (regarding a different matter) through my attorney. After that declination, Attorney Chris Morris offered that his client would pay my attorney's fees to represent me in order to facilitate Morris's desire to speak with me.

6.    I was originally subpoenaed to testify in the Tibrio/Original Arbitration on December 5, 2019. (See Exhibits D, E.) However, due to schedule changes, I ended up testifying in the Arbitration during the week of January 20, 2020.

7.    **Exhibit C** to Global Ventu and Alex Andebeek's evidence in opposition to moving parties' motion is a true and correct copy of the text message that Shane Cardwell sent to me on December 18, 2019 at 2:38 p.m.

8.    **Exhibit D** to Global Ventu and Alex Andebeek's evidence in opposition to moving parties' motion is a true and correct copy of a letter dated November 19 2020, from Nathan A. Schacht of the law firm Baker Hostetler, regarding the Arbitration between The Original Agency, LLC and moving parties.

9.    **Exhibit E** to Global Ventu and Alex Andebeek's evidence in opposition to moving parties' motion is a true and correct copy of the initial subpoena I received for my testimony in the Tibrio/Original Arbitration.

10.    **Exhibit I** to Global Ventu and Alex Andebeek's evidence in opposition to moving parties' motion is a true and correct copy of an email I received from Greg Kuchcik, an employee of ZeetoGroup, on December 16, 2019.

/ / /

/ / /

/ / /

| | |
|---|---|
| 1 | I declare under penalty of perjury under the laws of the United States that the |
| 2 | foregoing is true and correct. |
| 3 | |
| 4 | Dated: 5/12/2020  **DECLARANT** |
| 5 | |
| 6 | *Corey Oneal* |
| | 7164926DF2F5404... |
| 7 | COREY ONEAL |