```
 1  Scott E. Rahn, Esq. (SBN 222528)
    rahns@rmolawyers.com
 2  Sean D. Muntz, Esq. (SBN 223549)
    muntzs@rmolawyers.com
 3  David G. Greco (SBN 299635)
    grecod@rmolawyers.com
 4  service@rmolawyers.com
    RMO LLP
 5  2029 Century Park East, Suite 2910
    Los Angeles, CA 90067
 6  Phone: (424) 320-9444

 7  Attorneys for Plaintiff and Cross-defendant
    GLOBAL VENTU HOLDING B.V.
 8  and Cross-defendant
    ALEX ANDEBEEK
 9
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V.,<br><br>Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC,<br><br>Defendants. | CASE NO.: 3:19-cv-01018-DMS-LL<br><br>**OBJECTIONS TO EVIDENCE, BY PLAINTIFF AND CROSS-DEFENDANT GLOBAL VENTU HOLDING B.V. AND CROSS-DEFENDANT ALEX ANDEBEEK, IN OPPOSITION TO DEFENDANTS/CROSS-COMPLAINANTS' MOTION FOR LEAVE TO FILE SECOND AMENDED CROSS-COMPLAINT** |
| ZEETOGROUP, LLC, SAMPLES.COM, LLC, and TIBRIO, LLC,<br><br>Cross-complainants,<br><br>v.<br><br>GLOBAL VENTU HOLDING B.V.; ALEX ANDEBEEK, an individual; and ROES 1 through 50, inclusive<br><br>Cross-defendants. | Date:       May 29, 2020<br>Time:       1:30 p.m.<br>Courtroom: 13A<br><br>Trial:       N/A<br>Filed:       May 31, 2019<br>Judge:       Hon. Dana M. Sabraw<br>Magistrate:  Hon. Linda Lopez |

OBJECTIONS TO EVIDENCE IN OPPOSITION TO CROSS-COMPLAINANTS'    19-CV-1018 DMS LL
MOTION FOR LEAVE TO AMEND CROSS-COMPLAINT

# OBJECTIONS TO EVIDENCE

Plaintiff and Cross-defendant Global Ventu Holding B.V. and Cross-defendant Alex Andebeek object as follows to the evidence submitted in support of Defendants/Cross-complainants' Motion for Leave to File Second Amended Cross-complaint.

| # | Evidence | Objections |
|---|---|---|
| 1. | **Gillick Decl. [Doc. 52-2] ¶¶ 5-17** | **Requirement of the Original (Rule 1002).** "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." To the extent that Gillick attempts to summarize, or create a narrative from, the exhibits he attaches, the Court should disregard the summaries in favor of the evidence itself. |
| 2. | **Gillick Decl. [Doc. 52-2], ¶ 7 [3:4-6]**<br><br>"This is also evidence that Global Ventu's claims are disingenuous and were designed solely to cause Zeeto and Tibrio harm with the help of counsel, Mr. Greco." | **No foundation (Rule 602).** The exhibit to which Gillick refers does not mention or involve counsel David Greco. Further, a different law firm—not RMO LLP, and not Attorney Greco—originally represented Global Ventu in this lawsuit. *See* Doc. 1 (complaint); Doc. 8 (Order Granting Motion to Substitute Attorney); Doc. 9 (Appearance of attorney Greco).<br><br>**Requirement of the Original (Rule 1002).** "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." To the extent that Gillick attempts to summarize, or create a narrative from, the exhibits he attaches, the Court should disregard the summaries in favor of the evidence itself. |

| # | Evidence | Objections |
|---|----------|------------|
| 3. | **Gillick Decl. [Doc. 52-2], ¶ 21**<br><br>Counsel for The Original Agency has been working with Andebeek and Mr. Greco, counsel for Andebeek, to harm Zeeto and Tibrio by whatever unprofessional avenues they can. This includes, (1) attempting to influence a judge to treat Zeeto and Tibrio differently by bringing up old discovery rulings; (2) not granting a single discovery extension then claiming that the discovery responses were incomplete; and (3) Mr. Greco's perjurious statement that no discovery was received. Further, as this Court is aware, Zeeto and Tibrio have offered multiple times to open the Facebook accounts in order to prove that no misappropriation took place. Mr. Greco has declined each one of those requests and instead has employed discovery methods which will likely result in a motion for sanctions. | **Relevance (Rule 402)** Only relevant evidence is admissible. Gillick complains of discovery disputes as though they are relevant to moving parties' request to amend the complaint. It is also irrelevant whether attorneys share information with one another.<br><br>**No foundation (Rule 602).** Greco never testified that no discovery responses had been received. Tellingly, Gillick does not identify where this alleged statement was made. Nor does he provide specifics about when and whether discovery extensions were provided.<br><br>**Legal conclusion.** The claim that Mr. Greco committed perjury is a legal conclusion to which Gillick cannot testify. *U.S. v. Crawford*, 239 F.3d 1086, 1090 ("The lay witness may not . . . testify as to a legal conclusion."). |

Dated: May 14, 2020

RMO LLP

*/s/ David Greco*
David Greco (SBN 299635)
grecod@rmolawyers.com

Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
service@rmolawyers.com

2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff and Cross-defendant GLOBAL VENTU HOLDING B.V. and Cross-defendant ALEX ANDEBEEK