Christopher S. Morris, Esq., SBN 163188
cmorris@morrislawfirmapc.com
Jacob A. Gillick, Esq. 312336
jgillick@morrislawfirmapc.com
MORRIS LAW FIRM, APC
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065

Attorneys for Defendants Zeetogroup, LLC,
Samples.com, LLC, and Tibrio, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V.,<br><br>Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>Defendants. | Case No. 19cv1018 DMS LL<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS/CROSS-COMPLAINANTS' MOTION FOR LEAVE TO FILE SECOND AMENDED CROSS-COMPLAINT** |
| ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>Cross-Complainants,<br><br>v.<br><br>GLOBAL VENTU HOLDING B.V., ALEX ANDEBEEK, an individual, and ROES 1 through 50, inclusive<br><br>Cross-Defendants. | Date: May 29, 2019<br>Time: 1:30 p.m.<br>Dept: 13A<br>Judge: Hon. Dana M. Sabraw |

1

DEFENDANTS' REPLY TO MOTION TO AMEND                     19cv1018 DMS LL

# I.

# **INTRODUCTION**

Plaintiff/Cross-Defendants Global Ventu and Alex Andebeek (collectively "Plaintiffs") have opposed Cross-Complainants motion to have Corey Oneal ("Mr. Oneal") added as a Cross-Defendant to the instant matter. Instead of addressing relevant facts and law, Plaintiffs have again used the pleading process as an opportunity to try to besmirch Cross-Complainants' counsel. Cross-Complainants respectfully request that this Court ignore those irrelevant attacks and instead focus on the substance of the motion.

As described in Cross-Complainants' Request for Leave to Amend, Cross-Complainants waited until April 17, 2020, to add Mr. Oneal to this action in order to avoid any allegations of retaliation for his testimony in an un-related arbitration. Plaintiffs' main contention in opposition of the amendment is that Mr. Oneal testified in January and therefore Cross-Complainants should have added him sooner than April 17, 2020. This ignores the fact that the arbitration did not actually conclude until April 10, 2020. Attached to the declaration of Jacob A. Gillick, Esq., as "Exhibit 1" is a copy of a letter sent by the American Arbitration Association which states that "the hearings are declared closed as of April 10, 2020."

With further regards to allegations of an "unreasonable delay," Plaintiffs have submitted over two pages of personal attacks and complaints regarding a discovery dispute irrelevant to the instant motion. (Opposition [Dkt. 60] pgs. 4-6.) Despite the apparent emotional response, Plaintiffs have not acted on the invitation to access Defendants' Facebook in order to verify that no misappropriation has taken place. Declaration of Jacob A. Gillick ("Gillick Decl."), ¶ 5. The only unreasonable delay in this matter is Plaintiffs taking over a year to engage in a method which would cheaply and quickly resolve all issues.

///

Plaintiffs also argue that the amendment is being made in "bad faith" by alleging that Cross-Complainants' counsel was somehow trying to bribe Mr. Oneal for his testimony in this matter by offering to provide him with legal counsel. Cross-Complainants offered to hire an attorney for Mr. Oneal, of his own choosing, in order to facilitate a pre-litigation discussion. As the arbitration involved a $52M claim against Zeeto, being litigated by Baker and Hostetler out of New York City, it was paramount that there be no issue of alleged impropriety; Zeeto offered to provide counsel to Mr. Oneal to avoid even the appearance of something untoward. It would appear that the strategy was successful as Zeeto defeated each and every claim in that action. Contrary to the allegations being made, no testimony was requested from Mr. Oneal by Cross-Complainants. Further, the offer to pay Mr. Oneal's attorneys' fees was made to make sure Mr. Oneal was protected by independent counsel who only had Mr. Oneal's interests in mind. Plaintiffs' argument seems to ignore the fact that an attorney owes a duty to their client, not the one who pays the bills. Further, if providing legal counsel to someone constitutes a "bribe," both the California Labor Code, which under some circumstances requires it, along with all contractual indemnity provisions have some serious problems. Plaintiffs' attempt to misconstrue these facts into some kind of unscrupulous practice is just another method to distract from the relevant issues at play.

Cross-Complainants' Request for Leave to Amend was timely. Further, Cross-Complainants are attempting to add new allegations, not new substantive causes of action, as described below. Given the fact that Mr. Oneal breached his employment agreements in connection with Plaintiffs' termination and requested that he and Plaintiffs work together outside of Cross-Complainants' relationship while simultaneously fueling animosity towards Cross-Complainants makes the issues very straight forward and clear. Plaintiffs will suffer no "prejudice" as they are not representing Mr. Oneal and this case, despite being a year old, is still in its

infancy stages as Plaintiffs have not produced any discovery and no depositions have been taken.

