Christopher S. Morris, Esq., SBN 163188
cmorris@morrislawfirmapc.com
Jacob A. Gillick, Esq. 312336
jgillick@morrislawfirmapc.com
MORRIS LAW FIRM, APC
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065

Attorneys for Defendants Zeetogroup, LLC,
Samples.com, LLC, and Tibrio, LLC

Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
David G. Greco (SBN 299635)
grecod@rmolawyers.com
Gabriel Henriquez (SBN 289007)
henriquezg@rmolawyers.com
**RMO LLP**
2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff
GLOBAL VENTU HOLDING B.V.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V., <br><br> Plaintiff, <br><br> v. <br><br> ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC, <br><br> Defendants. <br><br> And related cross-claims. | Case No. 19cv1018 DMS LL <br><br> **JOINT STATEMENT REGARDING MEET AND CONFER EFFORTS** <br><br> Dept: 13A <br> Judge: Hon. Dana M. Sabraw |

On June 17, 2020, at 2:00 p.m. Jacob A. Gillick, on behalf of Defendants, and David Greco, on behalf of Plaintiff, met via Zoom to discuss the discovery responses of Global Ventu served on June 8, 2020. A detailed summary follows.

**A.     Preliminary Statement of Clarified Issues.**

1.     *Discovery related to cross-claims.* Defendants have agreed that they will put on hold all discovery relating to any cross-claims that have been dismissed and not re-pled. The Parties agreed that, as to the cross-claims that were not previously dismissed, discovery must commence. Discovery related to any dismissed cross-claims will not commence until they are re-pled as allowed by the FRCP.

2.     *Discovery directed at Cross-defendant Alex Andebeek.* Notwithstanding any other issue, Defendants agreed that all discovery directed to Cross-defendant Alex Andebeek is paused until any claims are re-pled as allowed by the FRCP.

3.     *Discovery that overlaps with parties to the arbitration between ZeetoGroup, its affiliates, The Original Agency LLC, and its officers/employees.* Defendants clarified that their position is that this suit was filed with the encouragement of Josh Ogle, who is an officer of The Original Agency LLC and hired Global Ventu to work for Tibrio. Defendants and The Original Agency LLC previously participated in a confidential arbitration through AAA. (The "AAA Arbitration.") Defendants thus, as detailed below, agreed to narrow their discovery requests related to The Original Agency LLC, its officers, and its employees, to discovery aimed at determining whether Defendants' beliefs are true. Defendants confirmed that they do not have any documents in their possession, whether currently subject to the AAA Arbitration's confidentiality provisions or not, that show their belief regarding Ogle's alleged involvement in the filing of this suit. Defendants' belief about the origin of this suit originates from Defendants' officer Stephan Goss's belief that Alex Andebeek and Global Ventu have a lucrative relationship and that there are strong emotions between all persons mentioned in this paragraph.

4. *Clarification of what is and is not confidential information related to the AAA Arbitration.* During the course of the Parties' meet and confer efforts, it became necessary for certain information related to the AAA Arbitration to be disclosed. Defendants indicated that none of the information discussed was subject to the Arbitration's confidentiality requirements and that the information discussed was publicly known. That includes that: (1) The Original Agency and Defendants previously had a business relationship; (2) those entities' business relationship ended; (3) that various employees, entities, and contractors of Defendants had been terminated and/or their business relationships ceased; (4) the 'ZAN' network developed by Defendants caused issues upon its launch that Plaintiff contends impaired Defendants' and others' ability to carry out their business agreements; (5) Defendants prevailed in the AAA arbitration; and (6) Defendants planned to seek attorneys' fees for the AAA Arbitration.

5. *Discovery that overlaps with other lawsuits filed by Defendants.* Defendants acknowledged that the discovery served on Plaintiff in this lawsuit substantively overlaps with discovery served in other lawsuits in which they are currently involved, including another case now pending in the Southern District of California because the facts and persons involved all substantially overlap. Defendants agreed to make good-faith efforts to narrow this discovery to ensure it covers only issues pertinent to this case, as detailed below.

**B.     Specific Agreements as to Discovery Served by Defendants.**

(1)     Plaintiff has agreed to supplement Request for Admissions ("RFA") 3, 4, 8, 12, 13, and 14. Defendants clarified that these requests seek to discern the scope of what materials and data Plaintiff believes to be confidential and misappropriated.

