1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11

GLOBAL VENTU HOLDING B.V.,

12

Plaintiffs,

13

v.

14

ZEETOGROUP, LLC,
SAMPLES.COM, LLC, AND TIBRIO,

15

LLC,

16

Defendants.

17

Case No. 19-cv-1018 DMS (DEB)

**ORDER DENYING ZEETOGROUP,
LLC AND TIBRIO, LLC'S
MOTION FOR LEAVE TO FILE
SECOND AMENDED CROSS-
COMPLAINT**

18

19

20

21

22

This case comes before the Court on ZeetoGroup, LLC and Tibrio, LLC's motion for leave to file Second Amended Cross-Complaint to include claims against a former Tibrio employee Corey Oneal.  Global Ventu Holding B.V. and Alex Andebeek filed an opposition to the motion, and ZeetoGroup and Tibrio filed a reply. For the reasons discussed below, the motion is denied.

23

## I.

24

## BACKGROUND

25

26

The facts underlying the present case are set out in this Court's previous orders on Global Ventu's motions to dismiss.  (*See* ECF Nos. 32, 54.)  Through the present

27

– 1 –                                   19-cv-1018 DMS (DEB)

28

1  motion, ZeetoGroup and Tibrio look to sweep some additional facts into the case.
2  Those facts involve a dispute between Tibrio and one of its former employees Corey
3  Oneal.  Tibrio alleges that after Oneal left Tibrio's employ, he had conversations
4  with Andebeek that violated Oneal's Proprietary Information and Inventions
5  Assignment Agreement with Tibrio.  Tibrio alleges that through these conversations,
6  Oneal also interfered with Tibrio's future relationship with Global Ventu.  Based on
7  these facts, ZeetoGroup and Tibrio seek leave to file a Second Amended Cross-
8  Complaint adding Oneal as a Cross-Defendant on claims for breach of contract and
9  interference with prospective economic advantage.

## II.

## DISCUSSION

12  Federal Rule of Civil Procedure 15 provides that leave to amend a party's
13  pleading "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  In
14  accordance with this Rule, the Supreme Court has stated,

> in the absence of any apparent or declared reason -- such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to
> cure deficiencies by amendments previously allowed, undue prejudice to
> the opposing party by virtue of allowance of the amendment, futility of
> amendment, etc. -- the leave sought should, as the rules require, be
> "freely given."

20  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of these factors, the Ninth Circuit has
21  stated "it is the consideration of prejudice to the opposing party that carries the
22  greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th
23  Cir. 2003).  The party opposing the amendment bears the burden of showing
24  prejudice.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987).
25  Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there
26  exists a presumption under Rule 15(a) in favor of granting leave to amend.  *Eminence*

– 2 –                          19-cv-1018 DMS (DEB)

1  *Capital*, 316 F.3d at 1052.

2  　　Here, Global Ventu and Andebeek argue all of the *Foman* factors overcome

3  the presumption in favor of leave to amend.  First, they assert ZeetoGroup and Tibrio

4  unduly delayed in filing the present motion.  They state ZeetoGroup and Tibrio were

5  aware of the facts underlying their claims against Oneal by at least December 2019,

6  but waited approximately four months to file the present motion.  ZeetoGroup and

7  Tibrio do not dispute these facts, but argue there were other reasons for their delayed

8  filing.  Specifically, they were engaged in an arbitration proceeding in which Oneal

9  was a witness, and they feared filing the present motion would create the appearance

10  that Oneal "was being added [to this case] for the sole purpose of influencing

11  testimony."  (Mem. of P. & A. in Supp. of Mot. at 9) (citation omitted).

12  　　There is no dispute ZeetoGroup and Tibrio delayed filing the present motion.

13  The only question for the Court is whether the delay was undue.  "'Undue delay' is

14  delay that prejudices the nonmoving party or imposes unwarranted burdens on the

15  court." *Altair Instruments, Inc. v. Walmart, Inc.*, No. 2:18-cv-09461-R-FFM, 2019

16  WL 7166060, at \*3 (C.D. Cal. Sept. 25, 2019).  Global Ventu and Andebeek dispute

17  the merits of ZeetoGroup and Tibrio's explanation for the delay, but they have not

18  shown the delay was "undue."  Accordingly, this factor does not overcome the

19  presumption in favor of leave to amend.

