UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V.,<br><br>  Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>  Defendants.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>  Cross Claimants,<br><br>v.<br><br>GLOBAL VENTU HOLDING B.V., ALEX ANDEBEEK, an individual, and ROES 1 through 50, inclusive,<br><br>  Cross Defendants. | Case No.: 19cv1018 DMS (DEB)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART GLOBAL VENTU HOLDING B.V. AND ALEX ANDEBEEK'S MOTION TO DISMISS AND (2) DENYING GLOBAL VENTU AND ALEX ANDEBEEK'S MOTION TO STRIKE** |

This case comes before the Court on Global Ventu and Alex Andebeek's motion to dismiss Tibrio's Second Amended Cross-Complaint ("SACC"). This is Global Ventu and Andebeek's third motion to dismiss directed at Tibrio's cross-claims. After the first motion to dismiss was filed, Tibrio filed a First Amended Cross-Claim ("FACC"), rendering the

1

motion to dismiss moot. Global Ventu and Andebeek then filed a motion to dismiss the First Amended Cross-Claim, which the Court granted in part and denied in part. Specifically, the Court granted the motion to dismiss Tibrio's trade secret claims, the intentional interference with economic relations claim, and the breach of contract claim against Andebeek only. As to the trade secret claims, the Court granted the motion because Tibrio failed to "identify, explain or describe the specific trade secrets at issue in its claims." (ECF No. 54 at 5.) The Court granted to the motion to dismiss the intentional interference claim because Tibrio failed to allege sufficient facts in support. (*Id.* at 5-6.) And the Court granted the motion to dismiss the breach of contract claim against Andebeek because Tibrio failed to allege sufficient facts to support the alter ego and conspiracy theories, which served as the basis for alleging that claim against Andebeek. (*Id.* at 7.) The Court denied the motion as to Tibrio's UCL claim and its breach of contract claim against Global Ventu. Tibrio then filed the SACC, prompting the present motion.

On the trade secret claims, Tibrio has now alleged that its trade secrets include "the strategy behind advertisements, content, and targeting required to run a successful campaign." (SACC ¶44.) Based on this allegation, Global Ventu and Andebeek's argument about public facing documents misses the mark. Global Ventu and Andebeek also argue the Court should dismiss, or in the alternative, strike Tibrio's new allegations about the trade secrets because they contradict the Revenue Share Agreement ("RSA") and Tibrio's prior pleadings. However, the RSA fails to define any "trade secrets," which precludes a finding of any contradiction. As to the prior pleadings, the allegations in the SACC are certainly different from those in the first two cross-claims, but those differences do not amount to a contradiction. And even if there was a contradiction, Global Ventu and Andebeek have failed to cite any authority to support their argument that a contradiction, in itself, warrants either dismissal of the claims or striking of the allegations. Accordingly, the motion to dismiss the trade secret claims is denied, as is the motion to strike these allegations.

As for the intentional interference claim, here, too, Tibrio has alleged sufficient facts to withstand the motion to dismiss. Whereas the FACC included only bare-bones, conclusory allegations that parroted the elements of the claim, the SACC includes additional factual allegations in support. (*Compare* FACC ¶¶56-60 *with* SACC ¶¶57-65.) The Court also rejects Global Ventu and Andebeek's argument that the intentional interference claim is preempted by the California Uniform Trade Secrets Act ("CUTSA"). Contrary to their argument, the intentional interference claim is not dependent on the trade secrets identified by Tibrio. Rather, the intentional interference claim appears to be based on those public facing documents that are outside the realm of trade secret protection. (*See id.* ¶61) (describing Global Ventu and Andebeek's use of Tibrio's "header image, copy, and product images" to create the competing Facebook account). Accordingly, the motion to dismiss the intentional interference claim is denied.

Turning to the UCL claim, Global Ventu and Andebeek assert Tibrio has added new allegations to that claim, which demonstrate the claim is preempted by the CUTSA. However, the Court disagrees. The body of Tibrio's UCL claim is the same as it was in the FACC, and on those allegations, the Court has already rejected Global Ventu and Andebeek's preemption argument. Accordingly, the motion to dismiss this claim is again denied.

The only remaining argument is that the claims against Andebeek should be dismissed because Tibrio failed to allege sufficient facts to support its alter ego and conspiracy theories. The Court agreed with this argument in its previous order, and granted Global Ventu and Andebeek's motion with respect to these theories. In the SACC, the only additional allegation on the alter ego and conspiracy theories is that Global Ventu and Andebeek conspired to "disrupt relationships with other businesses, and breach the executed agreements." (*Id.* ¶10.) This allegation does not address the pleading deficiencies set out in the Court's previous order, and thus does not save these theories from dismissal. Accordingly, the Court grants the motion to dismiss these theories, and consistent with the

Court's previous order, dismisses these theories with prejudice and without further leave to amend.

For the reasons set out above, Global Ventu and Andebeek's motion to dismiss is granted in part and denied in part. Specifically, the motion is granted as to Tibrio's theories of conspiracy and alter ego, and denied as to the remainder of the substantive claims. The motion to strike is also denied.

**IT IS SO ORDERED**.

Dated: September 18, 2020

Hon. Dana M. Sabraw
United States District Judge