Christopher S. Morris, Esq., SBN 163188
cmorris@morrislawfirmapc.com
Jacob A. Gillick, Esq. 312336
jgillick@morrislawfirmapc.com
MORRIS LAW FIRM, APC
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone:  (619) 826-8060
Facsimile:  (619) 826-8065

Attorneys for Defendants Zeetogroup, LLC,
Samples.com, LLC, and Tibrio, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V.,<br><br>Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>Defendants. | Case No. 19cv1018 DMS DEB<br><br>**OPPOSITION TO MOTION FOR ATTORNEYS' FEES BY CROSS-DEFENDANT ALEX ANDEBEEK**<br><br>Date:       November 13, 2020<br>Time:      1:30 p.m.<br>Dept:       13A<br>Judge:     Hon. Dana M. Sabraw |
| ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>Cross-Complainants,<br><br>v.<br><br>GLOBAL VENTU HOLDING B.V., ALEX ANDEBEEK, an individual, and ROES 1 through 50, inclusive<br><br>Cross-Defendants. | |

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 4

II. RELEVANT BACKGROUND ............................................................................. 6

III. STATEMENT OF LAW ..................................................................................... 8

   A.   *California Code of Civil Procedure section 3426.4* ....................................... 8

   B.   *18 U.S.C.S 1836* ......................................................................................... 10

IV. ARGUMENT ..................................................................................................... 10

   A.   *Andebeek's Allegations of Subjective Bad-Faith Fail* ................................ 10

   B.   The Claims were Not Objectively Specious ................................................ 13

   C.   Andebeek's Request for Fees paid by Global Ventu is Grossly Improper .. 14

      i.   *Andebeek is Not Entitled to All Fees Paid for by Global Ventu for its Failures* ........................................................................................................ 15

      ii.   *Andebeek's Fee Requests for the Motions are Being Made in Bad Faith* 16

      iii.   *Andebeek Requests an Award for Fees Which have Nothing to do with Him* ............................................................................................................... 17

   D.   The Rates Requested Are Improper and Unsupported ................................ 18

      i.   *The Fee Request is Unsupported* ................................................................ 18

      ii.   *Mr. Greco's rate is Unreasonable* ............................................................. 19

V. CONCLUSION .................................................................................................... 19

# TABLE OF AUTHORITIES

## CASES

*Calabrales v. County of Los Angeles*
  935 F.2d 1050 (9th Cir. 1991) ................................................................... 15

*Dominanant Semiconductors Sdn. Bhd. v. OSRAM HmbH*
  624 F.3d 1254 (Fed. Cir. 2008) .................................................................. 13

*Dunster Live, LLC v. Lonestar Logos Mgmt. Co., LLC*
  903 F.3d 948 (5th Cir. 2018) ..................................................................... 10

*Gabriel Techs. Corp. v. Qualcomm Inc.*
  2013 U.S. Dist. LEXIS 14105 (S.D. Cal. 2013) ..................................... 8, 13

*PMC, Inc. v. Kadisha*
  78 Cal.App.4th 1368 (2nd Cir. 2000) ................................................... 10, 11

*SASCO v. Rosendin Electric, Inc.*
  207 Cal.App.4th 837 (4th Cir. 2012) ........................................................... 9

## STATUTES

14 U.S.C. Section 1836 ............................................................... 2, 4, 8, 10

18 U.S.C. Section 1836(b)(3)(D) ............................................... 4, 10, 14, 18

42 U.S.C. Section 1983 ........................................................................ 15

42 U.S.C. Section 1988 ........................................................................ 15

Civil Code Section 3426.1 .................................................................... 14

Civil Code Section 3426.4 ............................................................... passim

## I.

## INTRODUCTION

In order to be dismissed from the Cross-Complaint, Alex Andebeek ("Andebeek") argued strenuously to this Court that he was not the alter-ego of Global Ventu, BV ("Global Ventu"). However, now, after being dismissed, Andebeek demands that he, personally, be awarded what amounts to almost all of the attorney's fees spent by the remaining Cross-Defendant *Global Ventu,* in this action - $84,842.10. For example, Andebeek requests fees for Global Ventu's first Motion to Dismiss despite the very first page of this motion stating that "Cross-Defendant Alex Andebeek was not a party to this case before the Cross-complaint was filed. He has not been served, and this motion does not refer to him." [Dkt. 29, p. 1]; *See also,* Attachment 2 to the Declaration of David Greco ("Greco Decl.") [Dkt. 77-2]. Andebeek also seeks to be reimbursed, personally, for the fees spent by Global Ventu in its failed attempts to have the Cross-Complaint dismissed against it. Finally, and probably most brazenly, Andebeek seeks to recover fees spent by Global Ventu for discovery propounded on Defendants - despite the fact that Andebeek, the individual, never propounding a *single* discovery request.

