UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL VENTU HOLDING B.V.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>　　　　　　　　　　　Defendants. | Case No.:  19cv1018 DMS (DEB)<br><br>**ORDER DENYING ALEX ANDEBEEK'S MOTION FOR ATTORNEYS' FEES** |
| ZEETOGROUP, LLC, SAMPLES.COM, LLC, AND TIBRIO, LLC,<br><br>　　　　　　　　　　　Cross Claimants,<br><br>v.<br><br>GLOBAL VENTU HOLDING B.V., ALEX ANDEBEEK, an individual, and ROES 1 through 50, inclusive,<br><br>　　　　　　　　　　　Cross Defendants. | |

This case comes before the Court on Alex Andebeek's motion for attorneys' fees. Zeetogroup, LLC, Samples.com, LLC and Tibrio, LLC filed an opposition to the motion, and Andebeek filed a reply. For the reasons discussed below, the motion is denied.[1]

## I.

## DISCUSSION

Andebeek moves for attorneys' fees under the federal and state trade secret statutes, specifically the Defend Trade Secrets Act and California's Uniform Trade Secrets Act ("CUTSA").[2] To prevail on this request, Andebeek must show Tibrio's trade secret misappropriation claims were "made in bad faith[.]" Cal. Civ. Code § 3426.4. "The CUTSA does not define bad faith." *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*, 399 F.Supp.2d 1064, 1080 (N.D. Cal. 2005). However, "it is generally recognized that the purpose of the statute is to deter specious misappropriation actions." *Id.* "Objective speciousness exists where the action superficially appears to have merit but there is a complete lack of evidence to support the claim." *SASCO v. Rosendin Elec., Inc.*, 207 Cal. App. 4th 837, 845 (2012) (quoting *FLIR Systems, Inc. v. Parrish*, 174 Cal. App. 4th 1270, 1276 (2009)). In addition, the party requesting fees under the CUTSA must show the losing party acted with "subjective bad faith in bringing or maintaining the action, *i.e.*, [that the losing party brought the claim] for an improper purpose." *FLIR*, 174 Cal. App. 4th at 1275.

Andebeek argues both of these elements are met here, but the Court disagrees. Although the Court dismissed Tibrio's claims against Mr. Andebeek, the basis of that dismissal was Tibrio's failure to plead sufficient facts to support its alter ego and

---

[1] In its opposition to the motion, Tibrio requests not only that the Court deny Andebeek's motion, but that it also find Andebeek's motion was brought in bad faith and that Andebeek's motion "is evidence of an alter-ego relationship with Global Ventu." (Opp'n at 6.) The Court declines to address the latter two requests as they were not properly noticed, and are inappropriate for resolution as part of the present motion.

[2] Andebeek admits the standards under the federal and state statutes are the same. Therefore, the Court will proceed under the California standard.

conspiracy theories of liability. The claims themselves were not dismissed and remain pending against Global Ventu, a company in which Andebeek is alleged to be the sole owner and employee. Contrary to Andebeek's argument, Tibrio's failure to allege sufficient facts to support the alter ego and conspiracy theories does not show Tibrio's claims, themselves, were specious.

In addition, Andebeek has failed to establish that Tibrio brought its claims in bad faith. The Court is not persuaded that the email Andebeek relies on ("whatever it takes" to get the information "no matter the cost") demonstrates bad faith conduct on the part of Tibrio's counsel. While the tone is unfortunate, the email does not establish Tibrio was motivated by vindication or other improper purpose rather than the merits of its claims against Andebeek. Andebeek is not entitled to attorneys' fees under the statutes.

## II.
## CONCLUSION

For these reasons, the Court denies Andebeek's motion for attorneys' fees.

**IT IS SO ORDERED**.

Dated: November 24, 2020

Hon. Dana M. Sabraw
United States District Judge