Plaintiffs appear to have also opposed this motion in order to tout the ruling on their Motion to Dismiss Cross-Complainants' Cross-Complaint. Once leave has been granted to amend the Cross-Complaint, Cross-Complainants are confident they can fix all deficiencies. Given the lack of merit and relevancy to Plaintiffs' arguments in opposition to the instant motion, Cross-Complainants respectfully request that the motion for leave to amend be granted.

## II.

## ARGUMENT

### A. Cross-Complainants' Request for Leave to Amend was Timely and Reasonable

Plaintiff/Cross Defendants Global Ventu and Alex Andebeek (collectively "Plaintiffs") argue that because Corey Oneal ("Mr. Oneal") testified in a related matter ("The Original Agency Arbitration") on January 20, 2020, that the arbitration must have ended that day, and that Cross-Complainants should have added Mr. Oneal to this litigation immediately. Opposition [Dkt. 60] § II(C)(1); III(A). This ignores the factual realities. Attached to the Declaration of Jacob Gillick Esq., as "Exhibit 1" is a copy of the notice from the American Arbitration Association deeming the arbitration "concluded" as of April 10, 2020. The motion to add Mr. Oneal was filed on April 17, 2020 – just seven days thereafter. Given the tactics used by Claimants in The Original Agency Arbitration,[1] Defendants

---

[1] Exhibit E attached to Plaintiffs' Evidence in Opposition to Defendants/Cross-Complainants' Motion for Leave to File Second Amended Cross-Complaint was not the operative document authorized by the Arbitrator. Attached to the declaration of Jacob A. Gillick as Exhibit 2 is a true and correct copy of what was issued by Arbitrator Quinn. The main difference is that the operative document is a "request" versus a "subpoena." Cross-Complainants also have testimony from Mr. Oneal where he admits that The Original Agency paid him $14,000 before testifying.

4

DEFENDANTS' REPLY TO MOTION TO AMEND            19cv1018 DMS LL

thought it prudent to not include Mr. Oneal in this matter during a time in which The Original Agency could have argued that Cross-Complainants were retaliating against witnesses. Gillick Decl., ¶ 3. Further, as the demand made by Claimants in The Original Agency Arbitration was in excess of $50 million, Cross-Complainants made a reasonable and prudent decision to wait on bringing a cause of action against Mr. Oneal in order to not taint the defenses which allowed Cross-Complainants to be defeat each and every claim in that arbitration. *Ibid.* Had Cross-Complainants tried to add Mr. Oneal sooner, Plaintiffs would have just argued it was retaliation. Mr. Oneal's testimony was inconsequential; Cross-Complainants have no reason to "retaliate." *Id.* Cross-Complainants seek to add Mr. Oneal because the facts demand it – nothing more, nothing less.

Finally, Plaintiffs argue that Cross-Complainants should have added Mr. Oneal to this litigation earlier because he was on Cross-Complainants' list of witnesses and the evidence which brought about this cause of action was included in Plaintiff's initial disclosures. Opposition [Dkt. 60] pg. 8. In the same vein, Plaintiffs admit that the motion to add Mr. Oneal was done "before the deadline to add new parties." *Ibid.* The fact that Defendants' request is timely should weigh in favor of allowing the amendment. Further, using Plaintiffs' logic, every witness named in the initial disclosures would need to be added as a Cross-Defendant immediately. As only seven days passed between the conclusion of arbitration and the filing of the Motion for Leave to Amend, and the fact that the deadline to file the motion had not yet passed, there was no unreasonable or bad-faith delay.

**B.     Cross-Complainants' Request is Not Being Made in Bad Faith**

Plaintiffs allege that Mr. Oneal was offered bribes by Cross-Complainants when they offered to pay for Mr. Oneal to have legal counsel. Opposition [Dkt. 60] pg. 9; Oneal Declaration [Dkt. 60-3], ¶ 4. Cross-Complainants' counsel first contacted Mr. Oneal in order to work out an agreement which would prevent him from being named in a separate lawsuit (the "Internet Things" lawsuit) which Mr.

Oneal was implicated in. Declaration of Christopher S. Morris ("Morris Decl."), ¶ 2. Mr. Oneal and his legal counsel took Cross-Complainants up on that offer and he was subsequently not named in the lawsuit despite having no useful information. Morris Decl., ¶ 3.