(2)     Plaintiff has agreed to re-visit his objections to RFA 5 regarding Josh Ogle, for the reasons stated in item (A)(3) above.

(3)     Plaintiff has agreed to review and substantively respond to RFA 9 regarding the ability to spend Tibiro's finances when accessing Tibrio's Facebook

3

account. Defendants agreed that, due to the phrasing of the question, a response to this RFA might be conditional.

(4) Defendant has agreed to confirm its retention policy of documents (meaning the amount of time the documents are preserved by Defendants), and narrow down Requests for Production ("RFP") 1, 2, 3, 4, 5, and 6. Plaintiff has agreed to supplement their production, except for any documents that Defendants still have in their possession in accordance with their retention policies, as the Parties are in agreement that Defendant's employees may have communicated with Plaintiff from an account not accessible by Defendants.

(5) Plaintiff has agreed to check for any additional communications with Corey O'Neal and supplement his responses to RFPs 7, 8, 9, 10, 11, and 12 if any exist and are responsive to the discovery requests.

(6) Plaintiff will supplement RFP's 13, 14, and 15 including metadata. Defendants acknowledge that at least some of these materials were previously produced in PDF format when Plaintiff served its initial disclosures. The Parties came to an understanding that a complete production along with the metadata is necessary to further analyze the issues in this case.

(7) Plaintiff will review its response to RFP 19 and supplement discovery pending any confidentiality or trade secret information.

(8) Plaintiff will review RFPs 20, 21, 22, and 23 and possibly supplement its response.

(9) Defendants have agreed to narrow down the topics requested in RFPs 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 64, 65. This may result in new discovery requests.

(10) Plaintiff will contemplate supplementing its response to RFPs 67 and 68 with regards to financial information.

(11) Defendants do not take issue with any discovery response not discussed in this section.

## C. Other Discovery Issues Discussed.

(1) The Parties have agreed to re-visit the offer by Defendant to allow Plaintiff access to the Facebook accounts at issue. Within twenty-one days, Defendants will offer a counter-proposal to the proposal that Plaintiff previously sent. The Parties discussed that the offer to do the screen share is supposed to be in lieu of Defendants producing documents housed in its online accounts. There is a dispute as to what information was already produced and is still necessary.

(2) The Parties met and conferred regarding Defendants' designation of documents as "counsel only." Defendants represented that they performed a second review of the documents previously so designated and provided those documents via "SecureDocs." However, Plaintiff's counsel has not received an email or other message regarding those documents and does not yet have access to them. Defendants agreed to re-send the documents and the Parties will work together to ensure that Plaintiff receives the documents in a timely manner.

(3) The Parties also worked out other issues and have agreed to a more civil and professional litigation moving forward.

## D. Clarification Regarding Confidentiality of AAA Arbitration

Global Ventu, Alex Andebeek, and his attorneys do not take the position that any information discussed between Attorney Gillick and Attorney Greco on June 17 2020 was a breach of any confidentiality agreement in any form. Nor will those parties take such a position in the future. Defendants agree that the information discussed between Attorney Gillick and Attorney Greco on June 17 2020 was **not** a breach of any confidentiality agreement in any form.

[*Signatures appear on following page.*]

**MORRIS LAW FIRM, APC**

Dated: June 24, 2020      *s/ Christopher S. Morris*
Christopher S. Morris
cmorris@morrislawfirmapc.com
Jacob A. Gillick, Esq.
jgillick@morrislawfirmapc.com
Attorneys for Defendants Zeetogroup, LLC, Samples.com, LLC, and Tibrio, LLC

**RMO LLP**

Dated: June 24, 2020      */s/ David G. Greco*
David Greco, Esq.
grecod@rmolawyers.com
Attorneys for Plaintiff Global Ventu Holding, B.V.

<u>Signature Certification:</u>

    Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to David Greco, counsel for Plaintiff Global Ventu Holding, B.V. and that I have obtained Mr. Greco's authorization to affix his electronic signature to this document.

Dated: June 24, 2020      *s/ Christopher S. Morris*
Christopher S. Morris, Esq.