20  　　The next factor is bad faith or dilatory conduct on the part of the movant.

21  Global Ventu and Andebeek argue ZeetoGroup and Tibrio's requested amendment

22  is taken in bad faith, but there is no clear evidence to support their accusations.

23  Therefore, this factor does not overcome the presumption in favor of leave to amend.

24  　　The next factor is failure to cure deficiencies in previous amendments.  This

25  is ZeetoGroup and Tibrio's first request to add claims against Oneal, and thus this

26  factor is inapplicable here.

27

　　　　　　　　　　　　　　　　　　　　– 3 –　　　　　　　　　　19-cv-1018 DMS (DEB)

28

1    Global Ventu and Andebeek also raise arguments on the futility factor, but

2    those arguments are more properly directed to prejudice, not futility.  Therefore, the

3    Court turns to that most important issue.

4    Here, Global Ventu and Andebeek argue they will be prejudiced if the motion

5    is granted.  Specifically, they assert the proposed amendment will expand the scope

6    of the case, which will require the parties to conduct additional discovery and delay

7    resolution of the case.  ZeetoGroup and Tibrio dispute that Global Ventu and

8    Andebeek will suffer any prejudice.  They contend Global Ventu and Andebeek will

9    have to participate in discovery related to the proposed claims either in this case or

10   a separate case, and that it would be more efficient to conduct that discovery in one

11   case rather than two. ZeetoGroup and Tibrio also assert that the claims against Oneal

12   are related to the claims against Global Ventu and Andebeek, and thus it would be

13   more efficient to litigate the claims together rather than separately.

14   The Court disagrees with the premise of ZeetoGroup and Tibrio's argument

15   that the proposed claims against Oneal are related to the claims against Global Ventu

16   and Tibrio.  Although the legal claims are the same (intentional interference with

17   prospective economic advantage and breach of contract), the factual bases for the

18   claims are completely different.  The interference claim against Global Ventu and

19   Andebeek is based on their alleged interference with ZeetoGroup and Tibrio's

20   relationship with Fluent, while the proposed claim against Oneal is based on his

21   alleged interference with the relationship between ZeetoGroup, Tibrio and Global

22   Ventu.  And ZeetoGroup and Tibrio's breach of contract claim against Global Ventu

23   and Andebeek is based on the Publisher Service Agreement and the Revenue Sharing

24   Agreement between those parties, while the proposed claim against Oneal is based

25   on his Proprietary Information and Inventions Assignment Agreement with Tibrio.

26   Although Oneal had conversations with Andebeek concerning Global Ventu's

27

28

– 4 –                          19-cv-1018 DMS (DEB)

1  relationship with Tibrio, those conversations do not make the claims related.  Rather,

2  the claims involve different parties, different facts and different contracts.  Allowing

3  those claims to be added to this case will expand the scope of the case and the

4  necessary discovery, (*see* Opp'n to Mot. at 11-12), and may delay resolution of the

5  case.  At this stage of the case, where the parties are fully engaged in discovery, and

6  the fact discovery cut-off is less than two months away, Global Ventu and Andebeek

7  would be unduly prejudiced if the amendment is allowed.  *See Kennedy v. Natural*

8  *Balance Pet Foods, Inc.*, No. 07-CV-1082 H(RBB), 2008 WL 2053551, at *2 (S.D.

9  Cal. May 13, 2008) (denying motion for leave to amend where amendment "would

10  result in undue prejudice to Defendant.")

## III.

## CONCLUSION AND ORDER

13       Although the majority of the *Foman* factors do not overcome the presumption

14  in favor of leave to amend, the prejudice factor weighs against allowing the proposed

15  amendment in this case.  Contrary to ZeetoGroup and Tibrio's assertion, the claims

16  against Oneal are not related to or intertwined with the claims against Global Ventu

17  and Andebeek.  Indeed, they would essentially insert an entirely new and different

18  case into these proceedings.  Thus, ZeetoGroup and Tibrio's motion for leave to file

19  a Second Amended Cross-Complaint adding claims against Oneal is denied.

20  Consistent with the Court's April 21, 2020 Order on Global Ventu and Andebeek's

21  motions to dismiss and strike, ZeetoGroup and Tibrio may file a Second Amended

22  Cross-Complaint on or before **July 6, 2020**.

23       **IT IS SO ORDERED**.

24  Dated:  June 25, 2020

25                                               Hon. Dana M. Sabraw

26                                               United States District Judge

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19-cv-1018 DMS (DEB)