Andebeek demands an award of fees pursuant to California and Federal trade secret statutes (Civil Code section 3426.4 and 18 U.S.C. section 1836(b)(3)(D)) on the basis that the Cross-Complaint against him was filed in "bad-faith." A finding of "bad faith" requires a high bar which Andebeek does not come close to meeting. First, the substantive allegations of the complaint alleging trade secret violations were found sufficient. It was the alter-ego/conspiracy allegations that were dismissed. In order to prove "bad-faith," Andebeek must show that the allegations were both specious and that they were brought in bad faith for an improper purpose. There is no evidence of any "improper" purpose.

///

///

In a feeble attempt to convince this Court of an "improper purpose," Andebeek argues that the only reason he was included in the Cross-Complaint was because Cross-Complainants wanted discovery from him, individually. This argument is meritless. If discovery had in fact been the motivation, Cross-Complainants would not have had to sue Andebeek; he could have been served with a subpoena and/or Global Ventu could have been issued a Request for Production to produce any such communications on the Global Ventu email/slack chat/gchat systems. Andebeek's motion reads as if the only way to retrieve discovery is if someone is a party which is simply not the case. Undaunted, Andebeek cites to a letter wherein Cross-Complainants "refused to back down" on a request for documents describing Andebeek/Global Ventu's relationship with Mr. Ogle, the disgruntled former CEO of Cross-Complainant Tibrio, LLC. This argument is irrational. Cross-Complainants wanted these documents because they were concerned that Mr. Ogle and Andebeek had conspired to harm them and had coordinated this lawsuit as a means to drive Cross-Complainants out of business. These documents were relevant to this matter regardless of whether Andebeek was a party or not.

Further, as stated in Andebeek's motion, the parties came to an agreement that no discovery would be commenced against Andebeek until the Motions to Dismiss had been completed. (Motion [Dkt. 77-1], p. 10:28-11:2.) However, eight days before this Court's final order on the motions, at a time when Andebeek had been relieved of any obligation to produce documents, Global Ventu actually produced the documents anyway. It is curious that Andebeek's entire motion rests on this alleged improper request when Andebeek freely and voluntarily produced the documents – even though the parties had agreed to toll the request pending the resolution of the motion. The only bad-faith is Andebeek's failure to mention the resolution of the issue in his motion.

///

Cross-Complainants attempted to bring Andebeek in as a party because of his status as the sole owner/employee of Global Ventu. Cross-Complainants possessed a reasonable belief that in the event Cross-Complainants were granted an award, Andebeek would shut down Global Ventu and establish a new business to avoid liability. Cross-Complainants had every reason to believe that as Global Ventu's sole owner and operator, he was personally involved in the tortious misconduct. Considering Andebeek's requests (as an individual) to recover Global Ventu's (the corporation) fees, personally, this scenario is looking more and more like a possibility.

Based on the bad-faith nature of Andebeek's motion, and the fact that he is unable to make a showing of bad-faith by Cross-Complainants, it is respectfully requested that, (1) the motion be denied, (2) there be a finding that it was brought in bad-faith, and (3) there be a finding that Andebeek's motion is evidence of an alter-ego relationship with Global Ventu.

## II.

## **RELEVANT BACKGROUND**

On or around November 16, of 2018, Andebeek, as the sole employee of Global Ventu, demanded re-negotiations of his agreement with Cross-Complainant's ZeetoGroup, LLC and Tibrio, LLC. Cross-Complaint [Dkt. 69], ¶ 4. Mr. Andebeek specifically stated that if he was not compensated at a higher rate, he would terminate the relationship. *Ibid.* In the end, Cross-Complainants chose to not be held hostage and allowed Mr. Andebeek to terminate the relationship. *Id*.