By way of background, the Defendants in the Internet Things lawsuit, in writing, misappropriated trade secrets then hired away employees, including Mr. Oneal, to copy Zeeto's processes and methods. (Case No: 19-CV-458 JLS NLS.) A preliminary injunction against those Defendants was granted on May 13, 2019. Below is a chat between Nicholas Fiorentino, the principal of Internet Things, and Sabiha Tudesco, another former employee of Cross-Complainants, discussing Mr. Oneal's involvement in that scheme:

> Hey
> 23 people laid off from Samples and Zeeto
> ALL NY except for two people
> so Will is def. available
> We're going to find out which Zeeto Developers were fired in SD
> Nicholas Fiorentino 1:26 PM
> Oh my god
> Sabiha Tudesco 1:27 PM
> YEA
> finding out more now..
>
> happpened in front of everyone
> Nicholas Fiorentino 1:27 PM
> That's fucking aw(ful/some)
> Sabiha Tudesco 1:27 PM
> during a lunch and learn
> even got rid of the chef
> at the restaurant
> Nicholas Fiorentino 1:27 PM
> Savage
> Hahahaha it's mostly our fault
> Find out ASAP!
> Sabiha Tudesco 1:28 PM
> BAHAHAHHAHA
> I am on it
> on with francine and corey now
> and francine has an IN there
> her bf's brother works in fulfillment
> Nicholas Fiorentino 1:28 PM
> Fuck yeah

Plaintiffs also argue that the motive for not adding Mr. Oneal earlier was to "gain Oneal's cooperating in this case." Opposition [Dkt. 60], pg. 10. Once Mr. Oneal finished his inconsequential testimony in The Original Agency Arbitration, Mr. Oneal was contacted again regarding this instant matter. Morris Decl., ¶ 4. In order to avoid any improprieties or accusations, Cross-Complainants offered to pay Mr. Oneal's legal fees as the attorney who Cross-Complainants worked with previously on the Internet Things lawsuit had not been paid and would no longer represent Mr. Oneal. *Id.* at ¶ 5. Further, Stephan Goss, the principal of Defendants, had previously provided Mr. Oneal with financial assistance before all of these different suits arose and understood that Mr. Oneal likely did not have the money to pay for his own counsel. Declaration of Stephan Goss, ¶¶ 2-3. Plaintiffs allege that offering to provide legal counsel is somehow a bribe for testimony. Opposition [Dkt. 60] pg. 2. It would be interesting to see Plaintiffs' allegations had Cross-Complainants not offered to let Mr. Oneal be independently represented by legal counsel when discussing these issues. Further, Mr. Oneal was not asked for testimony. Morris Decl., ¶ 6. As Plaintiffs' counsel should be aware, an attorney owes a duty to his or her client, not the person paying the bills. California Professional Rules of Conduct, Rule 1.8.6. If Plaintiffs wish to discuss bribes in exchange for testimony, they should discuss the $14,000 Mr. Oneal accepted from The Original Agency before testifying in the arbitration.

Cross-Complainants have not acted in bad faith and have actually done everything they could to avoid Mr. Oneal being named in this suit. Given his refusal to cooperate informally, Cross-Complainants were left with no choice but to seek enforcement of their rights.

### C. **Jurisdiction is Still Proper and Plaintiffs will not be Prejudiced as No New State Law Claims Have been Added**

Plaintiffs allege that jurisdiction should be denied because the "state law claims would 'predominate' over the Federal issues." Opposition [Dkt. 60] pg. 11. This is

interesting as Cross-Complainants are not adding any new substantive causes of action, only new allegations. For ease of this Court, here is a comparison of the claims asserted by Plaintiffs and Cross-Complainants:

| **Claim** | **Plaintiff** | **Cross-Complainants** |
|---|---|---|
| Breach of Contract | Causes of Action 1 and 2 | Cause of Action 5 |
| Violation of California Trade Secrets Act | Cause of Action 3 | Cause of Action 1 |
| Violation of Federal Defend Trade Secrets Act | Cause of Action 4 | Cause of Action 2 |
| Unfair Competition | Cause of Action 5 | Cause of Action 4 |
| Intentional Interference with Prospective Business Advantage | | Cause of Action 3 and proposed Cause of Action 6 |

To say that the request for leave, which only adds allegations against Mr. Oneal, changes the scope of law which must be examined in this matter is inappropriate. Further 28 U.S.C. 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction." All of the allegations against Mr. Oneal arise through Cross-Complainants engagement with Plaintiffs.

Should Cross-Complainants be required to bring this cause of action separately, it would subject "an existing party [] to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. Proc., R. 19 subd., (a)(B)(ii) ("A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if. . . that person claims an interest relating to the subject of the

action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.")