After becoming aware that he would have made more money had he not terminated the relationship, Mr. Andebeek caused Global Ventu to sue Cross-Complainants without a single shred of evidence. *Id*. To date, Global Ventu is still unable to identify what exactly the misappropriation was. Nonetheless, as an act of karma, it was discovered that Global Ventu had begun running a competitive Facebook page using Cross-Complainants' trade secrets called "Get Free Samples"

1  which is eerily similar in imagery and substance to Cross-Complainants' "Get It
2  Free" page -- a page Andebeek was originally hired to work on.  *Id.* at ¶ 2.
3  Andebeek and Global Ventu did not even make an attempt to change the cover
4  photo stolen from Cross-Complainants as to this day as it still says "Get it Free"
5  instead of "Get Free Samples."  Declaration of Jacob A. Gillick ("Gillick Decl.), ¶
6  2.
7       Following this discovery, a Cross-Complaint was filed against Global Ventu
8  for the misappropriation of trade secrets and Andebeek as an alter-ego/conspirator.
9  Dkt. 24.  After receiving Global Ventu's first Motion to Dismiss, which specifically
10 did not involve Andebeek, Cross-Complainants filed an Amended Cross-
11 Complaint. [Dkt. 31.]  After litigating the second Motion to Dismiss, Cross-
12 Complainants were ordered to add more allegations. [Dkt. 54.]  Finally, after
13 Cross-Complainants defended a third Motion to Dismiss, this Court ordered on
14 September 18, 2020. that "the motion to dismiss the trade secret claims is denied, as
15 is the motion to strike these allegations." [Dkt. 75, p. 2:26-27.]  Further, "the
16 motion to dismiss the intentional interference claim is denied" along with the UCL
17 claims. [*Id.* at p. 3:11-2; 3:13-18.]  The only adverse ruling for Cross-
18 Complainants was the dismissal of alter ego and conspiracy allegations against
19 Andebeek. [*Id.* at p. 3:27.]
20      To date, Global Ventu has not been able to identify a single misappropriation
21 by Cross-Complainants and has seemed to have all but given up on discovery.
22 Therefore, Cross-Complainants believe that Andebeek has filed this motion for over
23 $80,000 in fees so he can try to get out of this mess he created.  If Andebeek
24 actually had a case against Defendants, he would not have spent $10,000 on this
25 motion when the trade-secret causes of action alleged in his Complaint include a
26 fee-shifting provision.  None of this passes the "smell test."
27      As described below, Andebeek's motion is deficient as there was no bad-
28 faith in attempting to add Andebeek as a Cross-Defendant.  Incredibly, after

arguing to this Court in their motions that Andebeek is not Global Ventu, Andebeek now comes to this Court requesting fees expended on Global Ventu's defense. It should also be noted that multiple attorneys and Andebeek himself have failed to submit declarations in support of the motion and fees.

In the end, there will be a shift in fees as provided for in the statutory trade secret claims asserted in the Complaint and Cross-Complaint. Andebeek is just looking for a windfall early to get him out of this ill-advised situation. Therefore, Cross-Defendants respectfully request that Andebeek's motion be denied in its entirety.

## III.

## STATEMENT OF LAW

Andebeek brings his motion pursuant to California Civil Code section 3426.4 and 14 U.S.C. section 1836. As described throughout this Opposition, Andebeek has failed to meet the minimum standard of proving "bad-faith" and has come to this Court with unclean-hands. Therefore, Cross-Complainants respectfully request that Andebeek's motion be denied.

### A. *California Code of Civil Procedure section 3426.4*

"The party seeking an award of attorney's fees under Section 3426.4 must show (1) the objective speciousness of opposing party's claim, and (2) the subjective bad faith of the opposing party in bringing or maintaining the action, that is, for an improper purpose." *Gabriel Techs. Corp. v. Qualcomm Inc.*, 2013 U.S. Dist. LEXIS 14105 at p. 25 (S.D. Cal. 2013). "Objective speciousness may be shown by, among other factors, demonstrating that there was no misappropriation or threatened misappropriation or that the opposing party could not have suffered any economic harm. The second prong requiring subjective bad faith is satisfied when it may be inferred from the evidence that a party 'intended to cause unnecessary delay, filed the action to harass [the opposing party], or harbored an improper motive." *Id.* at p. 25-26. Given the fact that the trade secret claims have

been found sufficient and Andebeek's failure to prove the second prong as described below, the request for fees fails.