"Nonfederal claims are part of the same 'case' as federal claims when they derive from common nucleus of operative fact and are such that plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n* 387 F.3d 850, 855 (9th Cir. 2004). Plaintiffs do not argue that the allegations against Mr. Oneal are unrelated to the Complaint and Cross-Complaint because they are related. All of the allegations contained in the Complaint, Cross-Complaint, and proposed Amended Cross-Complaint surround the termination of Plaintiffs and the subsequent acts of Defendants and its employees. Should the claims against Mr. Oneal not be allowed here, Cross-Complainants will have to bring a separate action against Mr. Oneal in another court. As the allegations against Mr. Oneal are intertwined with Global Ventu and Cross-Defendant Alex Andebeek, Plaintiffs would then be subject to a subpoena for records, a deposition subpoena, and testimony at trial. Cross-Complainants therefore argue that it would be much easier on Plaintiffs to get all of this done in one shot instead of showing up for two depositions, answering document subpoenas, and testifying in multiple trials. It is unclear why Cross-Defendants would prefer to be substantively involved in two completely separate matters instead of taking advantage of the efficiency offered here considering they have not yet produced a single document or had their depositions taken.

Finally, Plaintiffs cite six different issues which they contend will delay litigation and cause prejudice. Opposition [Dkt. 60] pgs. 12-13. It is unclear from Plaintiffs' Opposition how the addition of Mr. Oneal will affect Plaintiffs given they are not representing Mr. Oneal and will still have to be called as witnesses if the matter is tried elsewhere. Further, the request for leave to amend was timely, no

9
DEFENDANTS' REPLY TO MOTION TO AMEND                    19cv1018 DMS LL

depositions have been taken, and Plaintiffs have not produced a single discovery response. Gillick Decl., ¶ 6. This case may be a year old, but it still very much in the beginning stages where it should not substantially affect Plaintiffs to add in Mr. Oneal. Plaintiffs' attempts to compare this to a RICO claim distorts the simplicity of the allegations and the overwhelming evidence against Mr. Oneal produced in Plaintiffs' Initial Disclosures. Opposition [Dkt. 60] pg. 13. This is a simple dispute which can be easily be litigated easily alongside Plaintiff and Cross-Complainants other allegations.

### D. Failure to State a Claim

In support of Plaintiffs' claim that the amendments fail to state a claim, Plaintiffs do not even attempt to discuss the elements of the causes of action alleged against Mr. Oneal. Instead, Plaintiffs argue that their Motion to Dismiss was granted (with leave to amend) as to the Cross-Claim against Cross-Defendants. Opposition [Dkt. 60] pg. 19-20. It is difficult to understand how the two issues are related.

To determine whether the proposed amendment is futile, the Court should evaluate whether the facts alleged would be sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6). See *Townsend v. University of Alaska,* 543 F.3d 478, 486 n.6 (9th Cir. 2008) (noting that the "basis for futility is more accurately characterized as a failure to state a claim for relief"). Plaintiff does not even attempt to argue this standard but instead uses the opposition as an opportunity to argue a future Motion to Dismiss on unrelated issues.[2]

///

---

[2] Federal Rule of Civil Procedure Rule 11 allows a party to seek sanction when a pleading is presented, (1) for any improper purpose "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) the claims defenses, or other legal contention are not warranted by existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonable based on belief or a lack of sanction. Plaintiff's Opposition is therefore sanctionable.

As described in Cross-Complainants' Request for Leave to Amend, the evidence is clear against Mr. Oneal and was provided to Cross-Complainants by Plaintiffs. Further, the fact that there is no operative Cross-Complaint yet should weigh in favor of Cross-Complainants' Request for Leave to add Mr. Oneal.

## III.

## CONCLUSION

Plaintiff/Cross-Defendants' Opposition fails to coherently explain how they will be prejudiced by the addition of Mr. Oneal, how jurisdiction is improper/inefficient, or how the amendments are futile. Instead, Plaintiff/Cross-Defendants have submitted a scattered Opposition which fails to connect any issues to the instant motion. Cross-Complainants tried to avoid this motion by having a discussion with Mr. Oneal through his legal counsel, but that offer was denied. Therefore, Cross-Complainants respectfully request this Court grant the motion in order to preserve Cross-Complainants rights.

Respectfully submitted,

**MORRIS LAW FIRM, APC**

Dated: May 22, 2020

*s/ Christopher S. Morris*
Christopher S. Morris
cmorris@morrislawfirmapc.com
Jacob A. Gillick, Esq.
jgillick@morrislawfirmapc.com
Attorneys for Defendants Zeetogroup, LLC, Samples.com, LLC, and Tibrio, LLC