"Section 3426.4 'bad faith' should not. . . preclude attorney fees when a plaintiff brings a trade secret misappropriation action (1) for an improper purpose (subjective bad faith); (2) without any evidence (objective bad faith); simply because (3) objectively speaking, it appeared at the time of the filing of the action some evidence would be obtained in discovery that would support a misappropriation claim." *SASCO v. Rosendin Electric, Inc.*, 207 Cal.App.4th 837, 847 (4th Cir. 2012). "We. . . conclude that 'bad faith' for purposes of section 3426.4 requires objective speciousness of the plaintiff's claim, as opposed to frivolousness, and its subjective bad faith in bringing or maintaining the claim'. . . Subjective bad faith under section 3426.4 means that the action was commenced or continued for an improper purpose, such as harassment, delay, or to thwart competition. [Citation.] The absence of evidence alone, even after discovery, does not support a finding of subjective bad faith." *Id.* at p. 846-847. Andebeek has not come close to meeting these standards.

As cited by Andebeek, "'Section 3426.4 authorizes the trial court to award attorney fees as a deterrent to specious trade secret claims. [Citation.] Because the award is a sanction, a trial court has broad discretion in awarding fees.'" *SASCO v. Rosendin Electric, Inc.*, 207 Cal.App.4th 837, 845 (4th Cir. 2012). "In enacting section 3426.4 the Legislature was concerned with curbing 'specious' actions for misappropriation of trade secrets." *Id.* at p. 846. Here, Andebeek is attempting to recover fees under this statute despite the claims of misappropriation being found sufficient by this Court. [Dkt. 75.]

Finally, Andebeek concedes that the alter-ego/conspiracy allegations "did not suffice and - perhaps more importantly - they were completely unrelated to the trade secrets cause of action, upon which Mr. Andebeek bases his request for fees." Motion [Dkt. 77-1], p. 7:13-15. Given that 3426.4 is for bad faith claims of

misappropriation, and Andebeek admits that the misappropriation claims were successful and unrelated to him, Andebeek does not meet the standard for a fee award.  Further, there can be no bad faith in including Andebeek as California law is clear that torts, such as the misappropriation of trade secrets, committed by an individual officer or employee of a corporation give rise to individual liability regardless of whether or not the action s were undertaken in the corporate capacity. *PMC, Inc. v. Kadisha,* 78 Cal.App.4th 1368, 1379 (2nd Cir. 2000).  As Andebeek is the owner, operator, and sole employee of Global Ventu, his inclusion as a party in this matter was not in bad faith.

### B.   *18 U.S.C.S 1836*

"If a claim of the misappropriation is made in bad faith, which may be established *by circumstantial evidence*, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated, award reasonable attorney's fees to the prevailing party."  18 U.S.C.S. 1836 subd., (b)(3)(D).  "[T]he statute makes prevailing a necessary but not sufficient requirement for fees.  To be eligible, the party seeking fees (1) must prevail and (2) it must do so in of the three listed scenarios that also require a showing of bad faith or malice. *See* 18 U.S.C. § 1836(b)(3)(D)." *Dunster Live, LLC v. Lonestar Logos Mgmt. Co., LLC,* 903 F.3d 948, 952 (5th Cir. 2018).  As described below, the claims of misappropriation were found to be sufficient and Andebeek has provided insufficient evidence of "bad-faith," because there was none.

### IV.

### ARGUMENT

### A.   *Andebeek's Allegations of Subjective Bad-Faith Fail*

Cross-Complainants believed at the time of filing its Cross-Complaint, and still believe, that Andebeek, the sole owner and employee of Global Ventu, is the alter-ego of Global Ventu and conspired with the company to misappropriate trade

secrets. Declaration of Stephan Goss ¶ 2; Declaration of Jacob A. Gillick, ¶ 3.[1] Andebeek, the individual, is personally liable for personal tors committed in his corporate capacity. *PMC, Inc. v. Kadisha,* 78 Cal.App.4th 1368, 1379 (2nd Cir. 2000). After receiving Andebeek's instant motion for a personal award of fees paid by Global Ventu, that belief is stronger than ever. Nonetheless, this Court found the alter-ego/conspiracy allegations insufficient and ordered them dismissed on September 18, 2020. [Dkt. 75 p. 3:27.] Cross-Complainants continue to believe that Andebeek was personally involved in the misappropriation and is therefore personally liable, this belief has been solidified by this motion as Andebeek, the individual, is seeking recompense for fees expended on behalf of Global Ventu, the entity. Cross-Complainants intend to bring a motion to amend once discovery establishes that Andebeek was the only person actually involved in the misappropriation.

The only evidence of subjective bad-faith Andebeek cites to is a discovery dispute between the parties. Motion [Dkt. 77-1] § 3.2.2. By way of background, counsel for Cross-Complainants indicated to Global Ventu's counsel that Cross-Complainants were "ready and willing to do whatever it takes to retrieve" information regarding a conspiracy to harm Cross-Complainants by Global Ventu and a former disgruntled CEO, Josh Ogle. Motion [Dkt. 77-1] p. 8:15-28; Declaration of Jacob A. Gillick, ¶ 4. As is clear from the communications, Global Ventu and Andebeek are referred to interchangeably as Andebeek is the sole owner/employee of Global Ventu. Gillick Decl., ¶ 5.

Andebeek argues that this discovery dispute proves bad faith in alleging conspiracy/alter-ego allegations him because "the business relationship between Mr. Andebeek and Mr. Josh Ogle is irrelevant to the trade secret dispute between

---

[1] Cross-Complainants made their allegations to avoid missing any deadlines and to avoid any kind of collections action in Court against Andabeek, who does not live in this country.

Tibrio and Global Ventu."[2]  Motion [Dkt. 77-1], p. 9:11-12.  That is simply not true as Andebeek knows that Cross-Complainants were investigating a conspiracy to harm them through misappropriation and/or coordinated litigation.  Further, the idea that the only way to retrieve discovery is by making someone a party completely ignores the rules of discovery which would have allowed Cross-Complainants to access whatever documents were on the Global Ventu servers via Request for Production and whatever documents were in Andebeek's possession via subpoena.

Not only does this the theory not make sense on its face, but Andebeek also intentionally fails to mention that the discovery dispute which supposedly proves "bad faith" was resolved and documents were voluntarily produced by Global Ventu on September 10, 2020, while Andebeek was not subject to discovery per agreement.[3]  Attached to the Declaration of Jacob A. Gillick as Exhibit B is a copy of Plaintiff Global Ventu Holding B.V.'s Response to Defendant/Cross-Complainant Tibrio, LLC's Request for Production Set Two dated September 10, 2020.  Here, Global Ventu agreed to produce, and subsequently did produce, communications with the former disgruntled CEO as requested.  No motion to compel has been filed on this discovery issue and the parties have not discussed a supplemental production.  Gillick Decl., ¶ 6.  Further, the dispute between Mr. Ogle and Cross-Complainants has been resolved and Mr. Ogle has agreed to produce documents in this matter if requested by subpoena.  Goss Decl., ¶ 3.

---

[2] This representation of a separate "business relationship" between Andebeek and Mr. Ogle raises the question of what business relationship him and Mr. Ogle have outside of Global Ventu considering Andebeek's own LinkedIn profile states that his only business is Global Ventu.  Declaration of Jacob A. Gillick, Esq., ¶ 7.

[3] Andebeek's motion concedes that "Tibrio's counsel agreed that any discovery directed personally to Mr. Andebeek would be stayed pending resolution of Mr. Andebeek's motion to dismiss."  Motion [Dkt. 77-1] p. 10:28-11:2.  The motions to dismiss were finally resolved on September 18, 2020, through this Court's order.

Andebeek's status as a party to this action was and is not necessary to discover the relationship between Global Ventu and Mr. Ogle.  Therefore, the entire theory that making allegations against Andebeek was done for the sole purpose of receiving improper discovery, fails.  Further, Andebeek's attempt to hide the conclusion of the discovery dispute is suspicious and seems to indicate his own bad-faith litigation tactics.

Finally, Mr. Greco, on behalf of Andebeek/Global Ventu, seems to argue that aggressive representation on behalf of Cross-Complainants' counsel somehow equates to bad faith.  Mr. Greco, Andebeek, and Global Ventu have gotten themselves into a difficult situation by filing/maintaining a meritless lawsuit and to date have been unable to identify what trade secret was misappropriated - because there has been none.  On the other hand, Cross-Complainants have documents and images which show misappropriation by Global Ventu, which is owned and operated solely by Andebeek.  Given the failure to prove subjective bad-faith, Cross-Complainants request that the motion for fees be denied.

### B.   The Claims were Not Objectively Specious

Andebeek argues that the alter-ego/conspiracy against him was brought without merit, i.e., objectively specious, because this Court found the alter-ego/conspiracy allegations insufficient.  Motion [Dkt. 77-1] p. 6:8-7:23.  If this were the standard, every single allegation dismissed pursuant to a motion would automatically be considered a bad-faith argument.  Objective speciousness may be show by, among other factors, demonstrating that there was no misappropriation or threatened misappropriation or that the opposing party could not have suffered any economic harm.  *Gabriel Techs. Corp. v. Qualcomm Inc.,* 2013 U.S. Dist. LEXIS 14105 at p. 25 (S.D. Cal. 2013).  To be objectively baseless, the "allegations must be such that no reasonable litigant could reasonably expect success on the merits." *Dominanant Semiconductors Sdn. Bhd. v. OSRAM HmbH,* 624 F.3d 1254, 1260 (Fed. Cir. 2008).  Not only were the misappropriation allegations found to be

sufficient, but Cross-Complainants have a good-faith belief that Andebeek is the alter-ego/co-conspirator of Global Ventu.

To date, Andebeek has not substantively opposed that assertion nor has he even filed a declaration to prove that he is not the alter-ego/co-conspirator of Global Ventu. Instead, the only argument he makes through his counsel is that because the alter-ego/conspiracy allegations against him were dismissed, they must have been brought in bad-faith. Cross-Complainants brought the allegations in good-faith and with the concern that in the event they receive an award against Global Ventu, Andebeek will simply shut down the company and re-start it under a new name to avoid liability.

Finally, and as described more fully below, Andebeek, through this motion, essentially admits to being the alter-ego of Global Ventu as he requests fees spent by Global Ventu for its own prosecution and defense.

### C.   **Andebeek's Request for Fees paid by Global Ventu is Grossly Improper**

Cross-Complainants have successfully defended their trade secret allegations against Global Ventu. [Dkt. 75.] However, Andebeek, personally, was dismissed on the basis of insufficient alter-ego/conspiracy allegations. *Ibid.* Therefore, pursuant to California Civil Code section 3426.1 and 18 U.S.C. section 1836 (b)(3)(D), which allows for a shift in fees for bringing a frivolous trade secret action, Andebeek argues that he, as an individual, is entitled to an award of over $80,000 in fees for things like, (1) discovery he personally did not have any involvement with, (2) motions to dismiss which he was not included in, (3) Global Ventu's opposition to Cross-Complainant's Motion for Leave to Amend, and (4) other items which were clearly outside of Andebeek's involvement as an individual described below.

/ / /

/ / /

i.   *Andebeek is Not Entitled to All Fees Paid for by Global Ventu for its Failures*

Andebeek argues that he is entitled to almost every dollar spent by Global Ventu throughout this litigation pursuant to *Calabrales v. County of Los Angeles,* 935 F.2d 1050, 1053 (9th Cir. 1991). Motion [Dkt. 77-1] p. 9:7-10. This is misplaced. In *Calabrales,* the plaintiff won a civil rights lawsuit brought under 42 U.S.C. section 1983 for the death of her son. *Id.* at. 1051. Following the favorable award, Plaintiff made a fees motion pursuant to 42 U.S.C. section 1988, which was granted. *Id.* The County then appealed the award, which was only partially successful. *Id.* at 1051-1052. Plaintiff was then awarded partial fees for her success in defending the appeals. *Id.* Plaintiff appealed that partial fee award as she believed she had a right to a full award. *Id.*

In conclusion, the court found that the plaintiff was not entitled to fees in connection with an unsuccessful opposition. *Id.* Further, the court found that, "a prevailing plaintiff was not entitled to compensation for attorney's fees for time expended unsuccessfully pursuing claims unrelated to those on which plaintiff ultimately prevails." *Id.* Here, Cross-Complainants were overtly successful in bringing trade secret allegations, but failed on alter-ego/conspiracy. Nonetheless, this case cited by Andebeek is directly contrary to his own contention that he is entitled to all fees, including those associated with a loss. "[P]laintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit. Thus, even if a specific claim fails, the time spent on the claim may be compensable, in full or in part, if it contributes to the success of other claims." *Id.*at 1052.

Global Ventu wholly lost their challenge to the trade secret misappropriation allegations. [Dkt. 75.] Therefore, in the event Andebeek was able to prove bad faith, he would be precluded from recovering all fees paid by Global Ventu in pursuing its failed Motions to Dismiss. Andebeek is essentially asking to be

awarded the fees spent by Global Ventu which resulted in an adverse ruling. Therefore, Cross-Complainants respectfully request that Andebeek's motion be denied.

    ii. *<u>Andebeek's Fee Requests for the Motions are Being Made in Bad Faith</u>*

According to Schedule 1 and Schedule 2 attached to the declaration of David Greco, Andebeek is requesting fees for a wide variety of legal services, even when they had nothing to do with himself on an individual basis. First, Andebeek appears to request fees for the very first Motion to Dismiss filed by Global Ventu despite having nothing to do with the Motion. [Dkt. 29, p. 1, fn.1.] Specifically, on the very first page of that Motion to Dismiss, Global Ventu stated that "Cross-Defendant Alex Andebeek was not a party to this case before the Cross-Complaint was filed. He has not been served, and this motion does not refer to him." *Id.*; Greco Decl., Attachment 1 [Dkt. 77-2.] Nonetheless, the first Motion to Dismiss was not heard because Cross-Complainants filed an Amended Cross-Complaint.

In the second Motion to Dismiss, on or around February 26, 2020, the substantive discussion regarding Andebeek was limited to a little over two and a half pages out of 14. [Dkt. 35, p. 5:8-7:16; 12:9-17.] The remainder of the discussion was for the unsuccessful attempts to have the trade secret allegations dismissed. On reply, filed on or around March 20, 2020, Mr. Andebeek was substantively discussed for two pages out of nine. [Dkt. 42, p. 2:10-3:21; 6:26-7:15.]

Finally, in the third Motion to Dismiss, a little less than three pages out of 20 was spent substantively defending Andebeek personally, and that includes a half-page chart simply comparing pleadings. [Dkt. 71-1 p. 7:7-10:2.] Finally, in the last reply, two pages were spent defending Andebeek on a personal level. [Dkt. 73, p. 3:17-5:13.]

///

In total, Andebeek was on defended for 9.5 pages out of over 50. Despite this very small fraction, Andebeek is requesting $27,199.50, which includes Global Ventu's unsuccessful attacks of the Cross-Claim. The fact that Andebeek has made no effort to narrow down the time actually spent on his personal defense is further indication that he is actually the alter-ego of Global Ventu and is making this motion in bad-faith.

### iii. *Andebeek Requests an Award for Fees Which have Nothing to do with Him*

Outside of the Motions to Dismiss described above where Andebeek requests $27,199.50, Andebeek argues that he is personally entitled to an award of fees spent by Global Ventu for the Motion to Amend the Cross-Claim to add Corey Oneal as Cross-Defendant ($16,467), discovery issues ($17,841), the ENE ($6,895.50), "general matter handling" ($7,157.50), and this motion for fees ($8,281.60). Motion [Dkt. 77-1] p. 10-12. After conducting a cursory review of the billing entries submitted, it is apparent that Andebeek is seeking to be awarded costs not at all associated with his own personal involvement.

For example, over $17,000 is requested for the time spent on Defendants' discovery responses despite Andebeek never propounding a single discovery request in an individual capacity. *See* Attachment 2 to the Declaration of David Greco. As described by Andebeek himself, "Tibrio's counsel agreed that any discovery directed personally to Mr. Andebeek would be stayed pending resolution of Mr. Andebeek's motion to dismiss." Motion [Dkt. 77-1] p. 10:28-11:2. Therefore, Andebeek's request that he be personally reimbursed for fees which he concedes did not involve him on a personal level should be denied.

With regards to the Opposition to Motion to Amend Cross-Complaint to Add Corey Oneal as a Cross-Defendant, there is not even an attempt at an explanation as to why Andebeek would have been involved in this motion in an individual capacity nor how it in any way relates to the alter-ego/conspiracy action brought

against him in allegedly "bad faith." Motion [Dkt. 77-1] p. 10:16-23. Given the inability to clearly describe the circumstances surrounding this motion or how this relates to Andebeek's dismissal of alter-ego/conspiracy allegations, Cross-Complainants request that the motion for fees be denied.

Third, the "general matter handling" entries are not sufficiently clear as to what task is actually being performed or how it relates in any way to the allegations against Andebeek in his individual capacity.

It should also be noted that the only person RMO has communicated with, according to the records, is Andebeek and no declaration has been submitted by Andebeek, on behalf of Global Ventu or himself, that he has actually paid the fees requested. *See* Attachment 1 to Greco Decl. [Dkt. 77-2]. Overall, it appears that Andebeek is personally requesting an award of all of the fees possibly paid by Global Ventu because there is no difference between Global Ventu and Andebeek.

Nonetheless, the request for fees should be denied on the basis that Andebeek has made no reasonable effort to identify which costs are directly related to himself in an individual capacity and actually recoverable under relevant law, including California Civil Code section 3426.4 and 18 U.S.C. section 1836 (b)(3)(D).

### D. The Rates Requested Are Improper and Unsupported

#### i. *The Fee Request is Unsupported*

Jessica Covington (JCC) and Gabriel Henriquez (GH), whose fees are requested, have not submitted any declaration nor has any attorney taken full responsibility for the accuracy of their billing records. Mr. Muntz's declaration simply discusses how long the attorneys worked at RMO and where they graduated from, but nothing else. [Dkt. 77-4.] Mr. Greco simply says he "reviewed the billings." Greco Decl., ¶ 10 [Dkt. 77-2]. Finally, no declaration has been submitted by Andebeek regarding payment of any of these fees. Therefore, Cross-Defendants request that the motion for fees be denied.

///

### ii. *Mr. Greco's rate is Unreasonable*

Andebeek/Global Ventu's counsel, Mr. Greco, attempts to paint himself as an attorney who commands a premium fee of $455 an hour in a corporate misappropriation case. However, Mr. Greco is not a corporate litigator and therefore awarding a premium fee of $455 is improper.

According to Mr. Greco's webpage at RMOlawyers.com, "David is an attorney in the San Diego office of RMO LLP, which he helped launch. He represents beneficiaries, as well as professional and corporate fudiciaries - *e.g.* administrators, executors, trustees, conservators, and guardians - in contested trust, estate and probate litigation matters, as well as related estate administration issues. He also represents special needs/disabled students in special education, civil rights, and child abuse matters." This is directly contrary to Mr. Greco's declaration which states that he is involved in "business litigation." Greco Decl. [Dkt. 77-2], ¶ 7(a).)

Defendants' counsel has great respect for Mr. Greco and does consider him a competent attorney. However, commanding a premium fee in a field he does not practice is improper.

## V.
## CONCLUSION

Andebeek's brazen motion for fees should be denied on all of the grounds described above. Mainly, there was no bad-faith, Andebeek is requesting fees unrelated to his involvement in the matter, and the fees are insufficiently described and verified. This motion is only worth one thing, proof that Andebeek is actually the alter-ego of Global Ventu as he makes no effort to differentiate legal fees spent by Global Ventu in this action and his own personal involvement. That is because they are one in the same. Therefore, based on all of the grounds stated above, Cross-Complainants respectfully request that Andebeek's motion be denied, that it

be found to have been filed in bad-faith, and a finding be made that there is now sufficient evidence to make alter-ego allegations against Andebeek.

**MORRIS LAW FIRM, APC**

Dated:  October 30, 2020

*s/ Jacob A. Gillick*
Christopher S. Morris
cmorris@morrislawfirmapc.com
Jacob A. Gillick, Esq.
jgillick@morrislawfirmapc.com
Attorneys for Defendants Zeetogroup, LLC, Samples.com, LLC, and Tibrio, LL